RAPAPORT LAW FIRM, PLLC
Marc A. Rapaport
One Penn Plaza
250 West 34th Street, Suite 2430
New York, NY 10119
Telephone: (212) 382-1600
mrapaport@rapaportlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
USVALDO CONTRERA and FRANCISCO LOPEZ
individually, and on behalf of all others
similarly situated,

**CLASS ACTION COMPLAINT**

Plaintiffs,

IRVING LANGER, LEIBEL LEDERMAN, ARYEH
Z. GINZBERG, MEYER BRECHER, E&M BRONX
ASSOCIATES LLC a/k/a E&M ASSOCIATES and
a/k/a E&M Holdings, E&M ASSOCIATES LLC,
E&M HARLEM HOLDINGS LLC, E&M HARLEM
EQUITIES LLC, E&M LAFAYETTE PORTFOLIO
LLC, E&M LAFATEYETTE OWNER LLC,
RAINBOW ESTATES LLC, MANHATTANVILLE
HOLDINGS LLC, GALIL REALTY LLC, GALIL
MANAGEMENT LLC, E&M 116TH STREET LLC,
E&M 3600 BROADWAY LLC, E&M 48-53 LLC,
E&M ACP PORTFOLIO LLC, E&M DUNBAR
LLC, GALIL 102 CONVENT LLC, GALIL 102
CONVENT OWNER LLC, GALIL 3621 OWNER
LLC, GALIL 519 POTFOLIO LLC, GALIL 519
PORTFOLIO OWNER LLC, GALIL SULLIVAN
LLC, 102 CONVENT OWNER LLC, 105-109 WEST
113 LLC, 107 WEST 113 LLC, 1070 OGDEN LLC,
109 WEST 113 LLC, 11 WEST 172 STREET
OWNER LLC, 110 WEST 116TH LLC, 113-115
WEST 113 LLC, 115 WEST 113 LLC, 117-129
WEST 116 LLC, 120-129 WEST 112 LLC, 124
WEST 112 STREET LLC, 126 WEST 112 LLC, 131-
133 WEST 112 LLC, 133 WEST 112 STREET LLC,
133-135 WEST 116 LLC, 138 WEST 112 STREET
LLC, 141 WEST 113 LLC,  141 WEST 116 LLC,
141-143 WEST 113 LLC, 143 WEST 111 STREET
LLC, 143 WEST 113 STREET LLC, 145-153
EDGECOMBE HOLDINGS LLC, 146 WEST 111
STREET LLC, 151 WEST 228 ST OWNER LLC,
153 LENOX HOLDING LLC, 159 W 228 ST
OWNER LLC, 161-171 MORNINGSIDE LLC, 1631
GRAND AVE OWNER LLC, 164-172 WEST 141

1

HOLDINGS LLC, 17-25 ST NICHOLAS LLC, 1728-1730 AMSTERDAM AVENUE LLC, 1786 TOPPING AVE OWNER LLC, 1829-1835 7 LLC, 2006 ACP BLVD PORTFOLIO LLC, 2059 8 LLC, 2076-78 CRESTON AVE OWNER LLC, 2238 MORRIS AVE OWNER LLC, 226 W TREMONT AVE OWNER LLC, 2291 UNIVERSITY AVE OWNER LLC, 230 WEST 116 LLC, 2322 GRAND AVE OWNER LLC, 239 WEST 116 LLC, 241 WEST 113 LLC, 243 WEST 116 LLC, 247-253 WEST 116 LLC, 255 WEST 116 LLC, 2755-61 SEDGWICK AVE OWNER LLC, 2925 GRAND CONCOURSE OWNER LLC, 2933 GRAND CONCOURSE OWNER LLC, 2968 PERRY AVE OWNER LLC, 300 WEST 114-2107 8 LLC, 301 WEST 111-2051 8 LLC, 302 WEST 112 STREET LLC, 303 WEST 111 LLC, 303-309 WEST 113 LLC, 305 WEST 111 LLC, 305-309 WEST 113 LLC, 306-310 WEST 112 LLC, 307 WEST 113 LLC, 310 WEST 112TH STREET LLC, 311 WEST 111 STREET LLC, 337 WEST 138 HOLDINGS LLC, 345 MANHATTAN HOLDINGS LLC, 35 MORNINGSIDE HOLDINGS LLC, 350 WEST 115 LLC, 370-372 WEST 127 LLC, 373 WEST 126 LLC, 376 WEST 127 LLC, 41 W 184 ST OWNER LLC, 510 WEST 146 LLC, 521-523 W 156 ST OWNERS LLC, 557-561 WEST 149 HOLDINGS LLC, 6 MORNINGSIDE LLC, 609-619 WEST 135 STREET OWNER LLC, 610-620 WEST 141 HOLDINGS LLC, 617 WEST 143 HOLDINGS LLC, 638 WEST 160 HOLDINGS LLC, 655 WEST 160 HOLDINGS LLC, 65-67 LENOX LLC, 67 LENOX LLC, 707 ST NICHOLAS LLC, ACP BLVD PORTFOLIO LLC, AUDOBON 550 W 171 PORTFOLIO LLC, AVENUE W EQUITIES LLC, DDEH 319 E 115 LLC, E&M ASSOCIATES I, LLC, MANHATTAN VALLEY WEST LLC, NEIGHBORHOOD STABILIZATION ASSOCIATES I, L.P., NEIGHBORHOOD STABILIZATION ASSOCIATES II. L.P., NSA ASSOCIATES I, NSA ASSOCIATES II, SARASOTA GOLD LLC, SIXTH AVENUE I ASSOCIATES, SIXTH AVENUE REHAB I ASSOCIATES, SUNSET PARK HOUSING ASSOCIATES, SUNSET PARK NSA I, SUNSET PARK N S A II, SUNSET PARK NSA 11, SUNSET PARK NSA 2, SUNSET PARK NSA II, 260 ELIZABETH STREET LLC, 262 ELIZABETH PORTFOLIO LLC, 264 ELIZABETH STREET PORTFOLIO LLC, 266 ELIZABETH STREET PORTFOLIO LLC, 268 ELIZABETH STREET

PORTFOLIO LLC, 11-15 BROADWAY OWNER LLC, 30-50 21ST STREET OWNER LLC, 271 E 197 ST OWNER LLC, 750-760 PELHAM PKWY OWNER LLC, 124 E 177 ST OWNER LLC, 3472 KNOX PLACE OWNER LLC, 2320 AQUEDUCT AVE OWNER LLC, 1160 CROMWELL AVE OWNER LLC, 3940 BRONX BLVD OWNER LLC, 1881 GRAND CONCOURSE REALTY LLC, 3136 PERRY AVE OWNER LLC, 155 W 162 STREET LLC, 1014 GERARD AVE OWNER LLC, 1475 SHERIDAN AVE OWNER LLC, 320 E 197 ST OWNER LLC, 131 W KINGSBRIDGE OWNER LLC, 2701 WEBB AVE OWNER LLC, 751 GERARD AVE OWNER LLC, 2055 ANTHONY AVE OWNER LLC, 975 WALTON AVE OWNER LLC, 1212 GRAND CONCOURSE OWNER LLC, 1530 SHERIDAN AVE OWNER LLC, 323 E MOSHOLU PKWY OWNER LLC, 161-165 E 179 ST OWNER LLC, 2215 PROPERTIES LLC, DDEH 103 E 102 LLC, DDEH 112 E 103 LLC, DDEH 102 E 103 LLC, DDEH 122 E 103ST LLC, DDEH 124 E117 LLC, DDEH 126 E 103ST LLC, 124 E. 117 LLC, DDEH 137 E. 110 LLC, DDEH 154 E. 106 LLC, DDEH 1567 LEXINGTON LLC, DDEH 238 E 111 LLC, DDEH 215 E 117 LLC, DDEH 2156 SECOND LLC, DDEH 216 E 118 LLC, DDEH 2171 THIRD LLC, DDEH 291 PLEASANT LLC, DDEH 231 E 117 LLC, DDEH 233 E 111 STREET LLC, DDEH 234 E 116ST LLC, DDEH 235 E 111ST LLC, DDEH 234 E116 LLC, DDEH 2371 SECOND LLC, DDEH 244 E 117 LLC, DDEH 311 E. 109 LLC, DDEH 312 E 106 LLC, DDEH 411 E 114 LLC, DDEH 411 E118LLC, DDEH 417E 114ST LLC, DDEH 421 EAST 114TH ST LLC, 131 -133 WEST 112 STREET LLC, 124 WEST 112 STREET LLC, 117 WEST 141 LLC, 127 WEST 141 LLC, 137 WEST 141 LLC, and 3030 VALENTINE AVE OWNER LLC.

Defendants.



Representative Plaintiffs USVALDO CONTRERA ("Contrera") and FRANCISCO LOPEZ ("Lopez") (collectively, the "Representative Plaintiffs"), individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves

and upon information and belief as to other matters, by their attorneys, RAPAPORT LAW FIRM, PLLC, as and for their Complaint, allege:

## PRELIMINARY STATEMENT

1.  Through an intentional pattern and practice of denying building superintendents the compensation to which they were entitled, in order to minimize their labor costs, Defendants have successfully purchased building after building with the wages that they have illegally denied their superintendents.  This lawsuit seeks to recover those wages: minimum wages, overtime compensation, and unlawful wage deductions.

2.  The Representative Plaintiffs bring this action on behalf of themselves and all other persons similarly situated (hereinafter referred to as the "Class Members," the "Plaintiff Classes" and/or, more specifically, the "FLSA Class" and/or the "New York Class") who are, and/or who have been, employed by the Defendants as superintendents and porters (hereinafter collectively referred to as the "Superintendents") at approximately 262 apartment buildings (the "Buildings") throughout New York City that were owned and controlled by the Defendants as a unified enterprise within the applicable statutory periods.

3.  This is a class/collective action, seeking unpaid wages, including minimum wage and unpaid overtime compensation and interest thereon, reimbursement for unlawful deductions, liquidated damages and other penalties, injunctive and other equitable relief and reasonable attorneys' fees and costs, under, *inter alia*, the Fair Labor Standards Act ("FLSA") §§ 6 and 7, 29 U.S.C. §§ 206 and 207. This action also seeks compensatory damages and injunctive relief for retaliation in violation of FLSA § 15, 29 U.S.C. § 215.

4.  This action further invokes diversity jurisdiction and the supplemental jurisdiction of this Court to consider claims arising under New York Labor Law ("NYLL") (*e.g.*, New York Wage Payment Act; NY Labor Law §§ 191, 193, and 195; 12 N.Y.C.R.R. Part 141-1.9 and 2.10, and Part 142; and NY Labor Law § 215).

5.     Throughout the Plaintiffs' employment, as described below, Defendants required Plaintiffs to work, and Plaintiffs did in fact work, an average of 80 hours per week and to be on-call at all hours of the day and night.  Defendants, however, completely failed to pay Plaintiffs for any hours that they worked in excess of forty each week at any rate of pay, let alone at the minimum wage rate of pay or their overtime rates of pay.  Additionally, Defendants failed to provide Plaintiffs with proper, accurate wage statements on each payday or with proper wage notices as the NYLL requires.

6.     At all relevant times, Defendants were and still are a centrally managed real estate enterprise (hereinafter the "E&M Enterprise") that was founded by Irving Langer ("Langer") in or about 1979, and that, upon information and belief, owned, controlled, and managed (and it continues to own, control, and manage) more than 3,000 rental apartment units located in multiple family apartment buildings situated primarily in lower-income neighborhoods in the Bronx, Brooklyn, Queens, and Upper Manhattan.

7.     At all relevant times, the E&M Enterprise had a principal place of business at 1465A Flatbush Ave, Brooklyn, NY 11210 (hereinafter the "Flatbush Office"), from which it owned, operated and managed approximately 262 buildings under the same policies regarding the payment of wages to building maintenance employees.  In addition, the E&M Enterprise maintained a management office, which handled day-to-day rental, financial and tenant issues, at 975 Walton Avenue, Bronx, NY 10452 (the "Walton Avenue Office").

8.     From its Flatbush Office, the E&M Enterprise controls hundreds of apartment buildings through its wholly-owned and/or controlled entities, including, *inter alia*, E&M Bronx Associates (hereinafter "E&M Bronx"), E&M Associates, Galil Management LLC and Galil Realty LLC (Galil Management and Galil Realty are interchangeably referred to herein as "Galil").  Title to each of the E&M Enterprise's Buildings is held in the name of a limited

liability company (collectively, the "Title-Holding Entities"), each of which is also owned and/or controlled by the E&M Enterprise and is a component of the E&M Enterprise.

9.     Certain of the E&M Enterprise's management functions – particularly involving management of the E&M Enterprise's apartment buildings in and around Bronx County – were also carried out from the Walton Avenue Office.

10.     At all relevant times, individual defendants Langer, Leibel Lederman ("Lederman"), Aryeh Ginzberg ("Ginzberg") and Meyer Brecher ("Brecher") ran the E&M Enterprise. The individual defendants carried out their unified policies and management of the E&M Enterprise through a hierarchy consisting of limited liability companies, each of which is owned and controlled by the enterprise. This hierarchy includes:

(a) Entities that the individual defendants use as vehicles for multi-million dollar transactions to acquire and sell blocks of buildings ("Investment Entities");

(b) Management companies, including E&M Bronx, E&M Associates, and Galil, which manage the buildings ("Management Entities") (in their legal filings with the City and State of New York, these entities identify either the Flatbush Office or the Walton Avenue Office as their principal places of business); and

(c) The Title-Holding Entities.

11.     The Investment Entities, Management Entities, and Title-Holding Entities constitute a centrally controlled and managed real estate enterprise that is owned and operated by the individual defendants.

12.     By operating as a unified enterprise, the E&M Enterprise achieves benefits, such as cross-collateralization of the Buildings to generate capital and thereby further expand the size, scope and capital of the enterprise. Langer describes this deeply-intertwined ownership structure as a "real estate syndication business." By operating in a unified manner, the E&M Enterprise is able to obtain funding based on aggregating groups of buildings as collateral.

13.     The E&M Enterprise has applied the same employment practices, policies and procedures to Superintendents of the Buildings, including, *inter alia*, the E&M Enterprise's

practice, policy and procedure of failing to compensate Superintendents for hours worked beyond 40 per workweek.

14.     Upon information and belief, the E&M Enterprise employed at least two hundred sixty-five (265) individuals who have claims that involve identical legal issues and virtually identical facts as the Representative Plaintiffs.  The Buildings that are currently known to be managed, owned, and/or controlled by the E&M Enterprise during the periods of time within the FLSA Class period and New York Class period are listed in **Schedule A** hereto.

15.     The FLSA Class period is designated as the time from May 20, 2013 through the trial date, based upon the allegation that the violations of the FLSA, as described more fully below, have been willful and ongoing since at least the foregoing dates.

16.     The New York Class period is designated as the time from May 20, 2010 through the trial date, based upon the allegation that the violations of New York's wage and hour laws, as described more fully below, have been ongoing since that time.

17.     During the FLSA Class period, the E&M Enterprise had unlawful policies of encouraging and/or requiring the superintendents and porters of the Buildings, including Representative Plaintiffs and members of the FLSA Class, to work in excess of forty (40) hours per week, at rates of pay substantially and unconscionably below minimum wage, and without paying them overtime compensation as required by the FLSA.

18.     Although the Superintendents were required to remain on call at their respective Buildings from early morning through late at night and to perform tasks such as snow removal and fixing leaking pipes, regardless of the time of day or night, and/or day of the week when such work was needed, the Superintendents were paid fixed sums (typically far below federal minimum wage), and they were not paid overtime compensation despite working substantially more than 40 hours per workweek in violation of the FLSA.

19.    Furthermore, during the New York Class period, the E&M Enterprise had an unlawful policy and practice of requiring unlawful deductions from wages, including:

(a) Defendants unlawfully required Superintendents and Porters to pay for tools used solely for the benefit of the Defendants, in violation of Section 141-1.9 of the Rules promulgated by the New York State Department of Labor for the building service industry.  12 N.Y.C.R.R. § 141-1.9.

(b) Defendants unlawfully required Superintendents to pay for replacement workers to perform their jobs as a condition for taking time off for vacation.

(c) Defendants unlawfully required Superintendents to pay for all and/or a substantial portion of work-related transportation expenses in violation of Section 141-2.10 of regulations promulgated by the New York State Department of Labor for the building service industry.  12 N.Y.C.R.R. § 2.10(a).

20.    In addition, during the New York Class Period, the E&M Enterprise had an unlawful policy and practice of noncompliance with NYLL §195(3) by failing to issue wage statements to employees that correctly identified the name of the employer; address of employer; rates of pay or basis thereof; regular hourly rate; and number of overtime hours worked. Defendants had a pattern, policy and practice of violating NYLL §195(3) by issuing pay statements that contained none of the foregoing information and, instead, merely set forth the name (without any contact or other information) of an entity (StaffPro, Inc.) that was not an employer.  Contrera, Lopez and putative members of the New York Class are entitled to statutory damages for the foregoing violations, including Two Hundred Fifty ($250.00) Dollars per work day that the violations occurred up to Five Thousand ($5,000.00) Dollars, together with costs and reasonable attorney's fees.  As set forth below, this Complaint also seeks a judicial declaration that the E&M Enterprise violated the wage statements requirements of NYLL §195(3) and an injunction requiring the E&M Enterprise to comply with the mandates of the statute.

