16-CV-03851 (LTS)(GWG)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USVALDO CONTRERA, FRANCISCO LOPEZ,
PEDRO BATISTA, FABIAN HERRERA and
ANTONIO REYES, individually, and on behalf of all
others similarly situated,

                                                    Plaintiffs,

                         -against-

IRVING LANGER, et al.

                                                    Defendants.

## DEFENDANTS' MEMORANDUM OF
## LAW IN SUPPORT OF THEIR PARTIAL
## MOTION TO DISMISS

**MELTZER, LIPPE, GOLDSTEIN
& BREITSTONE, LLP**
Attorneys for the Defendants
190 Willis Avenue
Mineola, N.Y. 11501
(516) 747-0300
Gerald C. Waters, Jr., Esq
Larry R. Martinez, Esq.
Loretta M. Gastwirth, Esq.

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................1

STATEMENT OF FACTS AND RELEVANT PROCEDURAL POSTURE....................3

ARGUMENT....................................................................................................................6

POINT I - APPLICATION OF THE "JANITORIAL EXEMPTION"
REQUIRES THE DISMISSAL OF PLAINTIFFS CONTRERA
AND LOPEZ' NYLL OVERTIME CLAIM PURSUANT TO FRCP 12(b)(6) ...................6

  A.   The Janitorial Exemption .............................................................................6

  B.   Plaintiffs Contrera And Lopez' Amended Complaint Admissions
      Satisfy The Janitorial Exemption.....................................................................7

  C.   Plaintiffs Contrera And Lopez's NYLL Overtime Claims Must Be Dismissed........10

POINT II - PLAINTIFF LOPEZ' FLSA CLAIMS ARE TIME-BARRED
PURSUANT TO THE STATUTE OF LIMITATIONS AND MUST BE
DISMISSED AS A MATTER OF LAW................................................................................11

  A.   The FLSA Statute of Limitations...............................................................11

  B.   Named Plaintiff Lopez' FLSA Claims Must Be Dismissed As Time-Barred ...........13

POINT III – PLAINTIFFS' NYLL CLAIMS ARE NOT CAPABLE
OF RULE 23 CERTIFICATION AND PLAINTIFFS CANNOT
ESTABLISH THE EXISTENCE OF A JOINT EMPLOYER
RELATIONSHIP BETWEEN ALL DEFENDANTS..........................................................14

CONCLUSION................................................................................................................18

# TABLE OF AUTHORITIES

**Cases**                                                                                      **Pages**

**Federal Cases**
Apolinar v. R.J. Rest., LLC, 2016 WL 2903278 (S.D.N.Y. May 18, 2016) ................................ 17
Atkins v. General Motors Corp., 701 F.2d 1124 (5th Cir. 1983)............................................. 13
Bonilla v. Las Vegas Cigar Co., 61 F. Supp. 2d 1129 (D.Nev. 1999)........................................ 12
El v. Potter, 2004 WL 2793166 (S.D.N.Y. Dec. 6, 2004) ................................................... 12
Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 101 (S.D.N.Y. 2003).................. 12
Gonzalez v. El Acajutla Restaurant, Inc., 2007 WL 869583 (E.D.N.Y. Mar. 20, 2007) . 11, 12, 13
Harper v. Government Employees Ins. Co., 980 F. Supp. 2d 378 (E.D.N.Y. 2013)..................... 8
Hart v. Rick's Cabaret Int'l, Inc.. 967 F. Supp. 2d 901, (S.D.N.Y. 2013)................................... 16
Hasken v. Louisville, 234 F. Supp. 2d 688 (W.D.Ken. 2002)................................................ 12
Hoffman v. Sbarro, Inc., 982 F. Supp. 249 (S.D.N.Y.1997) ................................................ 12
Kern v. Siemens Corp., 393 F.3d 120 (2d Cir. 2004)......................................................... 11
Koljenovic v. Marx, et al., 999 F. Supp. 2d 396 (E.D.N.Y. 2014) .................................. 6, 8, 9, 10
Lopez v. Acme Am. Envtl. Co., 2012 WL 6062501 (S.D.N.Y. Dec. 6, 2012) ............................ 17
Morangelli v. Chemed Corp., 922 F. Supp. 2d 278 (E.D.N.Y. 2013) ..................................... 17
Patton v. Thompson Corp., 364 F. Supp. 2d 263 (E.D.N.Y. 2005)......................................... 12
Schmidt v. Emigrant Indus. Sav. Bank, 148 F.2d 294 (2d Cir. 1945)......................................... 8
Songu-Mbriwa v. Davis Memorial Goodwill Indus., 144 F.R.D. (D.D.C. 1992) ...................... 13
Wal-Mart Stores, Inc. v. Dukes, 564 U.S. __ (2011); 131 S. Ct. 2541 (2011)............................ 16
Wolman v. Catholic Health System, 853 F. Supp. 2d 290 (E.D.N.Y. 2012)............................... 17

**State Cases**
Leich v. Borchard Affiliations, 256 A.D. 1019, 1019 (3d Dep't 1939) ........................................ 8

