```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
USVALDO CONTRERA et al.,                    :
                                            :
                Plaintiffs,                 :      REPORT AND
                                            :      RECOMMENDATION
        -v.-                                :
                                            :      16 Civ. 3851 (LTS) (GWG)
IRVING LANGER et al.,                       :
                                            :
                Defendants.                 :
---------------------------------------------------------------x
```

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

Plaintiffs Usvaldo Contrera, Francisco Lopez, Pedro Batista, Fabian Herrera, and Antonio Reyes — superintendents, handymen, and a porter at residential buildings in Upper Manhattan and the Bronx — filed this action against various individuals and entities that plaintiffs collectively refer to as "the E&M Enterprise" alleging that this enterprise employed plaintiffs. Plaintiffs make claims against the E&M Enterprise under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and several provisions of the New York Labor Law, N.Y. Lab. Law § 190 et seq. ("NYLL"). Defendants now move to partially dismiss the amended complaint as to plaintiffs Contrera and Lopez.[1] For the reasons set forth below, this motion should be denied.

---

[1] See Notice of Motion, filed Sept. 8, 2017 (Docket # 192) ("Def. Not."); Defendants' Memorandum of Law in Support of Their Partial Motion to Dismiss, filed Sept. 8, 2017 (Docket # 193) ("Def. Mem."); Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion for Partial Dismissal, filed Oct. 12, 2017 (Docket # 196) ("Pl. Mem."); Declaration of Marc Rapaport, filed Oct. 12, 2017 (Docket # 197); Defendants' Reply Memorandum of Law in Further Support of Their Partial Motion to Dismiss, filed Nov. 1, 2017 (Docket # 203) ("Def. Reply"); Plaintiffs' Sur-Reply Memorandum of Law in Further Opposition to Defendants' Motion for Partial Dismissal, filed Nov. 22, 2017 (Docket # 218); Defendants' Sur-Sur-Reply Memorandum of Law in Further Support of Their Partial Motion to Dismiss, filed Dec. 13, 2017 (Docket # 224).

I. BACKGROUND

In deciding the defendants' motion to dismiss, the Court assumes the allegations in the complaint are true and draws all reasonable inferences in plaintiffs' favor. See, e.g., Brown Media Corp. v. K&L Gates, LLP, 854 F.3d 150, 156-57 (2d Cir. 2017).

The amended complaint alleges that the defendants are business entities that owned, controlled, or managed more than 3,000 rental apartments in at least 262 buildings in New York City, as well as the individuals who controlled these entities (collectively, "the E&M Enterprise"). See Amended Class Action Complaint, filed July 27, 2017 (Docket # 156) ("Am. Compl."), ¶¶ 10, 65-281.[2] The individual defendants controlled all of the entity defendants from the E&M Enterprise's offices in Brooklyn and the Bronx. See id. ¶¶ 10-18. To manage these buildings, the E&M Enterprise employed superintendents, porters, and handymen. See id. ¶¶ 5-9, 11. Plaintiffs allege that the E&M Enterprise applied uniform business policies and practices to all of its superintendents, porters, and handymen working at the buildings it controlled. See id. ¶ 19. These practices included encouraging superintendents, porters, and handymen to work more than 40 hours per week, but refusing to pay them overtime compensation for hours worked in excess of 40 per week, in violation of both the NYLL and the FLSA. See id. ¶¶ 1, 19, 23-25, 406-12, 430-36. The E&M Enterprise also purportedly paid these employees at a rate less than the minimum wage permitted by the FLSA. See id. ¶¶ 1, 23-24, 286, 402-05.

From approximately 2005 through July 1, 2015, Contrera was a superintendent at 655 West 160th Street in New York, New York. Id. ¶ 36. The E&M Enterprise obtained ownership

---

[2] Plaintiffs first attempted to file their amended complaint on July 7, 2017. See Amended Class Action Complaint, filed July 7, 2017 (Docket # 129). However, due to filing errors, the complaint is listed on the docket sheet as having been filed on July 27, 2017. See Am. Compl.

of this building on approximately November 14, 2013, thereby becoming Contrera's employer.