21.    In addition, during the New York Class Period, the E&M Enterprise had an unlawful policy and practice of failing to comply with NYLL §195(1) by failing to provide to employees, upon hiring, a written notice in English and the employee's primary language setting

forth the employee's rates of pay and basis thereof; the name of the employer; physical address of the employer's business; names used by the employer; and other legally-mandated disclosures. The E&M Enterprise willful violations of these legal requirements were particularly egregious and prejudicial because the paychecks issued by the E&M Enterprise also failed to disclose the name of the employer, and given the myriad interwoven web of entities under which the E&M Enterprise conducts business, there was no reliable way for any of the New York Class Members to identify, with any degree of certainty, the particular E&M Enterprise constituent entity that was issuing their pay and/or legally had the status of employer. In fact, as alleged below, the E&M Enterprise, and its hundreds of constituent limited liability companies, functioned as a single, unified business.

22.     Contrera, Lopez and the putative members of the New York Class are each entitled to damages for the E&M Enterprise's violation of NYLL §195(1), including: (a) for the time period commencing six years before the filing of this Complaint, through February 27, 2015, the sum $50 per work week, up to $2,500; and (b) from February 27, 2015 through the resolution of this case, $50.00 per work day, up to $5,000.00. Plaintiffs also seek injunctive and declaratory relief and costs and attorney's fees.

23.     The Superintendents and Porters, who were (and are) largely non-English speaking immigrants with little or no familiarity with the American legal system, were compelled by the E&M Enterprise to endure such deductions as a condition of their employment.

24.     Defendants' unlawful policies, patterns, and practices have been willful.

### JURISDICTION AND VENUE

25.     Subject matter jurisdiction exists pursuant to 28 U.S.C. §§ 1331 and 1137 because this case arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. The Court has supplemental jurisdiction over the New York State law claims pursuant to 28 U.S.C. §1367.

26.     Venue is appropriate in this district pursuant to 28 U.S.C. §1391 because Defendants transact business and have agents in the Southern District and this is the judicial district in which the events giving rise to the claims occurred.  Defendants have facilities and employ Class Members in this district, including, *inter alia*, Defendants' employment of superintendents at hundreds of apartment buildings in Manhattan and the Bronx.

27.     This Court has personal jurisdiction over the Defendants pursuant to New York Civil Practice Law and Rules § 301 in that, *inter alia*, Defendants reside and/or transact business within this State, employed Plaintiffs within the State of New York, and otherwise engaged in conduct that allows for the exercise of jurisdiction as permitted by the Constitution of the United States and the laws of the State of New York, and accordingly may be served with process pursuant to Fed. R. Civ. P. 4(h)(1).

## THE PARTIES

**Plaintiffs**

### *Usvaldo Contrera*

28.     Usvaldo Contrera is an adult, natural person who resides in the City of New York, County of Bronx, and State of New York.

29.     Contrera worked as superintendent at 655 West 160th Street, New York, NY 10032 ("655 West 160th") from in or about 2005 through on or about July 1, 2015.

30.     On or about November 14, 2013, the E&M Enterprise became Contrera's employer when it acquired ownership and control of approximately 78 buildings in Upper Manhattan, including 655 West 160th.

31.     The E&M Enterprise continued to be Contrera's employer until on or about July 1, 2015, when Contrera's employment was terminated.

32.     Contrera was required, as a condition of his employment, to remain on-call at 655 West 160th at virtually all times, and his work week would typically exceed 80 hours.

33.   As set forth in more detail below, Contrera was repeatedly and pervasively paid substandard wages insofar as he was: (a) denied full pay for all hours worked; (b) denied overtime compensation despite working substantially more than 40 hours per workweek; and (c) subjected to unlawful wage deductions, including being required to pay for work-related expenses out of his own wages without reimbursement.

34.   The E&M Enterprise unlawfully paid Contrera a fixed sum of $400.00 per week without any compensation for overtime.  In light of the hours that Contrera worked each week, his pay was substantially below minimum wage.

35.   Contrera is a covered employee within the meaning of the FLSA and NYLL.

*Francisco Lopez*

36.   Francisco Lopez is an adult individual who is a resident of the City, County, and State of New York.

37.   Lopez worked as superintendent at the E&M Enterprise's Building, 638 West 160th Street, New York, NY 10032 ("638 West 160th"), from in or about March 1995, through on or about April 30, 2014.

38.   On or about November 14, 2013, the E&M Enterprise became Lopez' employer when it acquired ownership of 638 West 160th.

39.   The E&M Enterprise continued to be Lopez' employer until on or about April 30, 2014, when Lopez' employment was terminated.

40.   As a condition of Lopez' employment, he was required to remain on-call at 638 West 160th at all hours of the day and night, and his work week would exceed 80 hours.

41.   As alleged in further detail below, Lopez was pervasively paid substandard wages insofar as he was: (a) denied full pay for all hours worked; (b) not paid overtime compensation despite working substantially more than 40 hours per workweek in violation of the FLSA; and (c) subjected to unlawful wage deductions by virtue of his having to pay work-related expenses

out of his own wages, including expenses for tools, work-related transportation, and the cost of having a substitute worker fill in for him when he took time off for vacations.

42.     Despite Lopez's arduous work requiring his presence at the building seven days per week, he was paid a fixed sum of $275.00 per week, which was substantially below minimum wage.  While he was employed by the E&M Enterprise, his weekly net pay was $238.83 – an amount that is significantly below what is needed to subsist in New York City.

43.      Lopez received no compensation at all for the substantial overtime that was required of him.

44.     Lopez is a covered employee within the meaning of the FLSA and NYLL.

 **Defendants**

   _Irving Langer_

45.     Langer is an individual who, upon information and belief, resides in Lawrence, Nassau County, New York.

46.     Upon information and belief, Langer maintains a principal place of business at the Flatbush Office.

47.     Upon information and belief, at all relevant times, Langer was (and continues to be) the most senior executive in multiple entities that comprise the E&M Enterprise and through which the E&M Enterprise invests in, owns and controls the Buildings.

48.     During the time periods relevant to the allegations in this Complaint, Langer has served as managing member and/or senior executive of E&M Associates LLC; E&M Bronx Associates; Rainbow Estates Group; LIA MM LLC; Zaidys Manhattanville LLC; AZGII Manhattanville LLC; and Galil.

49.     Langer has touted the large scale of the real estate enterprise that he has created and controls.  On the website for "Gulliver's Gate," of which Langer is Chairman of the Board, Langer's biography states, in relevant part:

12

He has built up a vast real estate portfolio owning and managing 25,000 apartments in the New York City area and beyond comprising over 10 Million square feet.

(http://gulliversgate.com/about-us/ (accessed on May 17, 2016)).

50.     According to E&M Associates' website, "E&M Associates is a privately-held, vertically-integrated real estate company that acquires, owns and manages over 3000 apartments in the New York metropolitan area."  http://emmgmt.com/ (accessed on May 18, 2016).

51.     Langer exercised sufficient control over the E&M Enterprise to be considered the Plaintiffs' employer under the FLSA and NYLL.  Additionally, upon information and belief, Langer is liable for the wages of Plaintiffs and those similarly situated under New York Business Corporation Law § 630 and New York Limited Liability Company Law § 609(c).

*Leibel Lederman*

52.     Lederman is an individual who, upon information and belief, resides in Brooklyn, New York, and he has a business address at the Flatbush Office.

53.     Upon information and belief, Lederman is a Partner of E&M Associates.

54.     Upon information and belief, Lederman is a Founder, Partner, and/or Member of Rainbow Estates Group.

55.     Upon information and belief, Lederman is part of the "Leadership Team" of E&M Associates.

56.     Upon information and belief, Lederman was (and still is) Managing Member and/or Executive Officer of entities comprising the E&M Enterprise during the Class Periods.

57.     Upon information and belief, in addition to Lederman's role as Partner and Manager of E&M Associates, Lederman also has a personal ownership interest in the E&M Enterprise's Buildings, including, but not limited to, the two buildings where the Representative Plaintiffs were employed as superintendents.

13

58.     Upon information and belief, as a member of E&M Associates' "Leadership Team," Lederman had (and continues to have) managerial and operational control over the E&M Enterprise's financial affairs and personnel policies, including, but not limited to, matters and policies pertaining to compensation of the E&M Enterprise's employees and overtime policies.

59.     Upon information and belief, Lederman served as authorized signatory of legal documents by which the E&M Enterprise effectuated transactions and legal transfers and encumbrances, including but not limited to loan and cross-collateralization documents.

60.     Lederman exercised sufficient control over the E&M Enterprise's operations to be considered Plaintiffs' employer under the FLSA and NYLL.  Additionally, upon information and belief, Lederman is liable for the wages of Plaintiffs and those similarly situated under New York Business Corporation Law § 630 and New York Limited Liability Company Law § 609(c).

*Aryeh Z. Ginzberg*

61.     Upon information and belief, Ginzberg is an individual who resides in Cedarhurst, Nassau County, New York.

62.     Upon information and belief, Ginzberg is part of the "Leadership Team" of E&M Associates, and in such capacity, he makes decisions and sets policies regarding financial matters, including, *inter alia*, the E&M Enterprise's wage policies relating to building superintendents.

63.     Upon information and belief, Ginzberg is Managing Member and/or Member of entities that hold title to Buildings and/or entities that are the sole members of the Title-Holding Entities.

64.     Upon information and belief, Ginzberg's executive positions include his role as Managing Member of AZG Manhattanville LLC and Member of LIA MM LLC, which, upon information and belief, are entities by which the E&M Enterprise owns and controls buildings in Upper Manhattan.

14

65.     At all relevant times, Ginzberg was a member of Galil.

66.     At all relevant times, Ginzberg was Senior Vice President of E&M Associates.

67.     At all relevant times, Ginzberg exercised managerial functions for the E&M Enterprise from the Flatbush Office and/or the Walton Avenue Office.

68.     Upon information and belief, Ginzberg has personal direct and/or indirect ownership interest in at least 30 limited liability companies that are controlled by the E&M Enterprise and exercises operational control over those entities and with respect to the E&M Enterprise as a whole.

69.     Ginzberg exercised sufficient control over the E&M Enterprise's operations to be considered Plaintiffs' employer under the FLSA and NYLL.  Additionally, upon information and belief, Ginzberg is liable for the wages of Plaintiffs and those similarly situated under New York Business Corporation Law § 630 and New York Limited Liability Company Law § 609(c).

*Meyer Brecher*

70.     Upon information and belief, Meyer Brecher ("Brecher") is an individual who resides in Lawrence, Nassau County, New York.

71.     Upon information and belief, Brecher is a member of the E&M Enterprise's "Leadership Team" and holds the position of Director of Property Management Services.

72.     Upon information and belief, Brecher oversees the day-to-day operations of the Buildings, including, but not limited to, implementation of the E&M Enterprise's unlawful policy and practice of denying superintendents overtime and minimum wages and requiring superintendents to pay for work-related expenses from their own paychecks without reimbursement.

73.     Brecher exercised sufficient control over the E&M Enterprise's operations to be considered Plaintiffs' employer under the FLSA and NYLL.  Additionally, upon information and

belief, Brecher is liable for the wages of Plaintiffs and those similarly situated under New York

Business Corporation Law § 630 and New York Limited Liability Company Law § 609(c).

**The Defendant LLCs and Partnerships that are under the Common Control of the E&M Enterprise**

74.     The individual defendants – Langer, Lederman, Ginzberg and Brecher – exercise

unified ownership, management and control over the Investment Entities, Management Entities,

and Title-Holding Entities (collectively referred herein as the "Corporate Defendants"), which

jointly comprise the E&M Enterprise, which, in turn, are operated for the common purpose of

acquiring and maximizing cash flow, operating income, and value from the Buildings.

75.     The Corporate Defendants are vertically integrated.  Collectively, the Corporate

Defendants constitute what the individual defendants refer to as a "real estate syndicate" that

functions as a single enterprise with unified management and personnel policies.

76.     Defendant E&M Bronx Associates LLC a/k/a/ E& M Associates and a/k/a E&M

Holdings ("E&M Bronx") was and still is a limited liability company organized and existing

pursuant to the laws of the State of New York.  At all relevant times, E&M Bronx conducted

business at the Flatbush Office.

77.     E&M Bronx was established by (and continues to be controlled by) the E&M

Enterprise to serve as managing agent for the Buildings, including the buildings where Lopez

and Contrera worked.

78.     Defendant E&M Associates LLC ("E&M Associates") was and still is a limited

liability company organized and existing pursuant to the laws of the State of New York.

79.     Upon information and belief, Defendants have used the names E&M Associates,

E&M Bronx, and Galil interchangeably to refer to the E&M Enterprise.  In addition, E&M

Associates, E&M Bronx and Galil also serve as the E&M Enterprise's officially-designated

managing agents for the Buildings, as reflected in the E&M Enterprise's filings with the New York State Division of Housing and Community Renewal (DHCR).

80.     Upon information and belief, defendants E&M Harlem Holdings LLC, E&M Harlem Equities LLC, E&M Lafayette Portfolio LLC, E&M Lafayette Owner LLC, Rainbow Estates LLC, Manhattanville Holdings LLC, Galil Realty LLC and Galil Management LLC are limited liability companies organized and existing pursuant to the laws of the State of New York, each having a principal place of business at the Flatbush Office.   These entities perform investment and managerial functions for the E&M Enterprise.   They operate under common ownership, share employees, are managed by the same individuals, subject their employees to the same policies and procedures relating to wage violations alleged in this Complaint, and their operations are interrelated and unified.

81.     Annexed hereto as **Schedule A** is a chart setting forth, *inter alia:* (a) the addresses of approximately 262 buildings that are jointly owned, managed and controlled by the E&M Enterprise; (b) the Title-Holding Entity for each building; and (c) the officially-designated Managing agent for each building.   All of the Buildings and entities set forth in Schedule A were, at relevant times, operated and controlled by the E&M Enterprise.

*Title-Holding Entities:*

82.     Upon information and belief, defendant 102 Convent Owner LLC is a limited liability company organized and existing under the laws of the State of New York that the E&M Enterprise established and controlled to function as Title-Holding Entity of 102-104 Convent Ave., New York, NY.

83.     Upon information and belief, defendant 105-109 West 113 LLC is a limited liability company organized and existing under the laws of the State of New York that the E&M Enterprise established as Title-Holding Entity of 105 West 113th Street, New York, NY.

84. Upon information and belief, 107 West 113 LLC is a limited liability company organized and existing under the laws of the State of New York that the E&M Enterprise established as Title-Holding Entity of 107 West 113th St., New York, NY.

85. Upon information and belief, defendant 1070 Ogden LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established as Title-Holding Entity of 1070 Ogden Avenue, Bronx, NY.

86. Upon information and belief, defendant 109 West 113 LLC is a limited liability company organized and existing under the laws of the State of New York that the E&M Enterprise established as Title-Holding Entity of 109 West 113th Street, New York, NY.

87. Upon information and belief, defendant 11 West 172 Street Owner LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, controlled and operated to serve as Title-Holding Entity of 11 West 172nd Street, Bronx, NY.

88. Upon information and belief, 110 West 116th LLC is a limited liability company organized and existing under the laws of the State of New York that the E&M Enterprise established to function as Title-Holding Entity of 110 West 116th St., New York, NY.

89. Upon information and belief, defendant 113-115 West 113 LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 113 West 113th Street, New York, NY.

90. Upon information and belief, defendant 115 West 113 LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 115 West 113th Street, New York, NY.

91.    Upon information and belief, defendant 117-129 West 116 LLC is a limited liability company organized and existing under the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment buildings located at 117, 125 and 129 West 116th St., New York, NY.

92.    Upon information and belief, defendant 120-129 West 112 LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 120 West 112th Street, New York, NY.

93.    Upon information and belief, defendant 124 West 112 Street LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 124 West 112th Street, New York, NY.

94.    Upon information and belief, defendant 126 West 112 LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 126 West 112th Street, New York, NY.

95.    Upon information and belief, defendant 131-133 West 112 LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment buildings at 131 and 133 West 112th Street, New York, NY.

96.    Upon information and belief, defendant 133-135 West 116 LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment buildings at 133 and 135 West 116th St., New York, NY.

97.     Upon information and belief, defendant 138 West 112 Street LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 138 West 112th Street, New York, NY.

98.     Upon information and belief, defendant 141 West 113 LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 141 West 113th Street, New York, NY.

99.     Upon information and belief, defendant 141 West 116 LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 141 West 116th Street, New York, NY.

100.    Upon information and belief, Defendant 141-143 West 113 LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 110 West 116th Street, New York, NY.

101.    Upon information and belief, Defendant 17-25 St Nicholas LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building at 17 Saint Nicholas Avenue, New York, NY.