**Federal Statutes**
29 U.S.C. §216(b) ................................................................................... 11, 13, 14
29 U.S.C. §255 ............................................................................................ 13
29 U.S.C. §255(a) ........................................................................................ 11
29 U.S.C. §256(a), (b)........................................................................... 12, 13, 14

**Federal Rules**
Federal Rule of Civil Procedure 12(b)(6) ..................................................................... 3
Federal Rule of Civil Procedure 16 ..................................................................... 1, 3, 6
Federal Rule of Civil Procedure 23 .......................................................................... 11

**New York State Regulations**
12 NYCRR §141-1.4 ................................................................................... 7, 10
12 NYCRR §141-3.1 ........................................................................................ 7
12 NYCRR §141-3.4 .................................................................................. 7, 9, 10

## PRELIMINARY STATEMENT

Former purported building Superintendents, Handymen and Porters Usvaldo Contrera ("Contrera") (Superintendent), Francisco Lopez ("Lopez") (Superintendent), Pedro Batista (Handyman, and later Superintendent), Fabian Herrera (Porter and "temporary" Superintendent) and Antonio Reyes (Handyman) ("Plaintiffs") bring this action on behalf of themselves and others purportedly similarly situated seeking payment of minimum wages and overtime pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiffs also bring claims pursuant to the New York Labor Law ("NYLL") alleging: (1) violation of the Wage Theft Prevention Act's ("WTPA") notice provisions, (2) unlawful wage deductions, and (3) overtime, for which they seek to certify a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP"). As noted herein, the application of the "Janitorial Exemption" undisputedly requires dismissal of Plaintiffs' Contrera and Lopez' NYLL overtime claims (and any NYLL overtime claims purportedly brought on behalf of a "class" of Superintendents and Porters in this action). Additionally, Plaintiff Lopez' FLSA claims are time-barred and must be dismissed.

Janitors in New York residential buildings are not entitled to payment of overtime. Despite this well-established statutory and case law, Plaintiffs Contrera and Lopez blindly assert this meritless claim – for the first time – in the Amended Complaint. Curiously, although Plaintiffs Contrera and Lopez claim they are entitled to overtime, they admit they worked as the live-in janitor of a residential building. Moreover, they admit and describe in great detail the physical janitorial duties they were required to perform (as noted below, the term "Superintendent" is common parlance in New York for the term "janitor"). Accordingly, Plaintiffs Contrera and Lopez, who were admittedly employed as "janitors", were never entitled to payment of overtime wages. As such, their individual claims for same must be dismissed.

Tellingly, the validity of Defendants' argument was recently conceded by Plaintiffs' counsel before this Court. Indeed, Plaintiffs' counsel acknowledged during a June 14, 2017 conference before Your Honor his office did <u>not</u> present a NYLL claim for overtime in the initial Complaint based on the application of the Janitorial Exemption Defendants now assert through this motion. Further, Plaintiffs' counsel advised the Court, if he were to amend the Complaint to add a class-based NYLL overtime claim, it would be in behalf of porters – not janitors. Defendants have no interest in why Plaintiffs' counsel decided to add an overtime claim for janitors, despite his acknowledgement of the janitorial exemption. However, the undisputable fact remains: no overtime claim for janitors (specifically Plaintiffs Contrera and Lopez, at this time) may exist or proceed in this matter.

Additionally, Plaintiff Lopez' FLSA claims are unquestionably time-barred. As the Court is likely aware, claims pursuant to the FLSA must be brought (at the latest) within three (3) years of their occurrence. Plaintiff Lopez admits his last date of employment with any Defendant was April 30, 2014; however, he did not file an "opt-in" form pursuant to sections 216(b) and 256 of the FLSA until July 25, 2017 – three years, three months after his employment ended. The timely filing of a section 216(b) and 256 "opt-in" form is a statutory prerequisite for the tolling of the statute of limitations, even for plaintiffs named in the caption of a complaint. Accordingly, because Lopez did not file his opt-in form within the statute of limitations period, his FLSA claims are undoubtedly time-barred and must be dismissed, as a matter of law.

In sum, the basis of the instant motion is founded upon well-established law, current New York and federal statutes and regulations, as well as, most critically, Plaintiffs' allegations and admissions included in the Amended Complaint. Accordingly, the noted claims are ripe for

dismissal. As such, Defendants[1] now move to dismiss Plaintiff Contrera's Seventh cause of action (NYLL overtime) and Lopez' First, Second and Seventh cause of action (FLSA minimum wage, FLSA overtime and NYLL overtime) pursuant to FRCP 12(b)(6).

## STATEMENT OF FACTS AND RELEVANT PROCEDURAL POSTURE[2]

On May 23, 2016, Plaintiffs Contrera and Lopez filed a Complaint in which they alleged various wage and hour claims. See ECF Doc. 1. The Complaint did not include any annexed consent to join form as required by the FLSA. ECF Doc. 1. Between May 23, 2016 and July 27, 2017 the parties engaged in motion practice and numerous conferences regarding the plausibility of the causes of action alleged in the Complaint.