Id. ¶ 37. Contrera was required to reside at this building as a condition of his employment. Id.

¶ 356. Contrera's duties as a superintendent included

> among other tasks: maintaining the building's appearance, cleaning, mopping, minor repairs, plastering, minor plumbing, accepting oil deliveries, purchasing supplies, communicating with tenants regarding minor repairs, sweeping the sidewalk, recycling, garbage, cleaning the elevator hold, showing vacant apartments, cleaning and removing discarded items from newly-vacated apartments, installing kitchen appliances including stoves and refrigerators, maintaining bathroom and kitchen faucets, fitting locks, patching drywall, communicating with contractors, shoveling snow, and allowing emergency responders, including police, ambulance and fire personnel, into the building at all hours of the night and day, and generally serving as the first point of contact for resident service requests.

Id. ¶ 350.

Lopez was a superintendent at 638 West 160th Street in New York, New York, from approximately March 1995 until around April 30, 2014. See id. ¶ 45. The E&M Enterprise acquired ownership of this building on November 14, 2013, thereby becoming Lopez's employer. Id. ¶ 46. Lopez was required to be on call at all times. See id. ¶ 365. The Amended Complaint does not state whether Lopez resided at this building. Lopez's duties included

> among other things, maintaining the appearance of the building, cleaning, mopping, minor repairs, plastering, minor plumbing, accepting oil deliveries, ordering supplies, communicating with tenants regarding minor repairs, sweeping the sidewalk, recycling, garbage, cleaning and removing discarded items from newly-vacated apartments, installing kitchen appliances including stoves and refrigerators, maintaining bathroom and kitchen faucets, communicating with contractors, allowing emergency responders, including police, ambulance and fire personnel, into the building, at all hours of the night and day, shoveling snow, and performing other tasks at all hours.

Id. ¶ 364.

The amended complaint alleges that the E&M Enterprise designated in writing that both Lopez and Contrera worked as "hourly employees who were entitled to (but never actually paid) overtime compensation." Id. ¶¶ 43, 52, 362, 378. These written designations indicated that

3

Contrera's hourly rate was $10.00 per hour, with an overtime rate of $15.00 per hour, see id. ¶ 43, whereas Lopez's hourly rate was $9.17 per hour, with an overtime rate of $13.76 per hour, see id. ¶ 52; StaffPro Employee Enrollment Application, dated Nov. 18, 2013 (annexed as Ex. C to Declaration of Scott Katz, dated Sept. 19, 2016 (annexed as Ex. D. to Declaration of Larry R. Martinez, filed Sept. 23, 2016 (Docket # 42))), at *2.[3]  Both Lopez and Contrera were required to remain "on-call" at all times, and worked in excess of 40 hours per week.  See Am. Compl. ¶¶ 351-52, 365-66.  Nevertheless, both Lopez and Contrera state that they were paid a fixed weekly amount without overtime compensation.  See id. ¶¶ 358-60, 370-71.

B. Procedural History

On May 23, 2016, plaintiffs filed the original complaint in this action.  See Class Action Complaint, filed May 23, 2016 (Docket # 1) ("Compl.").  This complaint sought relief for violations of the minimum wage and overtime provisions of the FLSA, see id. ¶¶ 310-20, but did not seek overtime wages under the NYLL.  On September 23, 2016, defendants moved to dismiss the complaint, or in the alternative, for summary judgment.  See Notice of Motion, filed Sept. 23, 2016 (Docket # 40); Defendants' Memorandum of Law in Support of Their Motion to Dismiss or, in the Alternative, for Summary Judgment, filed Sept. 23, 2016 (Docket # 43).

While that motion was pending, plaintiffs filed a motion for approval of this case as a collective action.  See Notice of Motion, filed Mar. 7, 2017 (Docket # 104); Memorandum of Law in Support of Plaintiffs' Motion to Conditionally Certify Fair Labor Standards Act Collective Action and Authorize that Notice Be Issued to All Persons Similarly Situated, filed Mar. 7, 2017 (Docket # 111).  Plaintiffs thereafter filed the amended complaint.  See Am.

---

[3] "*__" refers to page numbers created by the ECF system.