102.    Upon information and belief, Defendant 143 West 113 Street LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 143 West 113th Street, New York, NY.

103.    Upon information and belief, defendant 145-153 Edgecombe Holdings LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 149 and 153 Edgecombe Avenue, New York, NY.

104.    Upon information and belief, defendant 146 West 111 Street LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 146 West 111th Street, New York, NY.

105.    Upon information and belief, defendant 151 West 228 St Owner LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 151 West 228th Street, New York, NY.

106.    Upon information and belief, defendant 153 Lenox Holding LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment buildings at 153 and 157 Lenox Avenue, New York, NY.

107.    Upon information and belief, defendant 159 W 228 St Owner LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 159 West 228th Street, New York, NY.

108.    Upon information and belief, defendant 161-171 Morningside LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 161 Morningside Ave., New York, NY.

109.    Upon information and belief, defendant 1631 Grand Ave Owner LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 1631 Grand Ave, Bronx, NY.

110.    Upon information and belief, defendant 164-172 West 141 Holdings LLC is a limited liability company organized and existing under the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 164 West 141st St., New York, NY.

111.    Upon information and belief, defendant 1728-1730 Amsterdam Ave LLC is a limited liability company organized and existing under the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment buildings at 1728 and 1730 Amsterdam Ave., New York, NY.

112.    Upon information and belief, defendant 1786 Topping Ave Owner LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 1786 Topping Avenue, Bronx, NY.

113.    Upon information and belief, defendant 1829-1835 7 LLC is a limited liability company organized and existing under the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building at 1829 Adam Clayton Powell Jr. Blvd, New York, NY.

114.    Upon information and belief, defendant 2006 ACP Blvd Portfolio LLC is a limited liability company organized and existing under the laws of the State of New York that the E&M Enterprise established and controlled at all relevant times for the purpose of holding legal title to the apartment building at 2006 Adam Clayton Powell Jr. Blvd., New York, NY.

115.    Upon information and belief, defendant 2059 8 LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 2059 Frederick Douglass Boulevard, New York, NY.

116.    Upon information and belief, defendant 2076-78 Creston Ave Owner LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 2076 Creston Avenue, Bronx, NY.

117.    Upon information and belief, defendant 2238 Morris Ave Owner LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 2238 Morris Avenue, Bronx, NY.

118.    Upon information and belief, defendant 226 W Tremont Ave Owner LLC is a limited liability company organized and existing under the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 226 West Tremont Avenue, Bronx, NY.

119.    Upon information and belief, defendant 2291 University Ave Owner LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 2291 University Avenue, Bronx, NY.

120.    Upon information and belief, defendant 230 West 116 LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 230 West 116th Street, New York, NY.

121.    Upon information and belief, defendant 2322 Grand Ave Owner LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 2322 Grand Avenue, Bronx, NY.

122.    Upon information and belief, defendant 239 West 116 LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 239 West 116th Street, New York, NY.

123.    Upon information and belief, defendant 241 West 113 LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 243 West 113th Street, New York, NY.

124.    Upon information and belief, defendant 243 West 116 LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 243 West 116th Street, New York, NY.

125.    Upon information and belief, defendant 247-253 West 116 LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 247 West 116th Street, New York, NY.

126.    Upon information and belief, defendant 255 West 116 LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 259 West 116th Street, New York, NY.

127.    Upon information and belief, defendant 2755-61 Sedgwick Ave Owner LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment buildings at 2755 and 2763 Sedgwick Avenue, Bronx, NY.

128.    Upon information and belief, defendant 2925 Grand Concourse Owner LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 2925 Grand Concourse, Bronx, NY.

129.    Upon information and belief, defendant 2933 Grand Concourse Owner LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 2933 Grand Concourse, Bronx, NY.

130.    Upon information and belief, defendant 2968 Perry Ave Owner LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building at 2968 Perry Avenue, Bronx, NY.

131.    Upon information and belief, defendant 300 West 114-2107 8 LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building at 2107 Frederick Douglass Blvd, New York, NY.

132.    Upon information and belief, Defendant 301 West 111-2051 8 LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established and controlled at all relevant times for the purpose of holding legal title to the apartment buildings at 301 West 111th St, New York, NY; 2051 Frederick Douglass Blvd, New York, NY; 302 West 111th Street, New York, NY; and 2051 8th Ave, New York, NY.

25

133.    Upon information and belief, Defendant 302 West 112 Street LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 302 West 112th Street, New York, NY.

134.    Upon information and belief, Defendant 303 West 111 LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 303 West 111th Street, New York, NY.

135.    Upon information and belief, defendant 303-309 West 113 LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established and controlled at all relevant times for the purpose of holding legal title to the apartment buildings located at 301 and 303 West 113th Street, New York, NY.

136.    Upon information and belief, Defendant 305 West 111 LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 305 West 111th Street, New York, NY.

137.    Upon information and belief, Defendant 305-309 West 113 LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 309 West 113th Street, New York, NY.

138.    Upon information and belief, defendant 306-310 West 112 LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 306 West 112th Street, New York, NY.

139.    Upon information and belief, defendant 307 West 113 LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 307 West 113th Street, New York, NY.

140.    Upon information and belief, Defendant 310 West 112th Street LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 310 West 112th Street, New York, NY.

141.    Upon information and belief, defendant 311 West 111 Street LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 311 West 111th Street, New York, NY.

142.    Upon information and belief, Defendant 337 West 138 Holdings LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 337 West 138th Street, New York, NY.

143.    Upon information and belief, defendant 345 Manhattan Holdings LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 345 Manhattan Ave., New York, NY.

144.    Upon information and belief, Defendant 35 Morningside Holdings LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 35 Morningside Ave., New York, NY.

145.    Upon information and belief, Defendant 350 West 115 LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 350 West 115th Street, New York, NY.

146.    Upon information and belief, Defendant 370-372 West 127 LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 370 West 127th Street, New York, NY.

147.    Upon information and belief, defendant 373 West 126 LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 373 West 126th Street, New York, NY.

148.    Upon information and belief, defendant 376 West 127 LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 175 Morningside Avenue, New York, NY.

149.    Upon information and belief, defendant 41 W 184 St Owner LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 41 West 184th Street, New York, NY.

150.    Upon information and belief, defendant 510 West 146 LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 510 West 146th Street, New York, NY.

151.    Upon information and belief, defendant 521-523 W 156 St Owners LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment buildings at 521 and 523 West 156th St., New York, NY.

152.    Upon information and belief, defendant 557-561 West 149 Holdings LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled to hold legal title to the apartment buildings located at 557 and 561 West 149th Street, New York, NY.

153.    Upon information and belief, defendant 6 Morningside LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 6 Morningside Avenue, New York, NY.

154.    Upon information and belief, Defendant 606-619 West 135 Street Owner LLC is a limited liability company organized and existing under the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment buildings at 609 and 619 West 135th St., New York, NY.

155.    Upon information and belief, Defendant 610-620 West 141 Holdings LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 610 West 141st Street, New York, NY.

156.    Upon information and belief, Defendant 617 West 143 Holdings LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 617 West 143rd Street, New York, NY.

157.    Upon information and belief, Defendant 638 West 160 Holdings LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 638 West 160th Street, New York, NY.

158.    Upon information and belief, Defendant 65-67 Lenox LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 65 Lenox Avenue, New York, NY.

159.    Upon information and belief, defendant 67 Lenox LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 67 Lenox Avenue, New York, NY.

160.    Upon information and belief, defendant 707 St Nicholas LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment buildings located at 707 and 768 Saint Nicholas Avenue, New York, NY, and 331 and 770 Edgecombe Avenue, New York, NY.

161.    Upon information and belief, defendant ACP Blvd Portfolio LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment buildings located at 2302 Adam C Powell Boulevard, New York, NY; 204 West 133rd Street, New York, NY; 2232 Adam Clayton Powell Boulevard, New York, NY; 2247 Adam Clayton Powell Boulevard, New York, NY; 2252 Adam Clayton Powell Boulevard, New York, NY; 2484 Adam Clayton Powell Boulevard; and 2300 Adam Clayton Powell Boulevard, New York, NY.

162.    Upon information and belief, defendant Audubon 550 W 171 Portfolio LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 104 Audubon Ave., New York, NY.

163.    Upon information and belief, Defendant Avenue W Equities, LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 2302 West 112th Street, Brooklyn, NY.

164.    Upon information and belief, Defendant DDEH 319 E 115 LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment buildings located at 319 East 115th Street, New York, NY and 321 East 115th Street, New York, NY.

165.    Upon information and belief, Defendant E&M Associates I, LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 633 East 104th Street, Brooklyn, NY.

166.    Upon information and belief, E&M Associates LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 615 East 104th Street, Brooklyn, NY.

167.    Upon information and belief, Manhattan Valley West LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 140 West 112th Street, New York, NY.

168.    Upon information and belief, Defendant Neighborhood Stabilization Associates I, L.P. is a limited partnership company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 574 53rd St., Brooklyn, NY.

169.    Upon information and belief, Neighborhood Stabilization Associates II., L.P. is a limited partnership organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 338 53rd Street, Brooklyn, NY and 442 49th Street, Brooklyn, NY

170.    Upon information and belief, Defendant Neighborhood Stabilization I, L.P. a/k/a NSA Associates I is a limited partnership organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment buildings located at 448 51st Street, Brooklyn, NY; 4702-4 4th Avenue, Brooklyn, NY; 5203 6th Avenue, Brooklyn, NY; 5209 6th Avenue, Brooklyn, NY; 5213 6th Avenue, Brooklyn, NY; 523 51st Street, Brooklyn, NY; 5301 6th Avenue, Brooklyn, NY; 5302-10 6th Avenue, Brooklyn, NY; 5305-11 6th Avenue, Brooklyn, NY; 5319 6th Avenue, Brooklyn, NY; 5609 4th Avenue, Brooklyn, NY; 565 56th Street, Brooklyn, NY; and 218 54th Street, Brooklyn, NY.

171.    Upon information and belief, NSA Associates II is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled to hold legal title to the apartment buildings located at 317 and 319 43rd Street, Brooklyn, NY.

172.    Upon information and belief, Defendant Sarasota Gold LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established to hold legal title to 711 Seagirt Avenue, Queens, NY.

173.    Upon information and belief, Defendant Sixth Avenue I Associates is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 5314 6th Avenue, Brooklyn, NY.

174.    Upon information and belief, Defendant Sixth Avenue Rehab I Associates is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment buildings located at 5318 6th Avenue, Brooklyn, NY; 5320 6th Avenue, Brooklyn, NY; and 5324 6th Avenue, Brooklyn, NY.

175.    Upon information and belief, Defendant Sunset Park Housing Associates is a limited liability company organized and existing under the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment buildings located at 213 55th St., Brooklyn, NY and 558 50th St., Brooklyn, NY.

176.    Upon information and belief, Defendant Sunset Park N S A II is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment buildings located at 4924 6th Avenue, Brooklyn, NY; 581 50th Street, Brooklyn, NY; 4922 6th Avenue, Brooklyn, NY; and 575 50th Street, Brooklyn, NY.

177.    Upon information and belief, Defendant Sunset Park NSA 11 is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment buildings located at 323 43rd Street, Brooklyn, NY; 441 49th Street, Brooklyn, NY; 444 49th Street, Brooklyn, NY; 4920 6th Avenue, Brooklyn, NY; 323 43rd Street, Brooklyn, NY; and 517 49th Street, Brooklyn, NY.

178.    Upon information and belief, Defendant Sunset Park NSA 2 is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established to function as Title-Holding Entity of the buildings located at 334 and 336 53rd Street, Brooklyn, NY and 4906 6th Avenue, Brooklyn, NY.

179.    Upon information and belief, Sunset Park NSA I is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment buildings located at 224 54th St., Brooklyn, NY and 5207 6th Ave., Brooklyn, NY.

180.    Upon information and belief, Defendant Sunset Park NSA II is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment buildings located at 436 49th Street, Brooklyn, NY; 438 49th Street, Brooklyn, NY; 443 49th Street, Brooklyn, NY; 440 49th Street, Brooklyn, NY; 4902 6th Avenue, Brooklyn, NY; 574 49th Street, Brooklyn, NY; and 549 49th Street, Brooklyn, NY.

181.    Upon information and belief, 260 Elizabeth Street LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 260 Elizabeth Street, New York, NY.

182.    Upon information and belief, 262 Elizabeth Portfolio LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 262 Elizabeth Street, New York, NY.

183.    Upon information and belief, 264 Elizabeth Street Portfolio LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the

E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building at 264 Elizabeth Street, New York, NY.

184.   Upon information and belief, 266 Elizabeth Street Portfolio LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the building located at 266 Elizabeth Street, New York, NY.

185.   Upon information and belief, Defendant 268 Elizabeth Street Portfolio LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 268 Elizabeth Street, New York, NY.

186.   Upon information and belief, Defendant 11-15 Broadway Owner LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 11-15 Broadway, Queens, NY.

187.   Upon information and belief, Defendant 30-50 21st Street Owner LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building at 30-50 21st Street, Queens, NY.

188.   Upon information and belief, Defendant 271 E 197 St Owner LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 271 East 197th Street, Bronx, NY.

189.   Upon information and belief, Defendant 750-760 Pelham Pkwy Owner LLC is a limited liability company organized and existing pursuant to the laws of the State of New York

that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building at 750 Pelham Parkway South, Bronx, NY.

190.    Upon information and belief, Defendant 124 E 177 St Owner LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 124 East 177th Street, Bronx, NY.

191.    Upon information and belief, Defendant 3472 Knox Place Owner LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 3472 Knox Place, Bronx, NY.

192.    Upon information and belief, Defendant 2320 Aqueduct Ave Owner LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building at 2320 Aqueduct Ave, Bronx, NY.

193.    Upon information and belief, 1160 Cromwell Ave Owner LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building at 1160 Cromwell Avenue, Bronx, NY.

194.    Upon information and belief, Defendant 3940 Bronx Blvd Owner LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 3940 Bronx Boulevard, Bronx, NY.

195.    Upon information and belief, Defendant 1881 Grand Concourse Realty LLC is a limited liability company organized and existing pursuant to the laws of the State of New York

that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 1881 Grand Concourse, Bronx, NY.

196.    Upon information and belief, Defendant 3136 Perry Ave Owner LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 3136 Perry Avenue, Bronx, NY.

197.    Upon information and belief, 155 W 162 Street LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building at 155 West 162nd Street, Bronx, NY.

198.    Upon information and belief, Defendant 1014 Gerard Avenue Owner LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building at 1014 Gerard Avenue, Bronx, NY.

199.    Upon information and belief, Defendant 1475 Sheridan Ave Owner LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building at 1475 Sheridan Ave., Bronx, NY.

200.    Upon information and belief, Defendant 320 E 197 St Owner LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 320 East 197th Street, Bronx, NY.

201.    Upon information and belief, defendant 131 W Kingsbridge Owner LLC is a limited liability company organized and existing pursuant to the laws of the State of New York

that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building at 131 West Kingsbridge Road, Bronx, NY.

202. Upon information and belief, 2701 Webb Ave Owner LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 125 West Kingsbridge Road, Bronx, NY.

203. Upon information and belief, defendant 751 Gerard Ave Owner LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 751 Gerard Avenue, Bronx, NY.

204. Upon information and belief, Defendant 2055 Anthony Ave Owner LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 2055 Anthony Avenue, Bronx, NY.

205. Upon information and belief, 975 Walton Ave Owner LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 975 Walton Avenue, Bronx, NY.

206. Upon information and belief, defendant 1212 Grand Concourse Owner LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 1212 Grand Concourse, Bronx, NY.

207. Upon information and belief, defendant 1530 Sheridan Ave Owner LLC is a limited liability company organized and existing pursuant to the laws of the State of New York

that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 1530 Sheridan Avenue, Bronx, NY.

208. Upon information and belief, defendant 323 E Mosholu Pkwy Owner LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building at 323 East Mosholu Parkway North, Bronx, NY.

209. Upon information and belief, Defendant 161-165 E 179 St Owner LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 161 East 179th Street, Bronx, NY.

210. Upon information and belief, Defendant 2215 Properties LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 2215 Newkirk Avenue, Brooklyn, NY.

211. Upon information and belief, Defendant DDEH 103 E 102 LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 103 East 102nd Street, New York, NY.

212. Upon information and belief, Defendant DDEH 112 E 103 LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 112 East 103rd Street, New York, NY.

213. Upon information and belief, Defendant DDEH 102 E 103 LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the

E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 118 East 103rd Street, New York, NY.

214. Upon information and belief, Defendant DDEH 122 E 103ST LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 122 East 103rd Street, New York, NY.

215. Upon information and belief, Defendant DDEH 124 E117 LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 124 East 103rd Street, New York, NY.

216. Upon information and belief, Defendant DDEH 126 E 103ST LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 126 East 103rd Street, New York, NY.

217. Upon information and belief, Defendant DDEH 124 E. 117 LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 136 East 117th Street, New York, NY.