On March 7, 2017, Plaintiffs' counsel filed a motion for conditional certification of a collective action, which Defendants opposed on April 24, 2017. See, i.e., ECF Docs. 104, 117. On June 1, 2017 the instant matter was referred to Your Honor for, *inter alia*, general pretrial matters. ECF Doc. 120. Immediately thereafter, Your Honor scheduled an FRCP 16 conference. ECF Doc. 121. On June 14, 2017, Your Honor held the aforementioned FRCP 16 conference. ECF Doc. 125.

During the FRCP 16 conference, Your Honor inquired whether the initial Complaint included a claim for failure to pay overtime pursuant to the NYLL. Plaintiffs' counsel's response, which is noted below, is relevant to the instant motion to dismiss:

> Now, at the time we filed the complaint, Your Honor, counsel is correct, at that time we did not include an overtime claim under the New York Labor Law, but something happened since then which is we have an opt-in plaintiff. We had someone who opted in who is a porter who we have an affidavit from in the certification motion who does have

---

[1] The instant motion is made on behalf of all named Defendants for whom a notice of appearance has been entered by our office. See, ie., ECF Doc. 175.

[2] Nothing herein shall be considered an admittance of the facts as alleged in the Amended Complaint, and Defendants reserve their right to deny and/or dispute any and/or all of the allegations contained within the Amended Complaint in subsequent Pleadings.

an overtime claim. <u>The superintendents that we had (inaudible), there was a question as to whether they had legitimate overtime claims under New York Labor Law because of the janitor exemption.</u>

So we now have someone who's involved in the case, albeit not a named plaintiff, with a New York Labor Law overtime claim, we're including porters, and to the extent we need to amend, we're ready to do that immediately. But we do assert at this point, we do have a plaintiff with a claim for New York labor law overtime.

June 14, 2017 Transcript ("Tr."), p. 29, ll. 23-25, p. 30, ll. 1-14 (emphasis added).

Later during the conference, Plaintiffs' counsel advised "[w]e can file an amended complaint including the claims of the porters immediately." Tr. at p. 36, ll. 5-6. On July 27, 2017 Plaintiffs filed their First Amended Complaint (the "Amended Complaint") which, most notably, included an overtime claim pursuant to the NYLL. ECF Doc. 156. Contrary to Plaintiffs' counsel's representations to the Court at the June 14, 2017 conference – whereby he stated the overtime class claim to be added was limited to <u>porters</u> – the Amended Complaint included an overtime claim for <u>superintendents</u> (and handymen) as well. Amended Complaint ¶¶430-436. The New York Labor Law ("NYLL") overtime claim is alleged on an individual and class basis for all putative plaintiffs (including Superintendents, Porters and Handymen). Amend. Compl. at ¶¶430-36. As it pertains to the applicability of the Janitorial Exemption, the Amended Complaint asserts the following facts:

### Plaintiff Contrera[3]

Named Plaintiff Contrera alleges he worked for the Defendants as the Superintendent of the residential apartment building located at 655 West 160th Street, New York New York 10032 ("655 West 160[th]") from in or about 2005 through on or about July 1, 2015. Amend. Compl. at ¶¶2, 36-38. Contrera's responsibilities as Superintendent of 655 West 160th included, among

---

[3] Although the instant motion to dismiss focuses solely on the individual NYLL overtime claims for the two Superintendents noted herein (Plaintiffs Contrera and Lopez) Defendants aver the legal analysis and well-established case law cited herein will be applicable to the entire class. As such, Defendants reserve the right to assert the "Janitorial Exemption" later in this matter, including but not limited to, up to and during the trial of this matter. See Point III infra.

other tasks:

> maintaining the building's appearance, cleaning, mopping, minor repairs, plastering, minor plumbing, accepting oil deliveries, purchasing supplies, communicating with tenants regarding minor repairs, sweeping the sidewalk, recycling, garbage, cleaning the elevator hold, showing vacant apartments, cleaning and removing discarded items from newly-vacated apartments, installing kitchen appliances including stoves and refrigerators, maintaining bathroom and kitchen faucets, lifting locks, patching drywall, communicating with contractors, shoveling snow, and allowing emergency responders, including police, ambulance and fire personnel, into the building at all hours of the night and day, and generally serving as the first point of contact for resident service requests.

Amend. Compl. at ¶350.

As the Superintendent, Contrera was required, as a condition of his employment, to reside

at 655 West 160th. Amend. Compl. at ¶356.

### Plaintiff Lopez

Named Plaintiff Lopez alleges he worked for the Defendants as the Superintendent of the

residential apartment building located at 638 West 160th Street, New York New York 10032

("638 West 160th") from in or about March 1995 through on or about April 30, 2014. Amend.