Compl. The amended complaint included a claim for overtime wages under the NYLL on behalf of all plaintiffs. See Am. Compl. ¶¶ 430-36. After the amended complaint was filed, the Court deemed defendants' motion to dismiss or for summary judgment withdrawn, see Order, filed July 10, 2017 (Docket # 130), and approved this case as a collective action, see Contrera v. Langer, 2017 WL 4444829 (S.D.N.Y. Oct. 5, 2017). In the meantime, on September 8, 2017, defendants filed the instant partial motion to dismiss the amended complaint. See Def. Not.

Defendants seek to dismiss Contrera's and Lopez's claims for overtime compensation under the NYLL pursuant to the "Janitorial Exemption." See Def. Mem. at 6-10. Defendants also seek to have Lopez's claims under the FLSA dismissed for failure to comply with the statute of limitations. See id. at 11-14. We first discuss the law applicable to motions to dismiss and then address defendants' arguments.

## II. LEGAL STANDARD GOVERNING A MOTION TO DISMISS UNDER 12(b)(6)

A defendant may move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) where the plaintiff "fail[s] to state a claim upon which relief can be granted." To survive such a motion, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). As the Supreme Court noted in Iqbal,

> [a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

Id. (citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a complaint is insufficient under Federal Rule of Civil

Procedure 8(a)(2) because it has merely "alleged — but it has not shown — that the pleader is entitled to relief." Id. at 679 (alteration and internal quotation marks omitted) (quoting Fed. R. Civ. P. 8(a)(2)). An affirmative defense "may be raised in a pre-answer Rule 12(b)(6) motion 'if the defense appears on the face of the complaint.'" Chen v. Major League Baseball Props., Inc., 798 F.3d 72, 81 (2d Cir. 2015) (quoting Iowa Pub. Emps. Ret. Sys. v. MF Global, Ltd., 620 F.3d 137, 145 (2d Cir. 2010)).

> Additionally, on a motion to dismiss for failure to state a claim, a court's
>
> consideration is limited to the factual allegations in [the complaint], which are accepted as true, to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiff['s] possession or of which plaintiff[ ] had knowledge and relied on in bringing suit.

Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993) (citing Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47-48 (2d Cir. 1991)); accord Halebian v. Berv, 644 F.3d 122, 130 n.7 (2d Cir. 2011); Portillo v. Webb, 2017 WL 4570374, at *1 (S.D.N.Y. Oct. 11, 2017). Finally, "matters judicially noticed by the District Court are not considered matters outside the pleadings." Staehr v. Hartford Fin. Servs. Grp., Inc., 547 F.3d 406, 426 (2d Cir. 2008).

III. JANITORIAL EXEMPTION

Defendants argue that neither Lopez nor Contrera were entitled to overtime compensation under the NYLL due to the "janitorial exemption" found in N.Y. Comp. Codes R. & Regs. tit. 12, § 141-3.4. The NYLL contains no statutory requirement for overtime pay. Ballard v. Cmty. Home Care Referral Serv., Inc., 264 A.D.2d 747, 747 (2d Dep't 1999). However, "regulations promulgated by the New York Department of Labor . . . generally require employers to pay overtime wages for all hours worked in excess of forty hours per week, so long as the employees are not exempt under one of various statutory categories." Koljenovic v. Marx,

999 F. Supp. 2d 396, 399 (E.D.N.Y. 2014).

The regulations at issue in this case provide that employees in the Building Service Industry, "except a janitor in a residential building, [must be paid] for overtime at a wage rate of 1 ½ times the employee's regular rate for hours worked in excess of 40 hours in a workweek."[4] N.Y. Comp. Codes R. & Regs. tit. 12, § 141-1.4. The regulations define a janitor as someone "employed to render any physical service in connection with the maintenance, care or operation of a residential building." Id. § 141-3.4. Under this regulation, "[w]here there is only one employee, such employee shall be deemed the janitor." Id. However, "[w]here there is more than one employee in the building, the employer shall designate an employee who lives in the building as the janitor." Id. A building may have only one janitor. See id.