218. Upon information and belief, Defendant DDEH 137 E. 110 LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment buildings located at 137 and 139 East 110th Street, New York, NY.

219. Upon information and belief, Defendant DDEH 154 E. 106 LLC is a limited liability company organized under the laws of the State of New York that the E&M Enterprise

established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 154 East 106th Street, New York, NY.

220.    Upon information and belief, Defendant DDEH 1567 Lexington LLC is a limited liability company organized under the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times to hold title to the apartment buildings at 1567, 1569, 1571, and 1575 Lexington Avenue, New York, NY.

221.    Upon information and belief, Defendant DDEH 228 E 111 LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 204 East 112th Street, New York, NY.

222.    Upon information and belief, Defendant DDEH 215 E 117 LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 215 East 117th Street, New York, NY.

223.    Upon information and belief, Defendant DDEH 2156 Second LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 2156 2nd Avenue, New York, NY.

224.    Upon information and belief, Defendant DDEH 216 E 118 LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 216 East 118th Street, New York, NY.

225.    Upon information and belief, Defendant DDEH 2171 Third LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the

E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment buildings at 2171 and 2173 3rd Avenue, New York, NY.

226.   Upon information and belief, Defendant DDEH 291 Pleasant LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times to hold legal title to the apartment buildings at 228 East 116th Street, New York, NY; 291 Pleasant Ave., New York, NY; 237 East 11th St., New York, NY; and 413 East 114th St., New York, NY.

227.   Upon information and belief, Defendant DDEH 231 E 117 LLC is a limited liability company organized and existing under the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment buildings located at 231 and 235 East 117th Street, New York, NY.

228.   Upon information and belief, Defendant DDEH 233 E 111 Street LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 233 East 111th Street, New York, NY.

229.   Upon information and belief, Defendant DDEH 234 E 116ST LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 234 East 116th Street, New York, NY.

230.   Upon information and belief, Defendant DDEH 235 E 111ST LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 235 East 111th Street, New York, NY.

231.   Upon information and belief, Defendant DDEH 234 E116 LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the

E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 238 East 116th Street, New York, NY.

232.   Upon information and belief, Defendant DDEH 2371 Second LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 2371 2nd Avenue, New York, NY.

233.   Upon information and belief, Defendant DDEH 238 E 111 LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 238 East 111th Street, New York, NY.

234.   Upon information and belief, Defendant DDEH 244 E 117 LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 244 East 117th Street, New York, NY.

235.   Upon information and belief, Defendant DDEH 311 E. 109 LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 311 East 109th Street, New York, NY.

236.   Upon information and belief, Defendant DDEH 312 E 106 LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment buildings at 312 and 318 East 106th Street, New York, NY.

237.   Upon information and belief, Defendant DDEH 312 E 106 ST LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the

E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 328 East 106th Street, New York, NY.

238.   Upon information and belief, Defendant DDEH 411 E 114 LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 411 East 114th Street, New York, NY.

239.   Upon information and belief, Defendant DDEH 411 E118LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 411 East 118th Street, New York, NY.

240.   Upon information and belief, Defendant DDEH 417E 114ST LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 417 East 114th Street, New York, NY.

241.   Upon information and belief, Defendant DDEH 411 E 114 LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment buildings located at 419 East 114th Street, New York, NY and 423 East 114th Street, New York, NY.

242.   Upon information and belief, Defendant DDEH 421 EAST 114th ST LLC is a limited liability company organized and existing under the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 421 East 114th Street, New York, NY.

243.   Upon information and belief, Defendant 131-133 West 112 Street LLC is a limited liability company organized and existing pursuant to the laws of the State of New York

that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 131 West 112th Street, New York, NY.

244.     Upon information and belief, Defendant 133 West 112 Street LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 133 West 112th Street, New York, NY.

245.     Upon information and belief, Defendant 143 West 111 Street LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 143 West 111th Street, New York, NY.

246.     Upon information and belief, Defendant 655 West 160 Holdings LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 655 West 160th Street, New York, NY.

247.     Upon information and belief, Defendant 117 West 141 LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment buildings located at 117 – 125 West 141st Street, New York, NY.

248.     Upon information and belief, Defendant 127 West 141 LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment buildings located at 127 – 135 West 141st Street, New York, NY.

249.     Upon information and belief, Defendant 137 West 141 LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M

Enterprise established, owed, and controlled at all relevant times for the purpose of holding legal title to the apartment buildings located at 137 – 145 West 141st Street, New York, NY.

250.    Upon information and belief, Defendant 3030 Valentine Ave Owner LLC is a limited liability company organized and existing pursuant to the laws of the State of New York that the E&M Enterprise established, owned, and controlled at all relevant times for the purpose of holding legal title to the apartment building located at 3030 Valentine Avenue, Bronx, NY.

## CLASS ACTION ALLEGATIONS

251.    The Representative Plaintiffs bring this action individually and as a class action on behalf of all persons similarly situated and proximately damaged by Defendants' conduct, including, but not necessarily limited to, the following Plaintiff Classes:

*FLSA Class:*

252.    The FLSA Class refers to all persons who are, or have been, employed as Superintendents and Porters at buildings owned, controlled and/or managed by Defendants at any New York location who elect to opt-in to this action (the "FLSA Collective Plaintiffs") from three (3) years prior to this action's filing through the date of the final disposition.

253.    This action claims that Defendants violated the wage and hour provisions of FLSA by depriving Plaintiffs, as well as others similarly situated to named Plaintiffs, of their lawful wages.  Upon information and belief, there are many similarly situated current and former Superintendents and Porters of Defendants who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join this lawsuit.

254.    At all relevant times, Defendants are aware and have been aware of the requirements to pay Plaintiffs and FLSA Plaintiffs at an amount equal to the rate of one and one-half times their regular rates of pay for all hours worked each workweek above forty, yet they purposely and willfully chose not to do so.

255.  Because Defendants misclassified Plaintiffs and FLSA Plaintiffs as exempt salaried employees, they failed to pay Plaintiffs and FLSA Plaintiffs federal minimum wage and refused to pay compensation for all hours worked per workweek above forty in violation of the FLSA.  In addition, the weekly sums paid to Plaintiffs and FLSA Plaintiffs were so egregiously low that they fell below federal minimum wage.

256.  The FLSA Collective Plaintiffs are readily ascertainable.  For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

257.  Plaintiffs and all similarly situated employees who elect to participate in this action seek unpaid compensation, unpaid overtime, an equal amount of liquidated damages and/or prejudgment interest, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

*The New York Class – Rule 23 Class Allegations:*

258.  The New York Class refers to all persons who are, or have been, employed as Superintendents and Porters at buildings owned, controlled and/or managed by Defendants at any New York location on or after the date that is six years before the filing of the Complaint in this case and the date of final judgment in this matter as defined herein (the "Class Period").

259.  The Rule 23 Class Members (New York Class) are readily ascertainable.  The number and identity of the Rule 23 Class Members are determinable from the records of Defendants.  The positions held, and nature and extent of certain unlawful deductions from wages are also determinable from Defendants' records.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

260.  The Defendants, their officers, and directors are excluded from the Classes, as well as all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

261.     This action has been brought and may properly be maintained as a class/collective action under Fed.R.Civ.P. Rule 23 and 29 U.S.C. §216 because there is a well-defined community of interest in the litigation and the proposed Classes are easily ascertainable.

a.     Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the classes are so numerous that joinder of all members is impractical, if not impossible, insofar as the Representative Plaintiffs are informed and believe and, on that basis, allege that the total number of Class Members exceeds two hundred sixty-five (265) individuals.  Membership in the Plaintiff Classes will be determined upon analysis of employee and payroll records, among other records maintained by Defendants.

b.     Commonality: The Representative Plaintiffs and the Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, thereby making a class action superior to other available methods for the fair and efficient adjudication of the controversy.  Consequently, class certification is proper under Fed.R.Civ.P. Rule 23(b)(3) and 29 U.S.C. §216(b).   For example, the E&M Enterprise's practice and policy of failing to comply with New York Labor Law requirements pertaining to wage notices and pay statements, as alleged above, applies to all members of the New York Class, and the relief demanded (including, *inter alia*, the demand for injunctive and declaratory relief) affects the entire class.  Similarly, the E&M Enterprise's policy and practice of unlawful deductions is applicable class-wide and involves common legal and factual issues.

c.     Typicality: The Representative Plaintiffs' claims are typical of the claims of the Plaintiff Classes.  The Representative Plaintiffs and all members of the Plaintiff Classes sustained injuries and damages arising out of and caused by Defendants'

common course of conduct in violation of state and federal law, as alleged herein.  All of the Rule 23 Class Members were subject to the same corporate practices of Defendants of failing to pay minimum wage and overtime compensation; unlawful wage deductions; violations of NYLL §195(3) by failing to issue wage statements to employees that correctly identified the name of the employer, address of employer, rates of pay or basis thereof, regular hourly rate, number of overtime hours worked; and violations of NYLL §195(1) by failing to provide to employees, upon hiring, a written notice in English and the employee's primary language setting forth the employee's rates of pay and basis thereof, the name of the employer, physical address of the employer's business, names used by the employer, and other legally-mandated disclosures.

　　　　d.　　<u>Superiority of Class Action</u>: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes, or may make it, impractical for Class Members to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought by each individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants.  The prosecution of separate actions would also create a risk of inconsistent rulings, which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.  This risk is particularly applicable here, in light of the demand herein for declaratory and injunctive relief relating to NYLL § 195(1) and (3).  Moreover, the Representative Plaintiffs are informed and believe, and based thereon allege, that Defendants, have acted and refused to act on grounds generally applicable to all claims, thereby making appropriate injunctive and monetary relief for all

members of each class.  Consequently, Class certification is proper under Fed.R.Civ.P. Rule 23(b)(2) and 29 U.S.C. § 216(b).

> e.    <u>Adequacy of Representation</u>: The Representative Plaintiffs in this class action are adequate representatives of the Plaintiff Classes, in that the Representative Plaintiffs' claims are typical of those of the Plaintiff Classes and the Representative Plaintiffs have the same interests in the litigation of this case as the Class Members.  The Representative Plaintiffs are committed to vigorous prosecution of this case, and have retained competent counsel, experienced in employment litigation of this nature.  The Representative Plaintiffs are not subject to any individual defenses unique from those conceivably applicable to the Class as a whole.

262.    Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out of fear of direct retaliation or indirect retaliation.  Former employees are fearful of bringing claims because doing so can harm their employment, future employment and future efforts to secure employment.  Class actions provide Rule 23 Class Members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.  These factors are particularly applicable to immigrant low-wage workers, such as the Plaintiff Classes herein.

## COMMON FACTUAL ALLEGATIONS

263.    As described herein, Defendants have, for years, knowingly failed to adequately compensate those employees within the class definitions identified above for wages, including minimum wage and premium (overtime) wages due, under the FLSA (29 U.S.C. §§ 206 and 207), and unlawfully deducted sums from wages in violation of the New York Wage Payment Act, Labor Law § 190, *et seq.*, the New York Labor Law § 650, et seq., and New York Department of Labor Regulations, 12 N.Y.C.R.R. Part 142.  Among other means, Defendants

engaged in unlawful business practices by requiring employees to work numerous hours of overtime on a daily and/or weekly basis without overtime compensation. In addition, Defendants took unlawful deductions from the Representative Plaintiffs' wages, by requiring them to pay the cost of tools, supplies, and cellular phones which were required for the maintenance of the Buildings and requiring Superintendents to pay for their own assistants.

264. Upon information and belief, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

265. At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs and each of the FLSA Class members within the meaning of the FLSA.

266. At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs and each of the New York Class members within the meaning of the NYLL, §§ 2 and 651.

267. At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the FLSA and NYLL.

268. Defendants employ employees at their places of business in the activities of an enterprise engaged in commerce, including employees handling, selling or otherwise working on goods or materials that have been moved or produced for commerce. The enterprise has an annual gross volume of sales made or business done in an amount not less than $500,000. Therefore, the employees are employed in an enterprise engaged in commerce within the meaning of section (3)(s)(1)(A) of the FLSA.

269. At all relevant times, the E&M Enterprise, and its constituent entities, were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA, operating a group of approximately two-hundred and sixty-two (262) apartment buildings under different corporate names.

270.   Upon information and belief, at all relevant times, the E&M Enterprise has willfully had a practice and procedure of concealing and obfuscating the true identity of the entities and individuals who have the status of "employer" as that term is defined and understood under the FLSA and NYLL.   Hundreds of E&M employees receive paychecks and statements that falsely suggest that the employees are employed by "StaffPro, Inc." even though Defendants are well aware that the employees are employed by Defendants.

### Defendants Constitute Joint Employers

271.   The number of buildings that the E&M Enterprise has acquired and/or controlled has fluctuated over the past three decades as blocks of buildings are bought and sold by the enterprise.   However, the Representative Plaintiffs are informed and believe that the E&M Enterprise has remained constant over a period of years, continuing to the present, namely:

(a)  Ultimate control of Buildings is exercised by Langer;

(b)  Though the Buildings are titled in different corporate names, the individual defendants have substantial ownership interests in each such entities;

(c)  All buildings of the E&M Enterprise have the same entities serving as their managing agent.   Today, the Management Entities go by names of "E&M Bronx Associates LLC", "Galil Management LLC"; and "E&M Associates";

(d)  Family members of the individual defendants have been active participants in the E&M Enterprise.   For example, Ginzberg's son-in-law handles vacancies, rentals, tenant issues, and financial issues in the E&M Enterprise's Walton Avenue Office; and

(e)  The E&M Enterprise has consistently exhibited disregard for the legal and human rights of the largely low-income and immigrant individuals who live and/or work in the Buildings that the E&M Enterprise controls.   With respect to porters and superintendents, the E&M Enterprise's callous disregard has entailed, *inter alia*, gross and willful neglect for the rights of the porters to receive minimum wage and/or overtime remuneration in the amounts provided for under the FLSA.

272.   Each of the Defendants acted directly or indirectly in the interest of one another in relation to Plaintiffs.

273.   The E&M Enterprise is controlled and directed by a closely-knit group, many of whom are family members.   For example, Ginzberg's son in law, Sruly Tress, serves as manager

of one or more of the Buildings, supervises the Buildings' employees, and performs other managerial tasks pertaining to rentals and finances for E&M Bronx.   Similarly, Langer's son, Michael Langer, is involved in the E&M Enterprise.

274.   Defendants have an economic interest in the Buildings.

275.   Defendants each had either functional and/or formal control over terms and conditions of work and over the policies and practices with respect to the employment and compensation of the Representative Plaintiffs.

276.   Defendants employ or employed Plaintiffs, and are or were Plaintiffs' employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

277.   Upon information and belief, the Corporate Defendants are either alter egos of themselves, and/or the Corporate Defendants failed to operate as entities legally separate and apart from themselves by, among other things:

(a) Failing to adhere to the corporate formalities necessary to operate Corporate Defendants as corporations;

(b) Defectively forming or maintaining corporations by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

(c) Transferring assets and debts freely as between all Corporate Defendants, including, *inter alia*, through cross-collateralization of the Buildings to generate capital for the enterprise as a whole;

(d) Operating Corporate Defendants for their own benefit and maintaining control over these corporations as close corporations;

(e) Intermingling assets and debts of their own with Corporate Defendants and diminishing and/or transferring assets to avoid full liability as necessary to protect their own interests; and

(f) Other actions evidencing a failure to adhere to the corporate form.

278.   Upon information and belief, Defendants run the business of all of the E&M Enterprise as one operation, and Defendants' operations were interrelated and united.

279.    Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

280.    Upon information and belief, Defendants knew or should have known of, and had the authority to exercise control over, the accuracy of records concerning the hours and wages of the Representative Plaintiffs and similarly situated employees.

281.    The E&M Enterprise uses a single, integrated payroll service, known as "StaffPro" to pay their Superintendents, Porters and other employees.

282.    With respect to hundreds of employees, including, *inter alia*, the Superintendents, the E&M Enterprise unlawfully issued paychecks to Superintendents under the name "StaffPro" on the paystubs, as well as on the checks, without identifying the E&M Enterprise as the actual employer.  Upon information and belief, this common practice and policy was applied to the Superintendents at all of the Buildings.

283.    Although the E&M Enterprise is the employer of all the Superintendents – and the E&M Enterprise hires, fires, controls, supervises, and handles all decision-making with respect to the Superintendents and other employees of the Buildings controlled by the E&M Enterprise – it utilizes the services of "StaffPro" to remit paychecks to workers.

284.    Consistent with their policies and patterns or practices, Defendants harmed Plaintiffs individually, as set forth below.

**USVALDO CONTRERA**

285.    Contrera's responsibilities as superintendent of 655 West 160th Street included, among other tasks:  maintaining the building's appearance, cleaning, mopping, minor repairs, plastering, minor plumbing, accepting oil deliveries, purchasing supplies, communicating with tenants regarding minor repairs, sweeping the sidewalk, recycling, garbage, cleaning the elevator hold, showing vacant apartments, cleaning and removing discarded items from newly-vacated

apartments, installing kitchen appliances including stoves and refrigerators, maintaining bathroom and kitchen faucets, fitting locks, patching drywall, communicating with contractors, shoveling snow, and allowing emergency responders, including police, ambulance and fire personnel, into the building at all hours of the night and day, and generally serving as the first point of contact for resident service requests.