Compl. at ¶¶2, 45. Lopez' responsibilities as Superintendent of 638 West 160th included, among

other tasks:

> maintaining the appearance of the building, cleaning, mopping, minor repairs, plastering, minor plumbing, accepting oil deliveries, ordering supplies, communicating with tenants regarding minor repairs, sweeping the sidewalk, recycling, garbage, cleaning and removing discarded items from newly-vacated apartments, installing kitchen appliances including stoves and refrigerators, maintaining bathroom and kitchen faucets, communicating with contractors, allowing emergency responders, including police, ambulance and fire personnel, into the building at all hours of the night and day, shoveling snow, and performing other tasks at all hours.

Amend. Compl. at ¶364.

As the Superintendent, Lopez was required, as a condition of his employment, to reside at

638 West 160th. Amend. Compl. at ¶365. Lopez filed a Consent to Join form (or "opt-in" form)

in the instant matter on July 25, 2017. ECF Doc. 153

# ARGUMENT

## POINT I

### APPLICATION OF THE "JANITORIAL EXEMPTION" REQUIRES THE DISMISSAL OF PLAINTIFFS CONTRERA AND LOPEZ' NYLL OVERTIME CLAIM PURSUANT TO FRCP 12(b)(6)

A.    The Janitorial Exemption

Plaintiffs Contrera and Lopez assert (individually and as purported representatives of a class) a claim for overtime pursuant to the NYLL.  Amend. Compl. ¶¶430-36.  Specifically, Plaintiffs Contrera and Lopez alleged "Defendants willfully failed to pay [them] for all of the hours that they worked in excess of 40 hours in a workweek . . . at a rate of time and one-half their regular hourly rate for all hours worked in excess of 40 hours per workweek."  Amend. Compl. ¶¶432-33.  As explained below, Plaintiffs Contrera and Lopez were not entitled to payment of overtime premium for hours worked in excess of forty (40) per workweek pursuant to the "Janitorial Exemption."

The New York State Department of Labor ("NYDOL") has "promulgated specific minimum wage regulations for the 'Building Service Industry.'"  Koljenovic v. Marx, et al., 999 F. Supp. 2d 396, 399 (E.D.N.Y. 2014).  Pursuant to the aforementioned Minimum Wage Order for the Building Service Industry (the "Wage Order"), the term Building Services Industry is defined to include:

> any person, corporation or establishment engaged in whole or in part in renting, servicing, cleaning, maintaining, selling, or managing buildings or building space, and all occupations, operations and services in connection therewith or incidental thereto.  The industry includes, but is not limited to, real estate owners, building owners, operators, lessors, managing agents and independent contractors.

12 NYCRR §141-3.1

Pursuant to the Wage Order, "[a]n employer shall pay an employee, *except a janitor* in a residential building, for overtime at a wage rate of 1 ½ times the employee's regular rate for

hours worked in excess of 40 hours in a workweek." 12 NYCRR §141-1.4 (emphasis added). The Wage Order defines "janitor" as:

> a person employed to render any physical service in connection with the maintenance, care or operation of a residential building.  Where there is only one employee, such employee shall be deemed the janitor.  Where there is more than one employee in the building, the employer shall designate an employee who lives in the building as the janitor.  No building may have more than one janitor.

12 NYCRR §141-3.4.

Stated another way, an individual covered by the Wage Order is not entitled to payment of overtime premium for hours worked over forty (40) in a workweek if the covered individual (1) works in a residential building; (2) is employed to perform any physical service in connection with the maintenance, care or operation of the building; and (3) is the only such individual performing such services in the building, or (4) lives in the building as the janitor.  12 NYCRR §141-3.4. Given their Amended Complaint admissions, Plaintiffs Contrera and Lopez satisfy the definition of "janitor" and are therefore not entitled to overtime premium for hours worked over forty (40) in a workweek.

      B.      <u>Plaintiffs Contrera And Lopez' Amended Complaint Admissions Satisfy The Janitorial Exemption</u>

          i.      <u>Plaintiffs Contrera and Lopez Are Subject To The Wage Order</u>

Plaintiffs Contrera and Lopez are admittedly covered by the Wage Order, as they allege they performed physical work services as Superintendents at residential apartment buildings located within New York, New York. Amend. Compl. ¶¶2; 36-38; 45, 350, 356, 364, 365; <u>and see</u> 12 NYCCR §141-3.1 (including "any person . . . engaged in whole or in part in  . . . servicing, [or] maintaining buildings . . . and all occupations . . . in connection therewith . . ..); <u>and see Marx</u>, 999 F. Supp. 2d at 399-402 (applying the Wage Order as the controlling regulation for live-in janitors in New York City).

ii.     Plaintiffs Contrera and Lopez Admit They Worked In A Residential Building

Plaintiffs Contrera and Lopez admit they worked, respectively, at 655 West 160th and 638 West 160th during times relevant to this matter.  Amend. Compl. ¶¶36, 45.  Both of these buildings are alleged to be two of the "262 apartment buildings [] throughout New York City that were owned and controlled by the Defendants."  Amend. Compl. ¶2.  As such, since Plaintiffs Contrera and Lopez admit they worked at "apartment buildings", they satisfy the Wage Order requirement that their janitorial work be performed in a "residential building."  12 NYCRR §141-3.4.