"[T]he purpose of having an employer 'designate' one employee as a janitor is to force the employer to make a clear, pre-litigation choice about how to compensate its workers." Almonte v. 437 Morris Park, LLC, 2015 WL 7460019, at *5 (S.D.N.Y. Nov. 24, 2015). The designation is necessary to mitigate the "risk of the employer compensating several employees at the reduced 'janitor' rate and then using after-the-fact designations to ward off subsequent wage and overtime claims." Koljenovic, 999 F. Supp. 2d at 401. However, when only one employee is capable of being designated the janitor — either because he or she is the only employee performing janitorial services in the building, or the only such employee living in the building — then "the employee is considered the exempt janitor under section 141-3.4" regardless of whether the employee was designated as such. Id. at 401; accord Lee v. Kim, 2013 WL

---

[4] Plaintiffs have not contested that the amended complaint shows that Lopez and Contrera were employees in the Building Services Industry and that the buildings at which they worked were "residential buildings."

7

4522581, at *5 (finding employees to be janitors when they were the only employees capable of being designated as such).

Because the janitorial exemption is an affirmative defense, "[d]efendants bear the burden of establishing that the janitorial exemption set forth in section 141-3.4 applies." Koljenovic, 999 F. Supp. 2d at 399. Thus, this defense "may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure" because "the defense appears on the face of the complaint." Gjoni v. Orsid Realty Corp., 2015 WL 4557037, at *7 (S.D.N.Y. July 22, 2015). The janitorial exemption is to be "narrowly construed against the employer" in light of the NYLL's "remedial purpose." Koljenovic, 999 F. Supp. 2d at 399.

The defendants spend much time seeking to show that Contrera and Lopez were "janitors" within the meaning of the regulation notwithstanding their "superintendent" titles. Def. Mem. at 7-10. This argument, however, need not be reached because, allowing every reasonable inference in plaintiffs' favor as we must at this stage of the litigation, see Brown Media Corp., 854 F.3d at 156-57, the allegations in the complaint do not conclusively demonstrate that only one employee performed janitorial services in the plaintiffs' buildings, that each plaintiff was the only employee performing janitorial services who lived in his building, or that defendants actually designated either employee as a janitor.

First, Contrera and Lopez cannot be deemed to be janitors on the ground that they were the only employees who worked in their buildings, as this assertion is not made in the amended complaint. Indeed, the amended complaint states otherwise. It alleges that Fabian Herrera began working at the 655 West 160th Street building as a porter in approximately 2013, and that Herrera "assisted Contrera." See Am. Compl. ¶ 390. The amended complaint also alleges that Herrera occasionally performed work at 638 West 160th Street, which is the building where

8

Lopez worked. See id. ¶¶ 364, 391. Thus, the face of the amended complaint does not allow a finding that Contrera and Lopez were the only employees who worked in their buildings.

Second, while the amended complaint states that Contrera lived in the building in which he performed services, see id. ¶ 356, the complaint makes no such allegation as to Lopez, and in any event does not allege that each plaintiff was the sole resident janitor in their buildings. Defendants attempt to get around this fact by asserting that "nowhere in their Memorandum (or via affidavit of Plaintiffs Contrera or Lopez) do they dispute the simple fact that Plaintiffs Contrera and Lopez were the sole live-in janitors who performed janitorial duties at their respective buildings." See Def. Reply at 5; see also id. at 5 n.2 (stating that plaintiffs "never allege any other janitor resided in the same building as they did."); id. at 8 ("Plaintiffs do not even allege other individuals performed janitorial duties, or lived, at their building."). The problem with this argument is that it is contrary to the standards that govern a motion to dismiss for failure to state claim. Case law does not require that a party opposing a motion to dismiss deny factual contentions asserted by a defendant seeking to interpose an affirmative defense. See, e.g., Chen, 798 F.3d at 81 ("A plaintiff is not required to plead the absence of [an affirmative] defense.").