286.    Contrera was required to be on call at or near 655 West 160th Street, 24 hours per day, seven days a week, including holidays to address reoccurring emergent issues, such as clogged toilets, leaks, falling ceilings, replacing lock cylinders, fixing lights, and other issues that either the Defendants or tenants of 655 West 160th St. would demand that he address.  The Defendants and the tenants would contact Mr. Contrera by his cellular telephone.

287.    Throughout his employment, Contrera worked 80 hours per week. During periods of severe winter weather, his workweek would substantially exceed 80 hours.

288.    Contrera was required, as a condition of his employment, to pay, from his personal funds, for his tools, which included, among others, a paint compressor, nail guns, screw guns, circular saw, snake, grinder, and a tile cutter.

289.    Contrera was required, as a condition of his employment, to pay for work-related transportation expenses, including transportation to and from a hardware store located in the Bronx.

290.    Contrera was unlawfully deprived of both minimum wage and overtime compensation to which he was entitled under the FLSA.  Mr. Contrera further had his wage unlawfully deducted from in violation of NYLL.

291.    As a condition of Mr. Contreras's employment, he was required to reside in the building.  However, he was not provided with a habitable space.  Instead, he was placed by the Defendants in an unregistered basement area that was uninhabitable and dangerous.

292.    When his employment was terminated, the Defendants unlawfully attempted to coerce Contrera into vacating his apartment without having obtained a court order by physically removing the door to his living area in the basement.  The aforesaid treatment of Mr. Contrera typifies the willfulness of Defendants' wage violations and disregard of the law.

293.    The Defendants paid Contrera on a weekly basis.   Defendants failed to provide Contrera with proper wage statements that accurately reflected the amount of hours that he worked each week, his regular rate of pay, or his overtime rate of pay for each hour worked over forty in a given workweek.

294.    Throughout the entirety of Contrera's employment, the Defendants paid Contrera an amount totaling $400.00 per week, with this amount intended to cover only Contrera's first forty hours worked per week, which amounts to a rate of $10.00 per hour for his first forty hours worked per week.

295.    Throughout the entirety of Contrera's employment, Defendants failed to pay Contrera at any rate of pay for any hours that Contrera worked per week in excess of forty.

296.    Additionally, Defendants intentionally did not provide Contrera with a wage notice at the time of hire that accurately contained all of the following information: Contrera's rates of pay and basis thereof; whether Contrera was paid by hour, shift, day, week, salary, piece, commission, or other; whether any allowances were claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by Defendants; and Defendants' mailing addresses.

**FRANCISCO LOPEZ**

297.    During his employment with the E&M Enterprise as Superintendent of 638 West 160th Street, Lopez' routine responsibilities included, among other things, maintaining the appearance of the building, cleaning, mopping, minor repairs, plastering, minor plumbing, accepting oil deliveries, ordering supplies, communicating with tenants regarding minor repairs,

sweeping the sidewalk, recycling, garbage, cleaning and removing discarded items from newly-vacated apartments, installing kitchen appliances including stoves and refrigerators, maintaining bathroom and kitchen faucets, communicating with contractors, allowing emergency responders, including police, ambulance and fire personnel, into the building, at all hours of the night and day, shoveling snow, and performing countless other tasks at all hours of the day and night for maintaining the building.

298.    Lopez was required to remain on call, at or near 638 West 160th Street, nearly 24 hours per day, seven days a week, including holidays, except for a two-week vacation that was arranged in advance per year.

299.    Throughout his employment, Lopez worked 80 hours per week. During periods of severe winter weather, his workweek would substantially exceed 80 hours.

300.    Lopez was required, as a condition of his employment, to pay, from his personal funds, for his tools, which included, among others, a paint compressor, nail guns, screw guns, circular saw, snake, grinder, and a tile cutter.

301.    Lopez was required, as a condition of his employment, to pay for work-related transportation expenses, including transportation to and from a hardware store located in the Bronx.

302.    Lopez was unlawfully deprived of both minimum wage and overtime compensation to which he was entitled under the FLSA. Lopez further had his wage unlawfully deducted from in violation of NYLL.

303.    Throughout the entirety of Lopez' employment, the Defendants paid Lopez a gross fixed amount of $275 per week, with this amount intended to cover only Lopez' first forty hours worked per week, which amounts to a rate of $6.87 per hour for his first forty hours worked per week.

304.    Throughout the entirety of Lopez' employment, Defendants failed to pay Lopez at any rate of pay for any hours that Lopez worked per week in excess of forty.

305.    Additionally, Defendants intentionally did not provide Lopez with a wage notice at the time of hire that accurately contained all of the following information: Lopez' rates of pay and basis thereof; whether Lopez was paid by hour, shift, day, week, salary, piece, commission, or other; whether any allowances were claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by Defendants; and Defendants' mailing addresses.

306.    Lopez' rate of pay was unlawfully below federal minimum wage.

307.    The Defendants violated NYLL § 193 and 12 NYCRR § 142-2.10 by compelling Lopez, as a condition of continued employment, to spend his money on work-related expenses, which further reduced his wages below the required minimum wage, including but not limited to:

(a) Cellular telephone expenses, for which  Lopez received only partial compensation;

(b) Supply his own tools, including drill, electric snake, screwdriver, hammer, handsaw, pliers, and similar items;

(c) Supply his own materials to make repairs in the buildings; and

(d) Costs of Porters/helpers, whose assistance was required.

308.    Defendants violated their obligation under the FLSA to make and preserve a record of the hours worked by Lopez – an unlawful practice and procedure that was applied to all superintendents and porters.

309.    The aforesaid treatment of Lopez is typical of the manner in which the E&M Enterprise treats their Superintendents of each of the E&M Enterprise Buildings.

### AS AND FOR A FIRST CAUSE OF ACTION
**FLSA Minimum Wage Violations, 29 U.S.C. §§ 201 *et seq.***
**(FLSA Class)**

310.   The Representative Plaintiffs, on behalf of themselves and the FLSA Class members, incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

311.   Defendants' failure to compensate the Representative Plaintiffs and other members of the FLSA class at the FLSA minimum wage rate of pay violates 29 U.S.C § 206.

312.   As a result of the foregoing, the Representative Plaintiffs demand judgment against Defendants on their own behalf, and on behalf of those FLSA Class Members similarly situated who file written consents to joinder in this action, for all unpaid wages, including minimum wage and overtime wages owed by Defendants to the Representative Plaintiffs and the FLSA Class, pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, costs, interest, and reasonable attorneys' fees, as provided for under 29 U.S.C. § 216(b).

313.   Defendants' violations of the FLSA were willful, thus the three year statute of limitations of 29 U.S.C. § 255 applies.

### AS AND FOR A SECOND CAUSE OF ACTION
**FLSA Overtime Wage Violations, 29 U.S.C. §§ 201 *et seq.***
**(FLSA Class)**

314.   The Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

315.   At all relevant times hereto, the Defendants have been employers engaged in commerce, as defined under 29 U.S.C. § 203(b) and (d).  Defendants employed members of the FLSA Class as Superintendents, employment positions which engaged the employees in commerce, as defined under 29 U.S.C. §§ 203(b), (e), (g) and 29 U.S.C. § 207(a)(1).  At all times

relevant hereto, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce," as defined under 29 U.S.C. § 203(s)(1).

316.    The Representative Plaintiffs informed and believe, and thereon allege, that Defendants have required, or require, the FLSA Class Members as part of their employment to work without additional compensation, such as overtime, in excess of the forty hours per week maximum under 29 U.S.C. § 207(a)(1).  That Section provides the following:

> Except as otherwise provided in this section, no employer shall employ any of his employees...for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate which is not less than one and one-half times the regular rate at which he is employed.

317.    Indeed, in the performance of their duties for Defendants, members of the FLSA Class routinely worked over substantially more than forty (40) hours per week, yet did not receive overtime compensation for the work, labor and services they provided to Defendants, as required by the FLSA, 29 U.S.C. §§ 206 and 207.  The precise number of unpaid overtime hours will be proven at trial.

318.    Representative Plaintiffs propose to undertake appropriate proceedings to have such FLSA Class Members aggrieved by Defendants' unlawful conduct notified of the pendency of this action and join this action as plaintiffs, pursuant to 29 U.S.C. § 216(b), by filing written consents to joinder with the Court.

319.    Defendants' violations of the FLSA were willful violations of the FLSA, within the meaning of 29 U.S.C. § 255(a).

320.    As a result of the foregoing, the Representative Plaintiffs seek judgment against Defendants on their own behalf, and on behalf of those FLSA Class Members similarly situated who file written consents to joinder in this action, for all unpaid wages, including minimum wage and overtime wages owed by Defendants to the Representative Plaintiffs and the FLSA Class, pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal

amount as liquidated damages, and costs, interest, and reasonable attorneys' fees, as provided for under 29 U.S.C. § 216(b).

**AS AND FOR A THIRD CAUSE OF ACTION**
**Illegal Deductions, New York Labor Law, Article 19 § 193**
**12 N.Y.C.R.R. § 2.10(a).**
**(New York Class)**

321.    The Representative Plaintiffs incorporate in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

322.    In violation of the New York Labor Law, Article 19, § 193, Defendants unlawfully deducted wages from the Representative Plaintiffs, including *inter alia*, deductions by requiring Superintendents to spend their own money on work-related expenses, which further reduced their wages below the required minimum wage, including but not limited to, cellular telephone expenses, supplying their own tools and supplies to complete mandated work,  and requiring Representative Plaintiffs and those similarly situated to hire and pay from their own income laborers to assist in performing certain work, including workers to perform their duties while they took time off.

323.    As a result of the foregoing, the Representative Plaintiffs seek judgment against Defendants on their own behalf, and on behalf of those New York Class Members similarly situated who file written consents to joinder in this action, for reimbursement of unlawful deductions, as well as liquidated damages, and interest, and such other legal and equitable relief from Defendants' unlawful and willful conduct as the Court deems just and proper.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**Declaratory Judgment**
**(FLSA Class and New York Class)**

324.    Plaintiffs, for themselves and on behalf of the FLSA Class and New York Class, repeat, re-allege and incorporate by reference the prior allegations of this complaint as if fully alleged herein.

325.    This action provides a ripe and justiciable case or controversy.

326.    It is just and equitable that the Court declares the rights and other legal relationships of the parties.

327.    Plaintiffs, the FLSA Class and New York Class are entitled a declaration that defendants acts are in violation of the FLSA and NYLL.

### AS AND FOR A FIFTH CAUSE OF ACTION
### NYLL Wage Theft Prevention Act – Failure to Provide Wage Statements
### (New York Class)

328.    Plaintiffs, on behalf of themselves and the New York Class members, repeat  and re-allege and incorporate each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

329.    The NYLL and Wage Theft Prevention Act ("WTPA") require employers to provide employees with an accurate wage statement each time they are paid.

330.    Throughout Plaintiffs' employment with Defendants, Defendants willfully failed to provide Plaintiffs and the New York Class with wage statements at the end of every pay period that correctly identified the name of the employer; address of employer; rates of pay or basis thereof; regular hourly rate; whether paid by the hour, shift, day, week, salary, piece, commission, or other; number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; and such other information as required by NYLL § 195(3).

331.    Defendants had a pattern, policy and practice of violating NYLL § 195(3) by issuing pay statements that contained none of the foregoing information and, instead, merely set forth the name of an entity (StaffPro, Inc.) that was not an employer.

332.    Due to Defendants' violations of the NYLL, Plaintiffs and the New York Class are entitled to recover from Defendants per employee liquidated damages of $250.00 per work day that the violations occurred, or continue to occur, up to $5,000.00, together with costs,

reasonable attorneys' fees, pre-judgment and post-judgment interest, and injunctive and declaratory relief, pursuant to the NYLL § 198(1-d).

### AS AND FOR A SIXTH CAUSE OF ACTION
**NYLL Wage Theft Prevention Act – Failure to Provide Wage Notices**
**(New York Class)**

333. Plaintiffs, for themselves and on behalf of the FLSA Class and New York Class, repeat, re-allege and incorporate by reference the prior allegations of this complaint as if fully alleged herein.

334. The NYLL and WTPA, as well as the NYLL's interpretative regulations, such as but not limited to 12 N.Y.C.R.R. Part 141, require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

335. From its enactment on April 9, 2011, the Wage Theft Prevention Act also required employers to provide an annual written notice of wages to be distributed on or before February 1 of each year of employment (later amended to be distributed "upon hiring" and not annually) and to provide to employees, a written notice in English and Spanish (Plaintiff's primary language) setting forth the employee's rates of pay and basis thereof; the name of the employer; physical address of the employer's business; names used by the employer; and other legally-mandated disclosures.

336. In violation of NYLL § 191, Defendants failed to furnish Plaintiffs, at the time of hiring (and annually for those years prior to the amendment) or whenever there was a change to their rate of pay, with wage notices containing the rate or rates of pay and basis thereof; whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main

office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law; in violation of the NYLL § 195(1).

337.    Due to Defendants' violation of NYLL § 195(1), Plaintiffs are entitled to recover from Defendants liquidated damages per employee: (a) for the time period commencing six years before the filing of this Complaint, through February 27, 2015, the sum $50 per work week, up to $2,500; and (b) from February 27, 2015 through the resolution of this case, $50.00 per work day, up to $5,000.00, together with reasonable attorneys' fees, and costs of disbursements of the action, pursuant to the NYLL § 198(1-b).

## RELIEF SOUGHT

**WHEREFORE,** the Plaintiffs, on behalf of themselves and the FLSA Class and the New York Class, respectfully request that the Court grant the following relief:

1.    Designation of this action as a collective action on behalf of the FLSA Class members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 28 U.S.C. § 216(b) and appointing Plaintiffs and their counsel to represent the FLSA Class Members;

2.     Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the New York Class members and appointing Plaintiffs and their counsel to represent the class;

3.    An order tolling the statute of limitations;

4.    That the Court declare, adjudge and decree that Defendants violated the minimum wage provisions of the FLSA as to the Representative Plaintiffs, the FLSA Class and the New York Class;

5.      That the Court declare, adjudge and decree that Defendants violated the overtime provisions of the FLSA as to the Representative Plaintiffs, the FLSA Class and the New York Class;

6.      That the Court declare, adjudge and decree that Defendants willfully violated their legal duties to pay minimum wages and overtime compensation as required under the FLSA and NYLL;

7.      That the Court declare, adjudge and decree that the Representative Plaintiffs and the FLSA Class Members were at all times relevant hereto, and are, entitled to be paid (a) minimum wages; (b) overtime for work beyond 40 hours in a week; and (c) remuneration for unlawful deductions; and that the amounts to which Representative Plaintiffs, the FLSA Class and the New York Class are entitled is to be doubled as liquidated damages and awarded thereto;

8.      That the Court make an award to the Representative Plaintiffs, the FLSA Class and the New York Class of damages and/or restitution for the amount of unpaid compensation, unpaid overtime compensation, including interest thereon, and statutory penalties in an amount to be proven at trial;

9.      That the Court make an award to the Representative Plaintiffs and the New York Class of reimbursement for all unlawful deductions;

10.     That the Defendants be held jointly and severally liable for compensatory damages (including extreme emotional distress) and punitive damages for Plaintiffs Contrera and Lopez under NYLL Article 7, Section 215(2).

11.     For all other Orders, findings and determinations identified and sought in this Complaint;

12.     For pre-judgment and post-judgment interest on the amount of any and all economic losses, at the prevailing legal rate, under the NYLL and CPLR.

13.     For reasonable attorneys' fees and expenses of this action, pursuant to 29 U.S.C. § 216(b), New York Labor Law and as otherwise provided by law;

14.     Declaring that Defendants violated the notices and record keeping provisions of NYLL and WTPA;

15.     An award of statutory damages for Defendants' failure to provide Plaintiffs with accurate wage statements pursuant to NYLL § 198(1-d);

16.     An award of statutory damages for Defendants' failure to provide Plaintiffs with proper wage notices pursuant to NYLL § 198(1-b);

17.     A permanent injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL; and

18.     Such other relief as this Court deems just and proper.


## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.