iii.     Plaintiffs Contrera and Lopez Admit They Worked As The "Janitor"

Critically, Plaintiffs Contrera and Lopez admit they worked as a "janitor."  Specifically, both Contrera and Lopez admit they performed work services as "Superintendents."  Amend. Compl. ¶¶36, 45 (e.g., "Contrera worked as a Superintendent" (¶36); "Lopez worked as a Superintendent" (¶45)).  Although Plaintiffs Contrera and Lopez are identified in the Amended Complaint as "Superintendents" this term "in the common parlance of New York City refers to a resident janitor."  Marx, 999 F. Supp. 2d at 400, citing Leich v. Borchard Affiliations, 256 A.D. 1019, 1019 (3d Dep't 1939); Schmidt v. Emigrant Indus. Sav. Bank, 148 F.2d 294, 295-96 (2d Cir. 1945); Harper v. Government Employees Ins. Co., 980 F. Supp. 2d 378, 385 (E.D.N.Y. 2013).  As such, it cannot be disputed Plaintiffs Contrera and Lopez admit they worked as "janitors."

iv.     Plaintiffs Contrera And Lopez Admit They Performed Physical Service In Connection With The Maintenance, Care Or Operation Of A Residential Building

Moreover, both Plaintiffs Contrera and Lopez admit they performed "physical service in connection with the maintenance, care of operation of a residential building."  12 NYCRR §141-

3.4.   As noted above, Plaintiffs Contrera and Lopez admit they performed such tasks as maintaining the appearance of the building; cleaning; minor repairs; minor plumbing; sweeping the sidewalk; recycling; garbage; maintaining bathroom and kitchen faucets and related duties. Amend. Compl. ¶¶350, 364.  These duties admittedly involve "physical service" related to the "maintenance" of a residential building.  12 NYCRR §141-3.4.

Straightforward   application   of   Plaintiffs   Contrera   and   Lopez'   admitted   duties unquestionably satisfy the statutory definition of janitor.  Indeed, Plaintiffs Contrera and Lopez admit to performing significantly more janitorial duties than the plaintiffs in Koljenovic v. Marx. In Koljenovic v. Marx the plaintiffs only admitted to performing the following duties: making basic plumbing and electrical repairs, maintaining the boilers and preparing vacated apartments for new tenants, answering tenant calls, monitoring repairs made in apartments, and responding to calls regarding same.   Given the aforementioned admitted duties, District Court Judge Gershon determined "[t]here is no question that plaintiffs' work fell within [the 'physical service in connection with the maintenance, care or operation of a residential building'] statutory definition" of janitor.  Marx, 999 F. Supp. 2d at 401.

In the instant matter, Plaintiffs Contrera and Lopez admit to performing the same duties as the plaintiffs in Marx – and significantly more.  For example, like the plaintiffs in Marx, Plaintiffs Contrera and Lopez admit to making minor plumbing repairs; cleaning and showing vacant apartments; and communicating with tenants, including communication regarding minor repairs.  Amend. Compl. ¶¶350, 364.  In addition to the duties Plaintiffs Contrera and Lopez share with the plaintiffs in Marx, they (Contrera and Lopez), also swept the sidewalk, performed recycling and garbage duties, accepted oil deliveries, installed kitchen appliances including stoves and refrigerators, shoveled snow, and performed additional relevant duties.  ¶¶350, 364.

Given the above admissions, it is beyond peradventure that Plaintiffs Contrera and Lopez performed "physical service in connection with the maintenance, care or operation" of the residential buildings at which they were live-in janitors.

v.    <u>Plaintiffs Contrera And Lopez Admit They Lived In The Building At Which They Performed Janitorial Services</u>

Plaintiffs Contrera and Lopez both admit they were required, as a condition of their employment, to reside in the residential building at which they performed janitorial services. Amend. Compl. ¶¶356, 365. As such, Plaintiffs Contrera and Lopez were, admittedly, the "live-in" janitor for purposes of the "Janitorial Exemption." 12 NYCRR §141-3.4

C.    <u>Plaintiffs Contrera And Lopez' NYLL Overtime Claims Must Be Dismissed</u>

As set forth above, the undisputed facts establish Plaintiffs Contrera and Lopez qualified as exempt janitors in a residential building. Specifically, they provided "physical service[s] in connection with the maintenance, care or operation of a residential building"; they live[d] in the building[s] in which they worked; and they were the designated janitor in their respective building. 12 NYCRR §141-3.4, <u>see also</u>, <u>Marx</u>, 999 F. Supp. 2d at 400. As such, they were not entitled to payment of an overtime premium for hours worked over forty (40) in a workweek. 12 NYCRR §141-1.4; <u>see also</u>, <u>Marx</u>, 999 F. Supp. 2d at 402 (dismissing NYLL overtime claims of two janitors pursuant to §141-1.4; §141-3.4). Accordingly, the Court should dismiss Plaintiffs Contrera and Lopez' claims for overtime (the Seventh Cause of Action) pursuant to the Janitorial Exemption (<u>e.g.</u>, 12 NYCRR §141-1.4). It need only be noted that, to the extent Plaintiffs Contrera and Lopez assert similar NYLL overtime claims on behalf of a potential class of Superintendents and Porters, such claims would be equally subject to dismissal pursuant to the application of the Janitorial Exemption.