Finally, defendants have failed to satisfy their burden of showing that the amended complaint establishes that the defendants designated either Lopez or Contrera as janitors. Certainly, no allegation in the complaint states that defendants made a written designation. This arguably ends the matter. Nonetheless, we recognize that case law permits a court to find a designation where certain conditions are met even without a written designation. For example, Almonte noted that courts have considered the following factors:

> (I) whether Plaintiff was the only employee who lived in the building; (ii) the manner in

9

> which Plaintiff and other employees were compensated; (iii) whether Plaintiff was listed as a "janitor" or "superintendent" in the employer's official business records; (iv) whether Plaintiff received written notice that he would be compensated as a building janitor; and (v) whether Plaintiff or his employer represented to third parties that Plaintiff was the "janitor" or "superintendent."

Almonte, 2015 WL 7460019, at *5. But given that every reasonable inference must be drawn in plaintiffs' favor, the allegations in the amended complaint would not allow us to find that these factors favored defendants. Indeed, the amended complaint (through an annexed exhibit) even alleges that some of these factors did not apply. For example, a memorandum from "StaffPro," through which defendants allegedly spoke, see Am. Compl. ¶¶ 27, 302-03, 309-10, 323, 335, 337-39, 343, 359, 423, and which is attached to the amended complaint, informed superintendents that if they "work beyond their work hours, with the prior express approval of Management, [then they] will receive pay in accordance with their hourly rate and applicable overtime laws," see StaffPro Memorandum (annexed as Ex. E to Am. Compl.), at *2. Although this statement does not necessarily mean that superintendents were entitled to overtime in light of the reference to "applicable overtime laws," its mention of overtime and an "hourly rate" strongly suggests that they would be paid overtime. Similarly, the amended complaint also alleges that the defendants designated Contrera and Lopez as hourly employees who were entitled to be paid overtime compensation. See Am. Compl. ¶¶ 362, 378. The fact that defendants indicated that Contrera and Lopez were entitled to overtime compensation is contrary to the notion that defendants designated Contrera and Lopez as janitors exempt from receiving such compensation. An employee receiving hourly compensation is also inconsistent with that employee's designation as a janitor, as the Building Services Industry regulations provide that janitors are to be compensated on a per-unit per-week basis. See N.Y. Comp. Codes R. & Regs. tit. 12, § 141-1.2.

10

In sum, the defendants' motion fails because the allegations in the amended complaint do not show that the janitorial exemption applies to Contrera and Lopez.

IV. STATUTE OF LIMITATIONS

Defendants argue that Lopez's FLSA claims must be dismissed as time-barred because Lopez failed to consent to become a plaintiff, as required by 29 U.S.C. § 216(b), until after the applicable statute of limitations had run. Def. Mem. at 11-14.

The "lapse of a limitations period is an affirmative defense that a defendant must plead and prove." Staehr, 547 F.3d at 426. As such, at the motion to dismiss stage, a claim may be dismissed on statute of limitations grounds only "if the defense appears on the face of the complaint." Ellul v. Congregation of Christian Bros., 774 F.3d 791, 798 n.12 (2d Cir. 2014) (citing Staehr, 547 F.3d 406, 425 (2d Cir. 2008)); accord Ghartey v. St. John's Queens Hosp., 869 F.2d 160, 162 (2d Cir. 1989) (motion to dismiss under Rule 12(b)(6) on statute of limitations ground proper "[w]here the dates in a complaint show that an action is barred by the statute of limitations").

The provision at issue, 29 U.S.C. § 256, states that an action is deemed commenced under the FLSA

> (a) on the date when the complaint is filed, if [a plaintiff] is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or (b) if such written consent was not so filed or if his name did not so appear — on the subsequent date on which such written consent is filed in the court in which the action was commenced.

29 U.S.C. § 256. The factual premise of defendants' argument is as follows. The amended complaint alleges that Lopez left his employment with the E&M Enterprise on April 30, 2014. See Am. Compl. ¶ 45. The original complaint in this action was filed on May 23, 2016, and did not attach a consent form from the plaintiff. See Compl. On July 25, 2017, Lopez filed a form

in which he consented to become a party plaintiff. See Consent to Become a Party Plaintiff, filed July 25, 2017 (Docket # 153). Because more than three years elapsed between the time Lopez left his employment and the time the consent form was filed, and the maximum limitations period for an FLSA claim is three years, 29 U.S.C. § 255(a), defendants argue that Lopez's FLSA claim must be dismissed. See Def. Mem. at 11-14.