Dated: May 23, 2016                    **RAPAPORT LAW FIRM, PLLC**



By:    _____/s/_____
                Marc A. Rapaport, Esq.
                Attorney for the Representative Plaintiffs
                and the Plaintiff Classes
                One Penn Plaza
                250 West 34th Street, Suite 2430
                New York, NY 10119
                Ph: (212) 382-1600

**Schedule A**

This summary is based on, *inter alia*, the NYC Department of Housing Preservation & Development online resource HPDOnline, Automated City Register Information System (ACRIS) for building-specific information, and NYS Department of State Corporation and Entity Database.

| | Address of Property | Titleholder's Name and Address | Titleholder's Principal, Member of Authorized Signatory | Managing Agent's Name and Address | Ownership period of Defendants |
|---|---|---|---|---|---|
| 1 | 102-104 Convent Ave, New York County | 102 CONVENT OWNER LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Joel Goldstein | GALIL MANAGEMENT 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 1/30/2015-Present |
| 2 | 105 WEST 113TH ST, New York County | 105-109 WEST 113 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Joel Goldstein | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 11/14/2013-Present |
| 3 | 107 WEST 113TH ST, New York County | 107 WEST 113 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Irving Langer Joel Goldstein Manhattanville Mezz LLC | E&M BRONX ASSOC. 975 WALTON AVE BRONX, NY 10452 | 11/14/2013-Present |
| 4 | 1070 Ogden, Bronx County | 1070 OGDEN, LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Daniel Goldstein | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 7/21/2014-11/2/2015 |
| 5 | 109 W 113th St, New York County | 109 WEST 113 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Joel Goldstein Irving Langer Manhattanville Mezz LLC | E&M BRONX ASSOC. 975 WALTON AVE BRONX, NY 10452 | 11/14/2013-Present |
| 6 | 11 W 172nd St, Bronx County | 11 WEST 172 STREET OWNER LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Scott Katz | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 11/21/2012-11/19/2014 |
| 7 | 110 WEST 116TH, New York County | 110 W 116TH LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Joel Goldstein | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 8/11/2014-Present |
| 8 | 113 WEST 113TH ST, New York County | 113-115 WEST 113 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Irving Langer Joel Goldstein Manhattanville Mezz LLC | E&M BRONX ASSOC. 975 WALTON AVE BRONX, NY 10452 | 11/14/2013-Present |
| 9 | 115 W 113th St, New York County | 115 WEST 113 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Joel Goldstein Irving Langer Manhattanville Mezz LLC | E&M BRONX ASSOC. 975 WALTON AVE BRONX, NY 10452 | 11/14/2013-Present |
| 10 | 121 WEST 116TH ST, New York County | 117-129 W 116 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Irving Langer | E&M BRONX ASSOC. 975 WALTON AVE BRONX, NY 10452 | 11/14/2013-Present |

| 11 | 117 West 116th Street, New York County | 117-129 WEST 116 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Irving Langer Manhattanville Mezz LLC | E&M BRONX ASSOC. 975 WALTON AVE BRONX, NY 10452 | 11/14/2013-Present |
|---|---|---|---|---|---|
| 12 | 125 WEST 116TH ST, New York County | 117-129 WEST 116 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Irving Langer Joel Goldstein Manhattanville Mezz LLC | E&M BRONX ASSOC. 975 WALTON AVE BRONX, NY 10452 | 11/14/2013-Present |
| 13 | 129 W 116th St, New York County | 117-129 WEST 116 LLC1465A FLATBUSH AVEBROOKLYN, NY 11210 | Irving LangerManhattanville Mezz LLC | E&M BRONX ASSOC.975 WALTON AVE  BRONX, NY 10452 | 11/14/2013-Present |
| 14 | 120 W 112th St, New York County | 120-129 WEST 112 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Irving Langer Manhattanville Mezz LLC | E&M BRONX ASSOC. 975 WALTON AVE BRONX, NY 10452 | 11/14/2013-Present |
| 15 | 124 WEST 112 STREET, New York County | 124 WEST 112 STREET LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Irving Langer Manhattanville Mezz LLC | E&M BRONX ASSOC. 975 WALTON AVE BRONX, NY 10452 | 3/15/2006-Present |
| 16 | 126 WEST 112 STREET, New York County | 126 WEST 112 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Irving Langer Joel Goldstein Manhattanville Mezz LLC | MANHATTAN VALLEY WEST LLC 975 WALTON AVE BRONX, NY 10452 | 11/14/2013-Present |
| 17 | 131 West 112th St, New York County | 131-133 WEST 112 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Irving Langer Manhattanville Mezz LLC | E&M BRONX ASSOC. 975 WALTON AVE BRONX, NY 10452 | 11/14/2013-Present |
| 18 | 133 W 112th St, New York County | 133 WEST 112 STREET LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Irving Langer Manhattanville Mezz LLC | E&M BRONX ASSOC. 975 WALTON AVE BRONX, NY 10452 | 11/14/2013-Present |
| 19 | 133 WEST 116TH ST, New York County | 133-135 WEST 116 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Joel Goldstein Manhattanville Mezz LLC | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 11/14/2013-Present |
| 20 | 135 W 116th St, New York County | 133-135 WEST 116 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Irving Langer Manhattanville Mezz LLC | E&M BRONX ASSOC. 975 WALTON AVE BRONX, NY 10452 | 11/14/2013-Present |
| 21 | 138 W 112th St, New York County | 138 WEST 112 STREET LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Joel Goldstein Manhattanville Mezz LLC | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 11/14/2013-Present |
| 22 | 140 W 113th St, New York County | 141 WEST 113 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Joel Goldstein Manhattanville Mezz LLC | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 11/14/2013-Present |
| 23 | 141 WEST 116 ST, New York County | 141 WEST 116 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Joel Goldstein Manhattanville Mezz LLC | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 11/14/2013-Present |

| 24 | 125 WEST 116TH ST, New York County | 117-129 WEST 116 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Irving Langer Joel Goldstein | E&M BRONX ASSOC. 975 WALTON AVE BRONX, NY 10452 | 11/14/2013-Present |
|---|---|---|---|---|---|
| 25 | 17 Saint Nicholas Ave , New York County | 17-25 NICHOLAS LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Irving Langer Manhattanville Mezz LLC | E&M BRONX ASSOC. 975 WALTON AVE BRONX, NY 10452 | 11/14/2013-Present |
| 26 | 143 W 113th St, New York County | 143 WEST 113 STREET LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Joel Goldstein Manhattanville Mezz LLC | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 11/14/2013-Present |
| 27 | 145 EDGECOMBE AVE, New York County | 145-153 EDGECOMBE HOLDINGS LLC1465A FLATBUSH AVEBROOKLYN, NY 11210 | Irving LangerManhattanville Mezz LLC | E&M BRONX ASSOC.975 WALTON AVE   BRONX, NY 10452 | 11/14/2013-Present |
| 28 | 149 EDGECOMBE AVE, New York County | 145-153 EDGECOMBE HOLDINGS LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Irving Langer Manhattanville Mezz LLC | E&M BRONX ASSOC. 975 WALTON AVE BRONX, NY 10452 | 11/14/2013-Present |
| 29 | 153 Edgecombe Ave, New York County | 145-153 EDGECOMBE HOLDINGS LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Irving Langer Manhattanville Mezz LLC | E&M BRONX ASSOC. 975 WALTON AVE BRONX, NY 10452 | 11/14/2013-Present |
| 30 | 146 W 111th St, New York County | 146 WEST 111 STREET LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Irving Langer Manhattanville Mezz LLC | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 11/14/2013-Present |
| 31 | 151 W 228 St, New York County | 151 W 228 ST OWNER LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Scott Katz         Joel Goldstein | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 11/21/2012-11/19/2014 |
| 32 | 153-157 LENOX AVE AKA 100 WEST 118TH ST, New York County | 153 LENOX HOLDING LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Joel Goldstein Manhattanville Mezz LLC | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 11/14/2013-Present |
| 33 | 159 W 228 St/161 WEST 228 STREET, New York County | 159 W 228 ST OWNER LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Scott Katz | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 11/21/2012-11/19/2014 |
| 34 | 375 W 126th St/161 MORNINGSIDE AVENUE, New York County | 161-171 MORNINGSIDE LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Irving Langer Manhattanville Mezz LLC | E&M BRONX ASSOC. 975 WALTON AVE BRONX, NY 10452 | 11/14/2013-Present |
| 35 | 1631 Grand Ave, Bronx County | 1631 GRAND AVE OWNER LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Scott Katz | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 11/21/2012-11/19/2014 |

3

| 36 | 164 W 141st St, New York County | 164-172 WEST 141 HOLDINGS LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Irving Langer Manhattanville Mezz LLC | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 11/14/2013-Present |
|----|----|----|----|----|----|
| 37 | 17 Saint Nicholas Ave, New York County | 17-25 ST NICHOLAS LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Joel Goldstein Manhattanville Mezz LLC | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 11/14/2013-Present |
| 38 | 1730 AMSTERDAM AVENUE, New York County | 1728-1730 AMSTERDAM AVE LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Irving Langer Thomas Walsh Manhattanville Mezz LLC | E&M BRONX ASSOC. 975 WALTON AVE BRONX, NY 10452 | 11/14/2013-Present |
| 39 | 1728 Amsterdam Ave, New York County | 1728-1730 AMSTERDAM AVENUE LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Thomas Walsh Manhattanville Mezz LLC | E&M BRONX ASSOC. 975 WALTON AVE BRONX, NY 10452 | 11/14/2013-Present |
| 40 | 1786 Topping Ave, Bronx County | 1786 TOPPING AVE OWNER LLC1465A FLATBUSH AVEBROOKLYN, NY 11210 | Scott Katz | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 11/21/2012-11/19/2014 |
| 41 | 1829 Adam Clayton Powell Jr Blvd, New York County | 1829-1835 7 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Irving Langer Manhattanville Mezz LLC | E&M BRONX ASSOC. 975 WALTON AVE BRONX, NY 10452 | 11/14/2013-Present |
| 42 | 2006 Adam Clayton Powell Jr Blvd, New York County | 2006 ACP BLVD PORTFOLIO LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Joel Goldstein | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 11/14/2013-Present |
| 43 | 2059 Frederick Douglass Blvd, New York County | 2059 8 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Scott Katz Manhattanville Mezz LLC | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 11/14/2013-11/10/2014 |
| 44 | 2076 Creston Ave, Bronx County | 2076-78 CRESTON AVE OWNER LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Scott Katz | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 11/21/2012-11/19/2014 |
| 45 | 2238 Morris Ave, Bronx County | 2238 MORRIS AVE OWNER LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Scott Katz | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 11/21/2012-11/19/2014 |
| 46 | 226 W Tremont Ave, Bronx County | 226 W TREMONT AVE OWNER LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Scott Katz | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 11/21/2012-11/19/2014 |
| 47 | 2291 University Ave/ 2291 DR M L KING JR BOULEVARD, Bronx County | 2291 UNIVERSITY AVE OWNER LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Scott Katz | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 11/21/2012-11/19/2014 |

| 48 | 230 W 116th St, New York County | 230 WEST 116 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Joel Goldstein Manhattanville Mezz LLC | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 11/14/2013-Present |
| 49 | 2322 Grand Ave, Bronx County | 2322 GRAND AVE OWNER LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Scott Katz | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 11/21/2012-11/19/2014 |
| 50 | 239 W 116th St, New York County | 239 WEST 116 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Joel Goldstein Manhattanville Mezz LLC | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 11/14/2013-Present |
| 51 | 243 W 113th St, New York County | 241 WEST 113 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Joel Goldstein Manhattanville Mezz LLC | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 11/14/2013-Present |
| 52 | 243 W 116th St, New York County | 243 WEST 116 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Joel Goldstein Manhattanville Mezz LLC | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 11/14/2013-Present |
| 53 | 247 W 116th St, New York County | 247-253 WEST 116 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Joel Goldstein Manhattanville Mezz LLC | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 11/14/2013-Present |
| 54 | 259 W 116th St, New York County | 255 WEST 116 LLC1465A FLATBUSH AVEBROOKLYN, NY 11210 | Joel GoldsteinManhattanville Mezz LLC | E&M BRONX ASSOC.1465A FLATBUSH AVEBROOKLYN, NY 11210 | 11/14/2013-Present |
| 55 | 2763 Sedgwick Ave, Bronx County | 2755-61 SEDGWICK AVE OWNER LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Scott Katz | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 11/21/2012-11/19/2014 |
| 56 | 2755 Sedgwick Avenue, Bronx County | 2755-61 SEDGWICK AVE OWNER LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Scott Katz | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 11/21/2012-11/19/2014 |
| 57 | 2925 Grand Concourse, Bronx County | 2925 GRAND CONCOURSE OWNER LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Scott Katz | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 3/15/2012-7/24/2013 |
| 58 | 2933 Grand Concourse, Bronx County | 2933 GRAND CONCOURSE OWNER LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Scott Katz | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 3/15/2012-7/24/2013 |
| 59 | 2968 Perry Avenue, Bronx County | 2968 PERRY AVE OWNER LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Scott Katz | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 3/15/2012-6/5/2013 |
| 60 | 2107 Frederick Douglass Blvd, New York County | 300 WEST 114-2107 8 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Irving Langer Ephraim Weiss Manhattanville Mezz LLC | E&M BRONX ASSOC. 975 WALTON AVE BRONX, NY 10452 | 11/14/2013-Present |

5

| 61 | 301 W 111th St/ 2049 FREDERICK DOUGLASS BOULEVARD, New York County | 301 WEST 111-2051 8 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Scott Katz | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 11/14/2013- 11/10/2014 |
|----|----|----|----|----|----|
| 62 | 302 W 112th St, New York County | 302 WEST 112 STREET LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Joel Goldstein Manhattanville Mezz LLC | E&M BRONX ASSOC. 975 WALTON AVE BRONX, NY 10452 | 11/14/2013- Present |
| 63 | 303 WEST 111TH ST, New York County | 303 WEST 111 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Joel Goldstein Manhattanville Mezz LLC | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 11/14/2013- Present |
| 64 | 301 W 113th St/ 2095 FREDERICK DOUGLASS BOULEVARD, New York County | 303-309 WEST 113 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Joel Goldstein Manhattanville Mezz LLC | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 11/14/2013- Present |
| 65 | 303 W 113th St, New York County | 303-309 WEST 113 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Scott Katz | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 11/14/2013- Present |
| 66 | 305 W 111th St, New York County | 305 WEST 111 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Joel Goldstein Manhattanville Mezz LLC | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 11/14/2013- Present |
| 67 | 305 WEST 113TH ST, New York County | 305-309 WEST 113 LLC1465A FLATBUSH AVEBROOKLYN, NY 11210 | Irving LangerJoel GoldsteinManhattanville Mezz LLC | E&M BRONX ASSOC.975 WALTON AVE  BRONX, NY 10452 | 11/14/2013- Present |
| 68 | 309 W 113th St, New York County | 305-309 WEST 113 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Irving Langer Manhattanville Mezz LLC | E&M BRONX ASSOC. 975 WALTON AVE BRONX, NY 10452 | 11/14/2013- Present |
| 69 | 306 W 112th St, New York County | 306-310 WEST 112 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Joel Goldstein Manhattanville Mezz LLC | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 11/14/2013- Present |
| 70 | 307 WEST 113TH ST, New York County | 307 WEST 113 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Irving Langer Manhattanville Mezz LLC | E & M BRONX 975 WALTON AVE BRONX, NY 10452 | 11/14/2013- Present |
| 71 | 310 WEST 112TH ST, New York County | 310 WEST 112TH STREET 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Joel Goldstein Manhattanville Mezz LLC | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 11/14/2013- Present |
| 72 | 311 W 111th St, New York County | 311 WEST 111 STREET LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Irving Langer Manhattanville Mezz LLC | E&M BRONX ASSOC. 975 WALTON AVE BRONX, NY 10452 | 11/14/2013- Present |