## POINT II

### PLAINTIFF LOPEZ' FLSA CLAIMS ARE TIME-BARRED PURSUANT TO THE STATUTE OF LIMITATIONS AND MUST BE DISMISSED AS A MATTER OF LAW

A.    The FLSA Statute of Limitations

Pursuant to the FLSA, an employee "must raise a claim within two years of an employer's non-willful violation of the FLSA, or within three years of a willful violation." Gonzalez v. El Acajutla Restaurant, Inc., 2007 WL 869583, *4 (E.D.N.Y. Mar. 20, 2007), citing 29 U.S.C. §255(a). Plaintiff Lopez asserts, individually and on behalf of the purported FLSA collective, a willful failure to pay minimum wage, and overtime. Amend. Comp. ¶¶1, 402, 405, 411, 412. As such, Plaintiff Lopez' FLSA minimum wage and overtime claims are, arguably, subject to a three year statute of limitations.[4] See, Gonzalez, 2007 WL 869583 at *4; 29 U.S.C. §255(a).

As noted above, Plaintiffs seek to proceed in this matter as a collective action. The FLSA collective action is "unique" as "[s]uch a lawsuit is not like a class action under Federal Rule of Civil Procedure 23, in which all potential plaintiffs are included as class members unless they take affirmative steps to 'opt out.'" Gonzalez, 2007 WL 869583 at *4, quoting Kern v. Siemens Corp., 393 F.3d 120, 128 (2d Cir. 2004), additional citations omitted. Instead, putative members of an FLSA collective action "must expressly 'opt-in' to the suit by filing a written consent to join the action." Gonzalez, 2007 WL 869583 at *4 citing 29 U.S.C. §216(b); Patton v. Thompson Corp., 364 F. Supp. 2d 263, 266 (E.D.N.Y. 2005).

Critically, "[a]n individual who fails to 'opt-in' to a fellow employee's FLSA collective action is thus not bound by the outcome of the litigation." Gonzalez, 2007 WL 869583 at *4,

---

[4] Although Defendants deny any allege wage and hour violation was "willful" or intentional, for purposes of this motion only, Defendants accept, as it must, the allegation as true.

citing El v. Potter, 2004 WL 2793166, *8 (S.D.N.Y. Dec. 6, 2004). Notably, the statute of limitations for an individual who seeks to join in an FLSA collective action continues to run, until and unless s/he files an opt-in form. Indeed, an FLSA collective action suit begins for an individual plaintiff:

> (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint **and** his written consent to become a party is filed on such date in the court in which the action is brought; or,
> (b) if such written consent was not so filed or if his name did not so appear – on the subsequent date on which such written consent is filed in the court in which the action was commenced.

29 U.S.C. §256(a),(b) (emphasis added).

The case law in this area, "like the statute itself, requires named plaintiffs as well as others to submit a written consent to join in a collective action under the FLSA, and is not satisfied by the filing of the complaint itself." El, 2004 WL 2793166 at *8. See also, Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 101, 104 (S.D.N.Y.2003) (noting "only by 'opting in' will the statute of limitations on potential plaintiffs' claims be tolled"); Hoffman v. Sbarro, Inc., 982 F.Supp. 249, 260 (S.D.N.Y.1997) (same); Patton v. Thomson Corp., 364 F. Supp. 2d 263, 266 (E.D.N.Y. 2005) (same); Hasken v. Louisville, 234 F. Supp. 2d 688, 691 (W.D.Ken. 2002) (stating "the statute of limitations [in an FLSA collective action case] continues to run as to each individual plaintiff until he or she files a written consent to become part of the action."); Bonilla v. Las Vegas Cigar Co., 61 F. Supp. 2d 1129, 1132-33 (D.Nev. 1999)(noting "when plaintiffs have filed a 'collective action' under §216(b), all plaintiffs, must file a consent to suit with the court in which the action is brought. Although the consents may be filed after the complaint, the action is not deemed commenced with respect to each individual plaintiff until his or her consent has been filed"), citing Atkins v. General Motors Corp., 701 F.2d 1124, 1130 n.5 (5th Cir. 1983); Songu-Mbriwa v. Davis Memorial Goodwill Indus., 144

F.R.D. 1, 2 (D.D.C. 1992) ("Until a plaintiff, even a named plaintiff, has filed a written consent, she has not joined in the class action, at least for statute of limitations purposes"), citing 29 U.S.C. §255.

In the instant matter, Plaintiff Lopez' claim must be dismissed based on his failure to file a timely opt-in form.