Lopez argues, see Pl. Mem. at 13-16, that the written consent requirement was met not by the consent form filed on July 25, 2017, but by a filing that was made on March 7, 2017, when plaintiffs moved to conditionally approve this case as an FLSA collective action pursuant to 29 U.S.C. § 216(b). See Notice of Motion, filed Mar. 7, 2017 (Docket # 104); Memorandum of Law in Support of Plaintiffs' Motion to Conditionally Certify Fair Labor Standards Act Collective Action and Authorize that Notice Be Issued to All Persons Similarly Situated, filed Mar. 7, 2017 (Docket # 111). At the time that motion was filed, Lopez — among other named plaintiffs — filed a declaration in support of it. See Declaration of Francisco Lopez, filed Mar. 7, 2017 (Docket # 106) ("Lopez Decl."). The caption of this declaration indicated that the named plaintiffs, including Lopez, brought this action "individually and on behalf of all others Similarly situated." Id. at 1. Lopez stated in this declaration that he was a "Plaintiff in this action" and submitted his declaration "in support of Plaintiffs' Motion to Circulate a Notice of Pendency under the Fair Labor Standards Act." Id. ¶ 1. A certified-translated Spanish version of this declaration was signed by Lopez and dated March 5, 2017. See id. at *6-11.[5]

As defendants correctly point out, see Def. Mem. at 12, case law makes clear that the

---

[5] Consideration of this declaration is proper because a court "may take judicial notice on a motion to dismiss of filings in state or federal court." Williams v. Nat'l Gallery of Art, London, 2017 WL 4221084, at *5 n.9 (S.D.N.Y. Sept. 21, 2017) (citation omitted).

12

requirement of a written consent in 29 U.S.C. § 256 applies even to the "named" plaintiff in a collective action under the FLSA. See, e.g., El v. Potter, 2004 WL 2793166, at *9 (S.D.N.Y. Dec. 6, 2004) ("Thus, all plaintiffs, including named plaintiffs, must file written consents in order to begin their lawsuits, and the courts have made clear that a suit does not begin until a consent has been filed."), amended on denial of reconsideration, 2005 WL 646346 (S.D.N.Y. Mar. 18, 2005); accord Mendez v. The Radec Corp., 260 F.R.D. 38, 52 (W.D.N.Y. 2009) ("Although it may seem curious that this consent requirement would apply to a named plaintiff, this requirement has been held to apply even to the named plaintiffs in a collective action under the FLSA.").

That there must be a "written consent," however, does not answer the question of what document qualifies as a "written consent" within the meaning of § 256. Courts in this circuit have noted that "it is not clear what form the written consent must take, especially when the alleged party plaintiff is a named plaintiff." Callari v. Blackman Plumbing Supply, Inc., 988 F. Supp. 2d 261, 281 (E.D.N.Y. 2013) (internal quotation marks omitted) (quoting D'Antuono v. C & G of Groton, Inc., 2012 WL 1188197, at *2 (D. Conn. Apr. 9, 2012)); accord Mendez, 260 F.R.D. at 52 ("courts have generally not taken a strict approach with regard to the form of the written consent, a[t] least with respect to named plaintiffs.") (emphasis in original). The statute gives no guidance on what constitutes a "written consent." And courts have routinely found that § 256's requirement is satisfied where a named plaintiff files a sworn declaration with the court stating that he or she is the named plaintiff in a collective action. See Callari, 988 F. Supp. 2d at 282 (plaintiff's signed declaration constituted valid written consent to commence a collective action when plaintiff identified himself as the named plaintiff in the action and the caption indicated that plaintiff brought the action "on behalf of himself and other employees similarly

13

situated."); Mendez, 260 F.R.D. at 52 (same); see also D'Antuono, 2012 WL 1188197, at *4 (written consent requirement of section 256 satisfied when the named plaintiff in a collective action filed an affidavit "implicitly verifying the complaint, expressing an interest that legal action be taken to protect her rights, and expressing an interest in being a party plaintiff.") (citations omitted). These cases note the purposes of requiring consent are to "put the Defendants on notice" of a plaintiff's participation in a lawsuit, and to "ensure that each plaintiff intends to participate in the case, and is not simply a procedural figurehead for an enterprising class action lawyer." D'Antuono, 2012 WL 1188197, at *2.