6

| 73 | 337 W 138th St/560 ST NICHOLAS AVENUE, New York County | 337 WEST 138 HOLDINGS LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Irving Langer Manhattanville Mezz LLC | E&M BRONX ASSOC. 975 WALTON AVE BRONX, NY 10452 | 11/14/2013-Present |
|---|---|---|---|---|---|
| 74 | 345 Manhattan Ave, New York County | 345 MANHATTAN HOLDINGS LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Irving Langer Manhattanville Mezz LLC | E&M BRONX ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 11/14/2013-Present |
| 75 | 35 Morningside Ave, New York County | 35 MORNINGSIDE HOLDINGS LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Irving Langer Manhattanville Mezz LLC | E&M BRONX ASSOC. 975 WALTON AVE BRONX, NY 10452 | 11/14/2013-Present |
| 76 | 350 W 115th St/349 MANHATTAN AVENUE, New York County | 350 WEST 115 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Irving Langer Manhattanville Mezz LLC | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 11/14/2013-Present |
| 77 | 370 W 127th St, New York County | 370-372 WEST 127 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Irving Langer Manhattanville Mezz LLC | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 11/14/2013-Present |
| 78 | 373 W 126th St, New York County | 373 WEST 126 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Joel Goldstein Manhattanville Mezz LLC | E&M BRONX ASSOC. 975 WALTON AVE BRONX, NY 10452 | 11/14/2013-Present |
| 79 | 175 Morningside Ave, New York County | 376 WEST 127 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Irving Langer Manhattanville Mezz LLC | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 11/14/2013-Present |
| 80 | 41 W 184th St | 41 W 184 ST OWNER LLC1465A FLATBUSH AVEBROOKLYN, NY 11210 | Scott Katz | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 11/21/2012-11/19/2014 |
| 81 | 510 W 146th St, New York County | 510 WEST 146 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Joel Goldstein Irving Langer Manhattanville Mezz LLC | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 11/14/2013-Present |
| 82 | 521 W 156th St 523, New York County | 521-523 W 156 ST OWNERS LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Scott Katz | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 6/24/2013-3/24/2015 |
| 83 | 557 W 149th St 561, New York County | 557-561 WEST 149 HOLDINGS LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Joel Goldstein Irving Langer Manhattanville Mezz LLC | E&M BRONX ASSOC. 975 WALTON AVE BRONX, NY 10452 | 11/14/2013-Present |

| 84 | 6 Morningside Ave, New York County | 6 MORNINGSIDE LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Irving Langer Manhattanville Mezz LLC | E&M BRONX ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 11/14/2013-Present |
|----|----|----|----|----|----|
| 85 | 609-619 West 135th Street, New York County | 609-619 WEST 135 STREET OWNER LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Scott Katz | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 2/28/2013-9/10/2015 |
| 86 | 610 W 141st St, New York County | 610-620 WEST 141 HOLDINGS LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Joel Goldstein Irving Langer Manhattanville Mezz LLC | E&M BRONX ASSOC. 975 WALTON AVE BRONX, NY 10452 | 11/14/2013-Present |
| 87 | 617 W 143rd St, New York County | 617 WEST 143 HOLDINGS LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Joel Goldstein Irving Langer Manhattanville Mezz LLC | E&M BRONX ASSOC. 975 WALTON AVE BRONX, NY 10452 | 11/14/2013-Present |
| 88 | 638 W 160th St, New York County | 638 WEST 160 HOLDINGS LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Irving Langer Manhattanville Mezz LLC | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 11/14/2013-Present |
| 89 | 655 West 160th St, New York County | 655 WEST 160 HOLDINGS LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Irving Langer Manhattanville Mezz LLC | E&M BRONX ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 11/14/2013-Present |
| 90 | 65 Malcolm X Blvd/65 LENOX AVENUE, New York County | 65-67 LENOX LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Joel Goldstein Irving Langer Manhattanville Mezz LLC | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 11/14/2013-Present |
| 91 | 67 LENOX AVE, New York County | 67 LENOX LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Irving Langer Manhattanville Mezz LLC | E&M BRONX ASSOC. 1465A FLATBUSH AVE +C2+D92:D93 | 11/14/2013-Present |
| 92 | 707 Saint Nicholas Ave, New York County | 707 ST NICHOLAS LLC1465A FLATBUSH AVEBROOKLYN, NY 11210 | Joel GoldsteinManhattanville Mezz LLC | E&M BRONX ASSOC.1465A FLATBUSH AVEBROOKLYN, NY 11210 | 11/14/2013-Present |
| 93 | 768 Saint Nicholas Ave 770/331 EDGECOMBE AVENUE, New York County | 707 ST NICHOLAS LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Joel Goldstein Irving Langer Manhattanville Mezz LLC | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 11/14/2013-Present |

| 94 | 2302 ADAM C POWELL BOULEVARD/2302 Seventh Avenue, New York County | ACP BLVD PORTFOLIO LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Joel Goldstein | GALIL MANAGEMENT LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 9/22/2014-Present |
|---|---|---|---|---|---|
| 95 | 204 W 133rd St, New York County | ACP BLVD PORTFOLIO LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Joel Goldstein | GALIL MANAGEMENT LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 9/22/2014-Present |
| 96 | 2232 Adam Clayton Powell Jr Blvd 2240, New York County | ACP BLVD PORTFOLIO LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Joel Goldstein | GALIL MANAGEMENT LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 9/22/2014-Present |
| 97 | 2247 Adam Clayton Powell Jr Blvd, New York County | ACP BLVD PORTFOLIO LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Joel Goldstein | GALIL MANAGEMENT LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 9/22/2014-Present |
| 98 | 2252 Adam Clayton Powell Jr Blvd, New York County | ACP BLVD PORTFOLIO LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Joel Goldstein | GALIL MANAGEMENT LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 9/22/2014-Present |
| 99 | 2484 Adam Clayton Powell Jr Blvd/2484 Seventh Ave, New York County | ACP BLVD PORTFOLIO LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Joel Goldstein | GALIL MANAGEMENT LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 9/22/2014-Present |
| 100 | 2300 Adam Clayton Powell Jr Blvd, New York County | ACP BLVD PROTFOLIO LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Joel Goldstein | GALIL MANAGEMENT LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 9/22/2014-Present |
| 101 | 104 Audubon, New York County | AUDUBON 550 W 171 PORTFOLIO LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Joel Goldstein | GALIL MANAGEMENT LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 7/28/2015-Present |
| 102 | 2302 W 12th St, Kings County | AVENUE W EQUITIES, LLC1465A FLATBUSH AVEBROOKLYN, NY 11210 | Scott Katz | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 1/3/2006-6/23/2015 |
| 103 | 321 East 115th Street, New York County | DDEH 319 E 115 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Joel Goldstein | E&M BRONX ASSOC. LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 3/19/2007-Present |

| 104 | 633 E 104th St, Kings County | E & M ASSOCIATES I LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Scott Katz | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 8/24/2004-Present |
|---|---|---|---|---|---|
| 105 | 615 E 104th St, Kings County | E & M ASSOCIATES LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Scott Katz | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 8/24/2004-Present |
| 106 | 140 West 112th St, New York County | MANHATTAN VALLEY WEST LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Irving Langer Joel Goldstein Manhattanville Mezz LLC | E&M BRONX ASSOC. 975 WALTON AVE BRONX, NY 10452 | 11/14/2013-Present |
| 107 | 574 53rd St, Kings County | Neighborhood Stabilization Associates I L.P. 39 Broadway New York, NY | Scott Katz | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 12/6/1982-Present |
| 108 | 338 53rd St, Kings County | NEIGHBORHOOD STABILIZATION ASSOCIATES II 39 Broadway New York, NY | Scott Katz | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 12/20/1982-Present |
| 109 | 442 49th St, Kings County | NEIGHBORHOOD STABILIZATION ASSOCIATES II 39 Broadway New York, NY | Scott Katz | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 12/20/1982-Present |
| 110 | 448 51st St, Kings County | NEIGHBORHOOD STABILIZATION ASSOCIATES I, L.P aka NSA ASSOCIATES I 1465A FLATBUSH AVE BROOKLYN, NY 11210 | David Friedman Irving Langer | E & M ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 12/6/1982-Present |
| 111 | 4702-4 4 Ave/370 47th Street, Kings County | NEIGHBORHOOD STABILIZATION ASSOCIATES I, L.P aka NSA ASSOCIATES I 1465A FLATBUSH AVE BROOKLYN, NY 11210 | David Friedman Irving Langer | E & M ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 12/6/1982-Present |
| 112 | 5203 6th Ave, Kings County | NEIGHBORHOOD STABILIZATION ASSOCIATES I, L.P aka NSA ASSOCIATES I 1465A FLATBUSH AVE BROOKLYN, NY 11210 | David Friedman | E & M ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 12/6/1982-Present |
| 113 | 5209 6th Ave, Kings County | NEIGHBORHOOD STABILIZATION ASSOCIATES I, L.P aka NSA ASSOCIATES I1465A FLATBUSH AVEBROOKLYN, NY 11210 | David Friedman | E & M ASSOCIATES1465A FLATBUSH AVEBROOKLYN, NY 11210 | 12/6/1982-Present |

10

| 114 | 5213 6th Avenue, Kings County | NEIGHBORHOOD STABILIZATION ASSOCIATES I, L.P aka NSA ASSOCIATES I 1465A FLATBUSH AVE BROOKLYN, NY 11210 | David Friedman Irving Langer | E & M ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 12/6/1982-Present |
| 115 | 523 51st St, Kings County | NEIGHBORHOOD STABILIZATION ASSOCIATES I, L.P aka NSA ASSOCIATES I 1465A FLATBUSH AVE BROOKLYN, NY 11210 | David Friedman Irving Langer | E & M ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 6/10/1982-Present |
| 116 | 5301 6th Avenue a/k/a 602 53rd Street, Kings County | NEIGHBORHOOD STABILIZATION ASSOCIATES I, L.P aka NSA ASSOCIATES I 1465A FLATBUSH AVE BROOKLYN, NY 11210 | David Friedman Irving Langer | E & M ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 12/6/1982-Present |
| 117 | 5302-10 6 Ave, Kings County | NEIGHBORHOOD STABILIZATION ASSOCIATES I, L.P aka NSA ASSOCIATES I 1465A FLATBUSH AVE BROOKLYN, NY 11210 | David Friedman | E & M ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 12/6/1982-Present |
| 118 | 5305-11 6 Ave, Kings County | NEIGHBORHOOD STABILIZATION ASSOCIATES I, L.P aka NSA ASSOCIATES I 1465A FLATBUSH AVE BROOKLYN, NY 11210 | David Friedman | E & M ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 12/6/1982-Present |
| 119 | 5319 6th Avenue, Kings County | NEIGHBORHOOD STABILIZATION ASSOCIATES I, L.P aka NSA ASSOCIATES I 1465A FLATBUSH AVE BROOKLYN, NY 11210 | David Friedman | E & M ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 12/6/1982-Present |
| 120 | 5609 4th Ave, Kings County | NEIGHBORHOOD STABILIZATION ASSOCIATES I, L.P aka NSA ASSOCIATES I 1465A FLATBUSH AVE BROOKLYN, NY 11210 | David Friedman Irving Langer | E & M ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 12/6/1982-Present |
| 121 | 565 56th St, Kings County | NEIGHBORHOOD STABILIZATION ASSOCIATES I, L.P aka NSA ASSOCIATES I 1465A FLATBUSH AVE BROOKLYN, NY 11210 | David Friedman Irving Langer | E & M ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 12/6/1982-Present |
| 122 | 218 54th Street, Kings County | NEIGHBORHOOD STABILIZATION ASSOCIATES I, L.P aka NSA ASSOCIATES I 1465A FLATBUSH AVE BROOKLYN, NY 11210 | David Friedman Irving Langer | E & M ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 12/6/1982-Present |

| 123 | 317 43rd St/319 43rd St, Kings County | NSA ASSOCIATES II1465A FLATBUSH AVEBROOKLYN, NY 11210 | Joel GoldsteinIrving Langer | E & M ASSOCIATES1465A FLATBUSH AVEBROOKLYN, NY 11210 | 10/13/1982-Present |
|---|---|---|---|---|---|
| 124 | 7-11 Seagirt Avenue, Queens County | SARASOTA GOLD LLC 1465 FLATBUSH AVE BROOKLYN, NY 11210 | Faige Werdyger | SARASOTA GOLD LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 6/27/2013-Present |
| 125 | 5314 6th Ave, Kings County | SIXTH AVENUE I ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | David Friedman | E & M ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 5/28/1986-Present |
| 126 | 5318 6th Avenue, Kings County | SIXTH AVENUE REHAB I ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Scott Katz | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 5/28/1986-Present |
| 127 | 5320 6th Ave, Kings County | SIXTH AVENUE REHAB I ASSOCIATES 39 Broadway New York, NY | Scott Katz | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 5/28/1986-Present |
| 128 | 5324 6th Avenue aka 583 54th Street, Kings County | SIXTH AVENUE REHAB I ASSOCIATES 39 Broadway New York, NY | Scott Katz | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 6/28/1986-Present |
| 129 | 558 50th St, Kings County | SUNSET PARK HOUSING ASSOC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | David Friedman | E & M ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 7/11/1979-Present |
| 130 | 213 55th St, Kings County | SUNSET PARK HOUSING ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | David Friedman | E & M ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 7/11/1979-Present |
| 131 | 4924 6th Ave a/k/a 581 50th Street, a/k/a 575 50th Street 4922 6th Avenue a/k/a 575 50th Street, Kings County | SUNSET PARK N S A II 1465A FLATBUSH AVE BROOKLYN, NY 11210 | David Friedman Irving Langer | E & M ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 10/13/1982-Present |
| 132 | 517 49th St, Kings County | SUNSET PARK NSA 11 1465A FLATBUSH AVE BROOKLYN, NY 11210 | David Friedman Irving Langer | E & M ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 12/20/1982-Present |
| 133 | 334-336 53rd St, Kings County | SUNSET PARK NSA 2 1465A FLATBUSH AVE BROOKLYN, NY 11210 | David Friedman Irving Langer | E & M ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 12/20/1982-Present |
| 134 | 4906 6th Avenue, Kings County | SUNSET PARK NSA 2 1465A FLATBUSH AVE BROOKLYN, NY 11210 | David Friedman Irving Langer | E & M ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 12/23/1982-Present |

12

| 135 | 334 53rd St, Kings County | SUNSET PARK NSA 2 1465A FLATBUSH AVE BROOKLYN, NY 11210 | David Friedman | E & M ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 12/20/1982-Present |
|---|---|---|---|---|---|
| 136 | 224 54th St, Kings County | SUNSET PARK NSA I1465A FLATBUSH AVEBROOKLYN, NY 11210 | David FriedmanIrving Langer | E & M ASSOCIATES1465A FLATBUSH AVEBROOKLYN, NY 11210 | 12/6/1982-Present |
| 137 | 5207 6th Ave, Kings County | SUNSET PARK NSA I 1465A FLATBUSH AVE BROOKLYN, NY 11210 | David Friedman | E & M ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 12/6/1982-Present |
| 138 | 323 43rd St, Kings County | SUNSET PARK NSA 11 1465A FLATBUSH AVE BROOKLYN, NY 11210 | David Friedman Irving Langer | E & M ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 10/13/1982-Present |
| 139 | 436 49th St/438 49th St, Kings County | SUNSET PARK NSA II 1465A FLATBUSH AVE BROOKLYN, NY 11210 | David Friedman | E & M ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 12/20/1982-Present |
| 140 | 441 49th St/443 49th St, Kings County | SUNSET PARK NSA 11 1465A FLATBUSH AVE BROOKLYN, NY 11210 | David Friedman Irving Langer | E & M ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 12/23/1982-Present |
| 141 | 444 49th St, Kings County | SUNSET PARK NSA 11 1465A FLATBUSH AVE BROOKLYN, NY 11210 | David Friedman | E & M ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 12/20/1982-Present |
| 142 | 440 49th St, Kings County | SUNSET PARK NSA II 1465A FLATBUSH AVE BROOKLYN, NY 11210 | David Friedman | E & M ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 12/20/1982-Present |
| 143 | 4902 6th Avenue a/k/a 574 49th Street, Kings County | SUNSET PARK NSA II 1465A FLATBUSH AVE BROOKLYN, NY 11210 | David Friedman | E & M ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 12/20/1982-Present |
| 144 | 4920 6th Avenue a/k/a 323 43rd St., Kings County | SUNSET PARK NSA 11 1465A FLATBUSH AVE BROOKLYN, NY 11210 | David Friedman Irving Langer | E & M ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 12/20/1982-Present |
| 145 | 549 49th St, Kings County | SUNSET PARK NSA II 1465A FLATBUSH AVE BROOKLYN, NY 11210 | David Friedman | E & M ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 2/21/1983-Present |
| 146 | 260 ELIZABETH ST, New York County | 260 ELIZABETH STREET LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | JOEL GOLDSTEIN | GALIL MANAGEMENT 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 3/11/2015-Present |
| 147 | 262 Elizabeth St, New York County | 262 ELIZABETH PORTFOLIO LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | JOEL GOLDSTEIN | GALIL MANAGEMENT 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 3/11/2015-Present |

| 148 | 264 Elizabeth St, New York County | 264 ELIZABETH STREET PORTFOLIO LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | JOEL GOLDSTEIN | GALIL MANAGEMENT 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 3/11/2015-Present |
|-----|-----|-----|-----|-----|-----|
| 149 | 266 Elizabeth St, New York County | 266 ELIZABETH STREET PORTFOLIO LLC1465A FLATBUSH AVEBROOKLYN, NY 11210 | JOEL GOLDSTEIN | GALIL MANAGEMENT1465A FLATBUSH AVE BROOKLYN, NY 11210 | 3/11/2015-Present |
| 150 | 268 Elizabeth St, New York County | 268 ELIZABETH STREET PORTFOLIO LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | JOEL GOLDSTEIN | GALIL MANAGEMENT 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 3/11/2015-Present |
| 151 | 11-15 Broadway, Queens County | 11-15 BROADWAY OWNER LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | JOEL GOLDSTEIN | GALIL MANAGEMENT 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 6/1/2015-Present |
| 152 | 30-50 21ST ST, Queens County | 30-50 21ST STREET OWNER LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | JOEL GOLDSTEIN | GALIL MANAGEMENT 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 6/1/2015-Present |
| 153 | 271 EAST 197 STREET, Bronx County | 271 E 197 ST OWNER LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Scott Katz | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 5/5/2010-7/24/2013 |
| 154 | 750 PELHAM PARKWAY SOUTH, Bronx County | 750-760 PELHAM PKWY OWNER LLC 1465A FLATBUSH AVE BROOKLYN, NY 11211 | Scott Katz | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 9/6/2011-10/1/2013 |
| 155 | 124 EAST 177 STREET, Bronx County | 124 E 177 ST OWNER LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Scott Katz | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 5/5/2010-9/17/2013 |
| 156 | 3472 KNOX PLACE, Bronx County | 3472 KNOX PLACE OWNER LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Scott Katz | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 5/5/2010-10/17/2012 |
| 157 | 2320 AQUEDUCT AVE, Bronx County | 2320 AQUEDUCT AVE OWNER LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Scott Katz | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 5/5/2010-5/29/2013 |
| 158 | 1160 CROMWELL AVENUE, Bronx County | 1160 CROMWELL AVE OWNER LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Scott Katz | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 5/5/2010-7/24/2013 |
| 159 | 3940 BRONX BOULEVARD, Bronx County | 3940 BRONX BLVD OWNER LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Scott Katz | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 5/5/2010-11/30/2011 |

14

| 160 | 1881 GRAND CONCOURSE, Bronx County | 1881 GRAND CONCOURSE REALTY LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | LEIBEL LEDERMAN | E&M BRONX ASSOCIATES LLC 975 WALTON AVE BRONX, NY 10452 | 5/5/2010-Present |
| 161 | 3136 PERRY AVENUE, Bronx County | 3136 PERRY AVE OWNER LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Scott Katz | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 5/5/2010-8/29/2012 |
| 162 | 155 WEST 162 STREET, Bronx County | 155W162 STREET LLC 975 WALTON, 2000 BRONX, NY 10452 | SHLOIME GOLDSTEIN | CITYLIFENY 975 WALTON, 2000 BRONX, NY 10452 | 5/5/2010-3/12/2014, 2/5/2016-Present |
| 163 | 1014 GERARD AVENUE, Bronx County | 1014 GERARD AVE OWNER LLC1465A FLATBUSH AVE BROOKLYN, NY 11210 | Scott Katz | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 5/5/2010-9/10/2013 |
| 164 | 1475 SHERIDAN AVENUE, Bronx County | 1475 SHERIDAN AVE OWNER LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Scott Katz | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 5/5/2010-5/29/2013 |
| 165 | 320 EAST 197 STREET, Bronx County | 320 E 197 ST OWNER LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Scott Katz | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 5/5/2010-7/24/2013 |
| 166 | 131 WEST KINGSBRIDGE ROAD, Bronx County | 131 W KINGSBRIDGE OWNER LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Scott Katz | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 5/5/2010-2/6/2014 |
| 167 | 125 WEST KINGSBRIDGE ROAD, Bronx County | 2701 WEBB AVE OWNER LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Scott Katz | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 5/5/2010-2/6/2014 |
| 168 | 751 GERARD AVE, Bronx County | 751 GERARD AVE OWNER LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Scott Katz | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 5/5/2010-9/10/2013 |
| 169 | 2055 ANTHONY AVENUE, Bronx County | 2055 ANTHONY AVE OWNER LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Scott Katz | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 5/5/2010-11/14/2012 |
| 170 | 975 WALTON AVENUE, Bronx County | 975 WALTON AVE OWNER LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Scott Katz | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 5/5/2010-4/1/2015 |
| 171 | 1212 GRAND CONCOURSE, Bronx County | 1212 GRAND CONCOURSE OWNER LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Scott Katz | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 5/5/2010-11/14/2012 |
| 172 | 1530 SHERIDAN AVENUE, Bronx County | 1530 SHERIDAN AVE OWNER LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Scott Katz | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 5/5/2010-10/23/2012 |

| 173 | 323 EAST MOSHOLU PARKWAY NORTH, Bronx County | 323 E MOSHOLU PKWY OWNER LLC 1465A FLATBUSH AVENUE BROOKLYN, NY 11210 | Scott Katz | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 5/5/2010-7/18/2013 |
| 174 | 161 EAST 179 STREET, Bronx County | 161-165 E 179 ST OWNER LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Scott Katz | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 5/5/2010-8/29/2012 |
| 175 | 2215 NEWKIRK AVE, King County | 2215 PROPERTIES LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | Scott Katz | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 12/27/2006-1/5/2015 |
| 176 | 103 EAST 102 STREET, New York County | DDEH 103 E 102 LLC1465A FLATBUSH AVEBROOKLYN, NY 11210 | JOEL GOLDSTEIN | E&M BRONX ASSOCIATES150 WEST 30TH ST, 2ND FLOORNEW YORK, NY 10001 | 3/19/2007-Present |
| 177 | 112 EAST 103 STREET, New York County | DDEH 112 E 103 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | JOEL GOLDSTEIN | E&M BRONX ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 3/19/2007-Present |
| 178 | 118 EAST 103 ST, New York County | DDEH 102 E 103 LLC 150 WEST 30TH ST, 2ND FL NEW YORK, NY 10001 1465A FLATBUSH AVE BROOKLYN, NY 11210 | JOEL GOLDSTEIN YEHUDA RUZORSKY | E&M BRONX ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 3/19/2007-Present |
| 179 | 122 EAST 103 ST, New York County | DDEH 122 E 103ST LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | JOEL GOLDSTEIN | E&M BRONX ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 3/19/2007-Present |
| 180 | 124 EAST 103 ST, New York County | DDEH 124 E117 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | JOEL GOLDSTEIN | E&M BRONX ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 3/19/2007-Present |
| 181 | 126 EAST 103 ST, New York County | DDEH 126 E 103ST LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | JOEL GOLDSTEIN | E&M BRONX ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 3/19/2007-Present |
| 182 | 136 EAST 117 ST, New York County | DDEH 124 E. 117 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | JOEL GOLDSTEIN | E&M BRONX ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 3/19/2007-Present |
| 183 | 137 EAST 110 ST, New York County | DDEH 137 E. 110 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | JOEL GOLDSTEIN | E&M BRONX ASSOCIATES 1465A FLATBUSH AVE | 3/19/2007-Present |

| | | | | BROOKLYN, NY 11210 | |
|---|---|---|---|---|---|
| 184 | 139 EAST 110 ST, New York County | DDEH 137 E 110 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | JOEL GOLDSTEIN | E&M BRONX ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 3/19/2007-Present |
| 185 | 154 EAST 106 ST, New York County | DDEH 154 E. 106 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | JOEL GOLDSTEIN | E&M BRONX ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 3/19/2007-Present |
| 186 | 1567 LEXINGTON AVE, New York County | DDEH 1567 LEXINGTON LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | JOEL GOLDSTEIN | E&M BRONX ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 3/19/2007-Present |
| 187 | 1571 LEXINGTON AVE, New York County | DDEH 1567 LEXINGTON LLC1465A FLATBUSH AVEBROOKLYN, NY 11210 | JOEL GOLDSTEIN | E&M BRONX ASSOCIATES1465A FLATBUSH AVEBROOKLYN, NY 11210 | 3/19/2007-Present |
| 188 | 1569 LEXINGTON AVE, New York County | DDEH 1567 LEXINGTON LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | JOEL GOLDSTEIN | E&M BRONX ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 3/19/2007-Present |
| 189 | 1575 LEXINGTON AVE, New York County | DDEH 1567 LEXINGTON LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | JOEL GOLDSTEIN | E&M BRONX ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 3/19/2007-Present |
| 190 | 204 EAST 112 ST, New York County | DDEH 238 E 111 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | JOEL GOLDSTEIN YEHUDA RUZORSKY | E&M BRONX ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 3/19/2007-Present |
| 191 | 215 EAST 117 ST, New York County | DDEH 215 E 117 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | JOEL GOLDSTEIN | E&M BRONX ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 3/19/2007-Present |
| 192 | 2156 2 AVENUE, New York County | DDEH 2156 SECOND LLC 150 WEST 30TH ST, 2ND FL NEW YORK, NY 10001  1465A FLATBUSH AVE BROOKLYN, NY 11210 | JOEL GOLDSTEIN | E&M BRONX ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 3/19/2007-Present |

17

| 193 | 216 EAST 118 ST, New York County | DDEH 216 E 118 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | JOEL GOLDSTEIN | E&M BRONX ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 3/19/2007-Present |
| 194 | 2171 3 AVENUE, New York County | DDEH 2171 THIRD LLC 150 WEST 30TH ST, 2ND FL NEW YORK, NY 10001  1465A FLATBUSH AVE BROOKLYN, NY 11210 | JOEL GOLDSTEIN YEHUDA RUZORSKY | E&M BRONX ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 3/19/2007-Present |
| 195 | 2173 3 AVENUE, New York County | DDEH 2171 THIRD LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | JOEL GOLDSTEIN | GALIL MANAGEMENT 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 3/19/2007-Present |
| 196 | 228 EAST 116 ST, New York County | DDEH 291 PLEASANT LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | JOEL GOLDSTEIN | E&M BRONX ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 3/19/2007-Present |
| 197 | 231 EAST 117 ST, New York County | DDEH 231 E 117 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | JOEL GOLDSTEIN | SG2 E+M HARLEM 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 3/19/2007-Present |
| 198 | 235 EAST 117 ST, New York County | DDEH 231 E 117 LLC1465A FLATBUSH AVEBROOKLYN, NY 11210150 WEST 30TH ST, 2ND FLNEW YORK, NY 10001 | JOEL GOLDSTEINIRVING LANGER | E&M BRONX ASSOCIATES1465A FLATBUSH AVEBROOKLYN, NY 11210 | 3/19/2007-Present |
| 199 | 233 EAST 111 ST, New York County | DDEH 233 E 111 STREET LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | JOEL GOLDSTEIN | E&M BRONX ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 3/19/2007-Present |
| 200 | 234 EAST 116 ST, New York County | DDEH 234 E 116ST LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | JOEL GOLDSTEIN | E&M BRONX ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 3/19/2007-Present |
| 201 | 235 EAST 111 ST, New York County | DDEH 235 E 111ST LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | JOEL GOLDSTEIN | E&M BRONX ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 3/19/2007-Present |
| 202 | 238 EAST 116 ST, New York County | DDEH 234 E116 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | JOEL GOLDSTEIN | E&M BRONX ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 3/19/2007-Present |

| 203 | 237 EAST 111 ST, New York County | DDEH 291 PLEASANT LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | JOEL GOLDSTEIN | E&M BRONX ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 3/19/2007-Present |
|---|---|---|---|---|---|
| 204 | 2371 2 AVENUE, New York County | DDEH 2371 SECOND LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210  150 WEST 30TH ST, 2ND FL NEW YORK, NY 10001 | JOEL GOLDSTEIN | E&M BRONX ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 3/19/2007-Present |
| 205 | 238 EAST 111 ST, New York County | DDEH 238 E 111 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | JOEL GOLDSTEIN | SG2- E+M HARLEM 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 3/19/2007-Present |
| 206 | 244 EAST 117 ST, New York County | DDEH 244 E 117 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | JOEL GOLDSTEIN | SG2- E+M HARLEM 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 3/19/2007-Present |
| 207 | 291 PLEASANT AVE, New York County | DDEH 291 PLEASANT LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | IRVING LANGER JOEL GOLDSTEIN | E&M BRONX ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 3/19/2007-Present |
| 208 | 311 EAST 109 ST, New York County | DDEH 311 E. 109 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | JOEL GOLDSTEIN | E&M BRONX ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 3/19/2007-Present |
| 209 | 312 EAST 106 ST, New York County | DDEH 312 E 106.LLC1465A FLATBUSH AVEBROOKLYN, NY 11210 | JOEL GOLDSTEIN | SG2- E+M HARLEM1465A FLATBUSH AVEBROOKLYN, NY 11210 | 3/19/2007-Present |
| 210 | 318 EAST 106 ST, New York County | DDEH 312 E. 106 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | JOEL GOLDSTEIN | E&M BRONX ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 3/19/2007-Present |
| 211 | 319 EAST 115 ST, New York County | DDEH 319 E 115 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | JOEL GOLDSTEIN IRVING LANGER | E&M BRONX ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 3/19/2007-Present |
| 212 | 328 EAST 106 ST, New York County | DDEH 312 E 106 ST LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | JOEL GOLDSTEIN | E&M BRONX ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 3/19/2007-Present |

19

| 213 | 411 EAST 114 ST, New York County | DDEH 411 E 114 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210  150 WEST 30TH ST, 2ND FL NEW YORK, NY 10001 | JOEL GOLDSTEIN | E&M BRONX ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 3/19/2007-Present |
| 214 | 411 EAST 118 ST, New York County | DDEH 411 E118LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | JOEL GOLDSTEIN | SG2-E+M HARLEM 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 3/19/2007-Present |
| 215 | 413 EAST 114 ST, New York County | DDEH 291 PLEASANT LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | JOEL GOLDSTEIN | E&M BRONX ASSOC LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 3/19/2007-Present |
| 216 | 417 EAST 114 ST, New York County | DDEH 417E 114ST LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | JOEL GOLDSTEIN | E&M BRONX ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 3/19/2007-Present |
| 217 | 419 EAST 114 ST, New York County | DDEH 411 E 114 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210  150 WEST 30TH ST, 2ND FL NEW YORK, NY 10001 | JOEL GOLDSTEIN | E&M BRONX ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 3/19/2007-Present |
| 218 | 421 EAST 114 ST, New York County | DDEH 421 EAST 114TH ST LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | JOEL GOLDSTEIN | E&M BRONX ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 3/19/2007-Present |
| 219 | 423 EAST 114 ST, New York County | DDEH 411 E 114 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | JOEL GOLDSTEIN | E&M BRONX ASSOCIATES 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 3/19/2007-Present |
| 220 | 131 W 112TH ST, New York County | 131 -133 WEST 112 STREET LLC1465A FLATBUSH AVEBROOKLYN, NY 11210 | IRVING LANGER | E&M BRONX ASSOC.975 WALTON AVEBRONX, NY 10452 | 11/14/2013-Present |
| 221 | 124 W 112TH ST, New York County | 124 WEST 112 STREET LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | IRVING LANGER | E&M BRONX ASSOC. 975 WALTON AVE BRONX, NY 10452 | 11/14/2013-Present |
| 222 | 126 W 112TH ST, New York County | 126 WEST 112 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | JOEL GOLDSTEIN IRVING LANGER | MANHATTAN VALLEY WEST LLC 975 WALTON AVE BRONX, NY 10452 | 11/14/2013-Present |
| 223 | 140 W 112TH ST, New York County | MANHATTAN VALLEY WEST LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | JOEL GOLDSTEIN IRVING LANGER | E&M BRONX ASSOC 975 WALTON AVE BRONX, NY 10452 | 11/14/2013-Present |

| 224 | 310 W 112TH ST, New York County | 310 WEST 112TH STREET 1465A FLATBUSH AVE BROOKLYN, NY 11210 | JOEL GOLDSTEIN | E&M BRONX ASSOC 975 WALTON AVE BRONX, NY 10452 | 11/14/2013-Present |
|---|---|---|---|---|---|
| 225 | 303 W 111TH ST, New York County | 303 WEST 111 LLC 1465A FLATBUSH AVE BROOKLYN, NY 11210 | JOEL GOLDSTEIN | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 11/14/2013-Present |
| 226 | 2051 FREDERICK DOUGLASS BOULEVARD/302 W 111TH ST/2051 8TH AVE, New York County | 301 West 111-2051 8 LLC 1465A Flatbush Avenue Brooklyn, NY 11210 | Scott Katz | E&M BRONX ASSOC. 1465A FLATBUSH AVE BROOKLYN, NY 11210 | 11/14/2013-11/10/2014 |
| 227 | 117-125 WEST 141 ST , New York County | 117 WEST 141 LLC 3611 14TH AVE, SUITE 603 BROOKLYN, NY 11218<br><br>Note: Partnership with Guardian Realty Management | MEILECH WEISS | 117 WEST 141 LLC 3611 14TH AVE, SUITE 603 BROOKLYN, NY 11218 | 03/08/2016 - Present |
| 228 | 127-135 WEST 141 ST, New York County | 127 WEST 141 LLC 3611 14TH AVE, SUITE 603 BROOKLYN, NY 11218<br><br>Note: Partnership with Guardian Realty Management | MEILECH WEISS | 127 WEST 141 LLC 3611 14TH AVE, SUITE 603 BROOKLYN, NY 11218 | 03/08/2016 - Present |
| 229 | 137-145 WEST 141 ST, New York County | 137 WEST 141 LLC 3611 14TH AVE, SUITE 603 BROOKLYN, NY 11218<br><br>Note: Partnership with Guardian Realty Management | MEILECH WEISS | 137 WEST 141 LLC 3611 14TH AVE, SUITE 603 BROOKLYN, NY 11218 | 03/08/2016 - Present |
| 230 | 3030 VALENTINE AVE, Bronx County | 3030 VALENTINE AVEOWNER LLC85 W 188TH STBRONX, NY 10468Note: Address on deed is 1465A Flatbush Ave, Brooklyn, NY 11210 | GZIM CELAJ | 3030 VALENTINE AVEOWNER LLC85 W 188TH STBRONX, NY 10468 | 03/15/2012 - Present |