B.     Named Plaintiff Lopez' FLSA Claims Must Be Dismissed As Time-Barred

Plaintiff Lopez alleges his employment with any Defendant ended on or about April 30, 2014. Amend. Compl. ¶45. Plaintiff Lopez is a named Plaintiff in this matter. See Complaint (ECF Doc. 1); Amend. Compl. (ECF Doc. 129). However, Plaintiff Lopez did not file any written consent to join form when the Complaint or Amended Complaint was filed. See ECF Docs 1, 129. Instead, Plaintiff Lopez filed a consent to join (or "opt-in") form on July 25, 2017 – approximately three years, three months after his alleged employment with any Defendant ended. See ECF Doc. 153. As noted above, the statute of limitations for alleged willful violations of the FLSA is three years. As Plaintiff Lopez' consent to join form was filed three months after the longest statute of limitations period expired, Plaintiff Lopez' minimum wage and overtime claims pursuant to the FLSA must be dismissed. See Gonzalez, 2007 WL 869583 at *4 (dismissing FLSA claims of a named plaintiff as time-barred, based on his failure to timely file a consent to join form); and see 29 U.S.C. §256(a),(b).

Further, to the extent Plaintiff Lopez attempts to argue the date he executed the opt-in form (May 23, 2016) should control for statute of limitations purposes, such argument is without legal support and must be rejected. As noted above, 29 U.S.C. Sections 216(b) and 256 and case law interpreting same require that a plaintiff actually file the opt-in form to commence an action pursuant to the FLSA. See supra. As such, if Plaintiff Lopez attempts to argue he "wanted" to

join the case on May 23, 2016, and should not be penalized for filing the opt-in form more than fourteen (14) months later, no support exists for that novel and baseless position. Accordingly, the Court should reject any such meritless argument.

In sum, it cannot be disputed that named Plaintiff Lopez failed to file a consent to join form within the three year period following the last date of his alleged employment with any Defendant. As such, pursuant to 28 U.S.C. §256(a),(b), and the case law cited above, Plaintiff Lopez' individual FLSA claims (the First and Second Cause of Action) are time-barred and must be dismissed.

**POINT III**

**PLAINTIFFS' NYLL CLAIMS ARE NOT CAPABLE OF RULE 23 CERTIFICATION AND PLAINTIFFS CANNOT ESTABLISH THE EXISTENCE OF A JOINT EMPLOYER RELATIONSHIP BETWEEN ALL DEFENDANTS**

Defendants note the arguments presented in this partial motion to dismiss are limited to the individual claims of Plaintiffs Contrera and Lopez. Defendants aver the legal arguments presented herein, especially those noted in Point I, may later be applicable to other Plaintiffs, including the entire purported NYLL class or FLSA collective action. Similarly, Defendants do not waive any right to assert legal arguments not presented herein.

For example, Defendants consider the application and analysis of the "Janitorial Exemption" to be of a specific and extremely individualized nature. Analysis of whether the Janitorial Exemption applies to each "Superintendent" in the purported class action (like many of Plaintiffs' claims) will require a dedicated, unduly time consuming and specific analysis of whether each putative class member satisfies the Janitorial Exemption. Such individualized analysis (a) will require countless hours of discovery-related investigation including written discovery and depositions; and, (b) is counterintuitive to proceeding on a class basis.

Additionally, Plaintiffs also assert NYLL §193 and §195 claims for alleged improper deductions, and wage statement/wage notice violations on a class wide basis. Amend. Compl. at ¶¶413-15; 420-24; 425-429 (Amend. Compl. Causes of Action Three, Five and Six). As with the NYLL overtime claim, these causes of action also require an individualized analysis and are not capable of class resolution. For example, these claims will require the parties analyze each purported plaintiff's deductions (if any were made) including the basis for same. Additionally, the claims will undoubtedly require an analysis of each purported plaintiff's notices pursuant to NYLL §195, including an analysis of whether such plaintiffs were entitled to same (based on their date of hire, the date of the implementation of the New York Wage Theft Prevention Act, and amendments to same).

Plaintiffs' fourth NYLL claim for which they also seek to proceed on a class basis is equally incapable of class wide resolution. For example, it will be nearly impossible for the Plaintiffs to establish that the claims of the named Plaintiffs are typical of the claims of the class. The validity of Defendants' position is only highlighted by the instant motion which concerns two of the named Plaintiffs admittedly presenting absolutely no claim for overtime based on the Janitorial Exemption. Of course, at the same time, Plaintiffs Contrera and Lopez contradictorily assert they are representative of the entire purported class (which claims to have a valid NYLL overtime claim). Amend. Compl. ¶2. Simply stated, Defendants aver Plaintiffs' NYLL overtime (and other) claims will face insurmountable factual and legal issues related to, *inter alia*, predominance which will preclude Plaintiffs from identifying "common answers" which are "apt to drive the resolution of the litigation." Wal-Mart Stores, Inc. v. Dukes, 564 U.S. __ (2011); 131 S. Ct. 2541, 2551 (2011).

However, at this stage of the proceedings, Defendants proceed with a partial motion to

dismiss, rather than a more comprehensive motion. As noted above, Defendants reserve all rights and defenses regarding same and by submitting this motion, have not waived any such rights or defenses or ability to request the ability to file any additional motions in this matter.

Finally, currently pending before the Court is Plaintiffs' motion to conditionally certify a Collective Action comprised of all Superintendents, Porters, and Handymen allegedly employed by all Defendants predicating their Motion on the misguided premise that all Defendants are liable as Plaintiffs' "joint" employer under an "integrated enterprise"[5] theory of liability. In order to sustain such a broad collective, Plaintiffs first must establish that every Defendant was their "joint" employer. Plaintiffs argue that 234 corporate and four individual Defendants constitute an "E&M Enterprise" because they were in the same industry, at the same address, and under common control based on an "integrated enterprise" theory of liability. As set forth in Defendants' opposition to Plaintiffs' conditional certification motion, those allegations are wholly insufficient to satisfy the relevant law of this Circuit. The proper test, which Plaintiffs fail to meet, is whether all Defendants exercised any formal or functional control over labor relations impacting Plaintiffs such that they may be held liable as Plaintiffs' employer under the FLSA or NYLL.

Further, and although Defendants continue to aver citation to and reliance upon the Georgia Malone matter filed in the New York State Supreme Court, New York County is improper in this matter, it should be noted the court in Georgia Malone recently rejected a significant portion of Plaintiffs' argument in this case. As previously noted, the court in Georgia Malone specifically rejected plaintiff Georgia Malone & Company, Inc.'s argument that the

---

[5] Plaintiffs' use of an "integrated enterprise" test is improper. Its application in FLSA cases disputes has been sharply criticized by District Courts in this Circuit and has not been adopted by the Second Circuit Court of Appeals. See, e.g., Hart v. Rick's Cabaret Int'l, Inc.. 967 F. Supp. 2d 901, 940 n. 16 (S.D.N.Y. 2013) (rejecting as improper the "integrated enterprise test" and applying instead, the economic reality test consisting of formal and functional inquiries).

potential liability of one individual/corporation should be imputed to other "related" individuals and/or corporations upon an "alter ego" and/or integrated enterprise theory of liability, and instead reinforced the proposition that separate corporate formalities should be afforded their proper respect. See Decision and Order of Justice Kelly O'Neil Levy, dated June 20, 2017, a copy of which was annexed to Defendants' August 11, 2017 correspondence to the Court (ECF Doc. 180, Ex. C).

In any event, although Plaintiffs have alleged there existed common ownership and a common purpose for at least some of the Defendants, the allegations do not establish all Defendants had the required control of labor relations with Plaintiffs' identified direct corporate employers, which owned the buildings at which Plaintiffs worked. "Allegations of common ownership and common purpose, without more, do not answer the fundamental question of whether each corporate entity controlled Plaintiffs as employees." Lopez v. Acme Am. Envtl. Co., No. 12-CV-511(WHP), 2012 WL 6062501, at *4 (S.D.N.Y. Dec. 6, 2012); Wolman v. Catholic Health System, 853 F. Supp. 2d 290 (E.D.N.Y. 2012) (allegations that defendants shared a common goal insufficient to plead a joint employer relationship and survive a Rule 12(b)(6) motion). There is simply no basis alleged by Plaintiffs to support a claim that each named Defendant was the "'final decision-maker with regards to the employment issue in the underlying litigation," or that centralized control of labor relations exists across every building and every Defendant. See e.g., Morangelli v. Chemed Corp., 922 F. Supp. 2d 278, 286 (E.D.N.Y. 2013); Apolinar v. R.J. Rest., LLC, No. 15-CV-5269(ARR)(JO), 2016 WL 2903278 (S.D.N.Y. May 18, 2016). Given this, Defendants argued that any Collective must be limited to those Defendant entities which controlled the labor relations of locations where Plaintiffs worked.

Once the Court determines the pending motion for conditional certification, the

Collective, if any, and its scope (i.e., which buildings will be subject to a collective action), Defendants will be in a better position to seek dismissal of the Defendants, including the many Defendant title-holding separate limited liability companies, who clearly do not belong in this action.  Respectfully, Defendants reserve the right to do so.

## CONCLUSION

**WHEREFORE**, Defendants respectfully request this partial motion to dismiss be granted in all respects, that Plaintiffs Contrera and Lopez' claims be dismissed as noted herein (Plaintiff Contrera's Seventh Cause of Action and Plaintiff Lopez' First, Second and Seventh Causes of Action), that the relief requested therein be denied in all respects, that judgment be entered for Defendants on those Causes of Action, and that Defendants be granted costs, fees, and disbursements, together with such other and further relief as the Court deems just and proper.

Dated:       Mineola, New York
             September 8, 2017

MELTZER, LIPPE, GOLDSTEIN &
BREITSTONE, LLP

Attorneys for Defendants
190 Willis Avenue
Mineola, New York 11751
(516)747-0300
lmartinez@meltzerlippe.com

By: _____**ECF**_____/s/_____
                Larry R. Martinez, Esq.

**GERALD C. WATERS, JR., ESQ.**
**ROBERT R. BARRAVECCHIO, ESQ.**
**CHRISTOPHER P. HAMPTON, ESQ.**