Although defendants argue that the above-cited cases "are not overly insightful," Def. Reply at 3, defendants do not identify the flaw in their reasoning. Our examination of the statute persuades us they are correctly decided. First and foremost, 29 U.S.C. § 256(a) expansively requires only a "written consent to become a party plaintiff" but does not specify any other requirements for that consent. Accordingly, where a signed declaration demonstrates a plaintiff's consent to be a party plaintiff in a collective action, we do not see why it would not satisfy the statutory requirement. Further, this manner of consent fulfills the purpose of the statute by putting the defendants on notice and ensuring that the declarant in fact intends to act as a plaintiff in a collective action.

Defendants cite to a string of cases to support the proposition that even for named plaintiffs in an FLSA collective action, "until a 'consent to join' or 'opt-in' form, is filed with the court, the statute of limitations continues to run." See Def. Reply at 10. But this proposition is undisputed. What is important is that none of the cases cited by defendants hold that a sworn statement of the kind Lopez filed in this action fails to qualify as a "written consent" under § 256. Indeed, none of the cited cases require that a written consent to join an FLSA collective

action take any specific form, other than being written and filed with the court. Accordingly, these cases do not address the question of whether Lopez's declaration constitutes sufficient written consent to join this action, let alone counsel against so finding.

Defendants also cite to cases holding that merely listing a plaintiff in a complaint is insufficient to constitute a written consent to join an action. See Def. Reply at 11-12 (citing Gomez v. Tyson Foods, Inc., 799 F.3d 1192 (8th Cir. 2015), and Harkins v. Riverboat Servs., Inc., 385 F.3d 1099 (7th Cir. 2004)). Defendants argue that by this same principle, the declaration at issue should also be deemed insufficient. Id. This is a non sequitur. It makes sense that a complaint cannot function as a written consent where there is no indication that the plaintiff has approved his or her inclusion. This distinction was noted in Harkins which reasoned that "[i]t makes no difference that you are named in the complaint, for you might have been named without your consent." Harkins, 385 F.3d at 1101. Here of course, Lopez makes clear in his declaration, which he signed, see Lopez Decl. at *11, that he is a party to the lawsuit, id. ¶ 2.

Defendants cite to a recent decision of this Court, Knox v. John Varvatos, Inc., 2017 WL 4675781 (S.D.N.Y. Oct. 17, 2017), for the proposition that this Court must accord a "strict interpretation of the FLSA's opt-in and statute of limitations requirements set forth by Congress." Def. Reply at 12. In fact, Knox states only that the rules governing the equitable tolling doctrine are "strict." Knox, 2017 WL 4675781, at *9. It does not apply any special canon of interpretation to the FLSA.

Finally, defendants argue that because Lopez "filed an opt-in form on July 25, 2017, more than four months after his attorneys filed his declaration in support of his motion for conditional certification," it shows that he was not "confident" that his declaration satisfied the

15

written consent requirement.  See Def. Reply at 14.  What matters, however, is whether the declaration showed that Lopez was consenting to join the lawsuit and thus satisfied the written consent requirement at the time it was filed.  If it did, then a subsequent filing of a consent form could not negate its effect.

In sum, Lopez's declaration qualifies as "written consent" within the meaning of 29 U.S.C. § 256(a) and therefore Lopez's FLSA claim was timely filed.[6]

---

[6] Defendants' memorandum of law also makes a number of arguments that are irrelevant to their motion to dismiss, including arguments regarding class certification.  See Def. Mem. at 14-16.  Defendants do not explain why it would be appropriate to address these arguments on a motion to dismiss, and the Court declines to do so.

## V. CONCLUSION

For the foregoing reasons, the motion to dismiss (Docket # 192) should be denied.

### PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). A party may respond to any objections within 14 days after being served. Any objections and responses shall be filed with the Clerk of the Court, with copies sent to the Hon. Laura Taylor Swain at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections or responses must be directed to Judge Swain. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: March 5, 2018
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge