16-CV-03851 (LTS)(GWG)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USVALDO CONTRERA and FRANCISCO LOPEZ,
individually and on behalf of all others similarly
situated,

                                        Plaintiffs,

              -against-

IRVING LANGER, et al.

                                        Defendants.

**DEFENDANTS' MEMORANDUM OF
LAW IN OPPOSITION TO PLAINTIFFS'
MOTION TO AMEND THE FIRST
AMENDED COMPLAINT**

**MELTZER, LIPPE, GOLDSTEIN
& BREITSTONE, LLP**
Attorneys for the Defendants
190 Willis Avenue
Mineola, N.Y.  11501
(516) 747-0300

Larry R. Martinez, Esq.
Gerald C. Waters, Jr., Esq.
Christopher P. Hampton, Esq.

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

  POINT I

    LEGAL STANDARD FOR LEAVE TO AMEND A COMPLAINT . . . . . . . . . . . . . . . 3

  POINT II

    PLAINTIFFS' "AGREED UPON" WAGES CLAIM MUST BE
    DENIED AS FUTILE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    A.  There is No Statutory Basis for the Agreed Upon Wages Claim Under the NYLL . . .  4

    B.  Plaintiffs' Factual Claims Alleged in Support Are Immaterial to the Claim . . . . . . . . 11

    C. Plaintiffs' Factual Claims Further Establish the Agreed Upon Wages Claim is
      Futile Due to It Preventing Class Action Certification . . . . . . . . . . . . . . . . . . . . . . . . 12

  POINT III

    PLAINTIFFS' BREACH OF CONTRACT CLAIM MUST BE
    DENIED AS FUTILE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

    A.  Plaintiffs' Breach of Contract is Futile as Duplicative of Plaintiffs' Pleaded
      FLSA and NYLL Statutory Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

    B.  Plaintiffs' Breach of Contract Claim is Futile Even Where Not Duplicative
      of Other Claims Asserted . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

    C.  Plaintiffs' Breach of Contract Claim Must Be Denied as Futile as It Prevents
      and Is Otherwise Not Amenable to Class Action Certification . . . . . . . . . . . . . . . . . .18

  POINT IV

    THE PROPOSED AMENDMENT MUST BE DENIED DUE TO
    UNDUE DELAY AND/OR UNDUE PREJUDICE . . . . . . . . . . . . . . . . . . . . . . . . . . . .19

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>                                                                                       <u>Pages</u>

<u>Federal Cases</u>

<u>19 Recordings Ltd. v. Sony Music Entertainment</u>,
    165 F.Supp.3d 156 (S.D.N.Y. 2016)........................................................................... 3

<u>Acevedo v. WorkFit Med. LLC</u>,
    No. 14-CV-06221(EAW), 2014 WL 4659366 (W.D.N.Y. Sept. 17, 2014) ........................... 14

<u>Amusement Industry Inc., v. Stern</u>,
    No. 7-CV-11586(LAK)(GWG), 2014 WL 4460393 (S.D.N.Y. 2014)................................... 11

<u>Block v. First Blood Assocs.</u>,
    988 F.2d 344 (2d Cir. 1993)..................................................................................... 4

<u>Broussard v. Meineke Discount Muffler Shops, Inc.</u>,
    155 F.3d 331, 344 (4th Cir. 1998) ........................................................................... 19

<u>Calle v. Yoneles Enters.</u>,
    No. 16-CV-1008(NGG), 2017 WL 6942652 (E.D.N.Y. Oct. 25, 2017)…………………………9

<u>Chen v. Street Beat Sportswear, Inc.</u>,
    364 F. Supp. 2d 269 (E.D.N.Y. 2005) .....................................................................14

<u>Chuchuca v. Creative Customs Cabinets, Inc.</u>,
    No. 13-CV-2506(RLM), 2014 WL 6674583 (E.D.N.Y. Nov. 25, 2014) .............................15

<u>Denoyer v. PMI Sec. Prot., Inc.</u>,
    No. 15-CV-4834(KMK)(JCM), 2017 U.S. Dist. LEXIS 11700 (S.D.N.Y. Jan. 23, 2018)…..10

<u>Dowcraft Corp. v. Smith</u>,
    No. 1-CV-0186E(SR), 2004 WL 626801 (W.D.N.Y. Feb. 17, 2004) ..................................... 19

<u>Ethelberth v. Choice Sec. Co.</u>,
    91 F.Supp.3d 339 (E.D.N.Y. 2015)……………………………………………………………...14

<u>Evans v. Syracuse City Sch. Dist.</u>,
    704 F.2d 44 (2d Cir. 1983)..................................................................................... 4

<u>Ho v. Target Constr. of NY, Corp.</u>,
    No. 11-CV-4750(KAM)(RER), 2011 U.S. Dist. LEXIS 33365 (E.D.N.Y. Mar. 28, 2011) ...... 9

<u>In re Scientific Control Corp. Sec. Litig.</u>,
    71 F.R.D. 491 (S.D.N.Y. 1976) ............................................................... 3, 12, 13, 18

Katz v. Travelers,
    241 F.Supp.3d 347 (E.D.N.Y. 2017) ................................................................ 17

Keller v. AXA Equitable Life Ins. Co.,
    No. 12-CV-4565(LTS)(RLE), 2013 WL 6506259 (S.D.N.Y. Dec. 12, 2013) ........................ 13

Kernes v. Global Structures, LLC,
    No. 15-CV-00659(CM)(DF), 2016 WL 880199 (S.D.N.Y. Mar. 1, 2016)…………………...10

Kone v. Joy Constr. Corp.,
    No. 15-CV-1328(LTS), 2016 WL 866349(S.D.N.Y. Mar. 3, 2016) ......................................... 9

Luedke v. Delta Air Lines, Inc.,
    No. 92-CV-1778(RPP), 1993 WL 313577 (S.D.N.Y. Aug. 10, 1993)..................... 3, 12, 13, 18

McGlone v. Contract Callers, Inc.,
    No. 114 F.Supp.3d 172 (S.D.N.Y.)………………………………………………………….7

Moses v. Apple Hospitality Reit, Inc.,
    No. 14-CV-3131 (DLI)(SMG), 2015 WL 101437 (E.D.N.Y. Mar. 9, 2015) .......................... 16

Myers v. Hertz Corp.,
    624 F.3d 537 (2d Cir. 2010)................................................................................. 9

Ortega v. JR Primos 2 Rest. Corp.,
    No. 15-CV-9183(JCF), 2017 WL 2634172 (S.D.N.Y. June 16, 2017)…………………………10

Parker v. Columbia Pictures Industries,
    204 F.3d 326 (2d Cir. 2000)................................................................... 4, 22, 23

Ruiz v. Citibank N.A.,
    No. 10-CV-5950(KPF)(RLE), 2015 WL 4629444(S.D.N.Y. Aug. 4, 2015).......................... 13

Sampson v. MediSys Hlth. Network, Inc.,
    No. 10-CV-1342(SJF)(ARL), 2012 WL 3027838 (E.D.N.Y. July 24, 2012)…………….10, 14

Santillan v. Hanao,
    822 F. Supp. 2d 284 (E.D.N.Y. 2011) .................................................................... 8

Saunders v. NYC Dept. of Educ.,
    No. 07-CV-2725(SJF)(LB), 2010 WL 2985031 (E.D.N.Y. July 20, 2010) ............................ 11

Sony Fin. Servs., LLC v. Multi Video Grp., Ltd.,
    No. 3-CV-1730(LAK), 2003 WL 21396690 (S.D.N.Y. June 17, 2003) .................................. 17

Soto v. Armstrong Mgmt. Realty Corp.,
   No. 15-CV-9283, 2016 WL 7396687 (S.D.N.Y. Dec. 21, 2016) ............................................. 10

Spencer v. Hartford Fin. Servs. Grp., Inc.,
   256 F.R.D. 284 (D.Conn.2009)........................................................................................... 19

Sprague v. Gen. Motors Corp.,
   133 F. 3d 388 (6th Cir. 1998) ............................................................................................ 19

Swan Media Grp., Inc. v. Staub,
   841 F.Supp.2d 804 (S.D.N.Y. 2012)................................................................................... 17

U.S. ex rel. Raffington v. Bon Secours Health System, Inc.,
   No. 10-CV-9650(RMG)(GWG), 2018 WL 565707 (S.D.N.Y. Jan. 25, 2018) .............. 4, 22, 23

U.S. v. Incorporated Village of Island Park,
   No. 90-CV-0992(ILG), 1995 WL 669936 (E.D.N.Y. Nov. 6, 1995) ...................................... 20

Villar v. Prana Hospitality, Inc.,
   No. 14-CV-8211(RA)(JCF), 2017 WL 1333582 (S.D.N.Y. Apr. 11, 2017)……………….....8, 9

Wal-Mart v. Dukes,
   564 U.S. 338 (2011)......................................................................................................... 13

West-Fair Elec. Contractors v. Aetna Cas. & Sur. Co.,
   872 F.Supp. 1212 (S.D.N.Y. 1994)...................................................................................... 7

Zubulake v. UBS Warburg LLC,
   231 F.R.D. 159 (S.D.N.Y. Feb. 3, 2005) .............................................................................. 4

**State Cases**

Gottlieb v. Kenneth D. Laub & Co., Inc.,
   82 N.Y.2d 457, 605 N.Y.2d 213 (1993) ............................................................................... 7

Horn v. PTJP Partners, L.P.,
   16 A.D.3d 103, 791 N.Y.S. 2d 21 (1st Dep't 2005) ............................................................. 18

**Federal Rules**

Fed. R. Civ. P. 15 ...................................................................................................................... 3

**State Statutes**

New York Lab. Law § 190 ......................................................................................................... 8

833263-3

New York Lab. Law § 191 ...................................................................................................... 9, 10

New York Lab. Law § 193 ........................................................................................................... 6

New York Lab. Law § 195 ........................................................................................................... 6

New York Lab. Law § 198 ....................................................................................................... 5, 9

**State Regulations**

12 N.Y.C.R.R. § 142-2.2 ............................................................................................................. 6

## PRELIMINARY STATEMENT

Plaintiffs Usvaldo Contrera, Francisco Lopez, Pedro Batista, Fabian Herrera, and Antonio Reyes (collectively "Plaintiffs") bring this action on behalf of themselves and others purportedly similarly situated seeking payment of wages ostensibly owed pursuant to the Fair Labor Standards Act ("FLSA") and/or the New York Labor Law ("NYLL").  Pertinently, as advanced by Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion to Amend the First Amended Complaint (Docket Entry ("DE") 276) ("Plaintiffs' Memo."), Plaintiffs now seek to amend their Complaint (a second time) to advance two new claims against Defendants[1]: (1) failure to pay "agreed upon" wages under the NYLL (the "Agreed Upon Wages Claim"); and (2) common law breach of contract (the "Breach Claim"). In advancing these claims, Plaintiffs introduce extraneous materials (which are generally <u>not</u> pleaded and/or incorporated by reference into the proposed Second Amended Complaint (DE 274-1)) to attempt to establish that Plaintiffs and Defendants "agreed upon" certain wage terms, and/or entered into some sort of contract in connection with same.[2] Despite the introduction of these irrelevant materials, Plaintiffs' request to amend their Amended Complaint must be denied for several reasons, as detailed below.

First, Plaintiffs' request to interpose the Agreed Upon Wages Claim pursuant to the NYLL must be denied as futile, because such claim simply does not exist under the NYLL. Additionally, Plaintiffs seek to assert this claim on behalf of a Federal Rule of Civil Procedure Rule 23 Class.  Thus, to the extent an "agreed upon" wages claim may be "read into" the NYLL despite its explicit non-existence, Plaintiffs' request to interpose same must be denied as futile,

---

[1] For ease of reference, the term "Defendants" herein refers to all Defendants represented by the undersigned counsel, as noted in DE 175.

[2] See, e.g., Plaintiffs' Memo., p. 1-3, 5; the Declaration of Jose Castillo, dated March 10, 2018 (DE 275) ("Castillo Decl.") and the exhibits annexed thereto; and exhibits 2-7 annexed to the Declaration Marc A. Rapaport dated March 16, 2018 (DE 274) ("Rapaport Decl.").

as the individualized inquiry necessary to determine whether each putative class member may recover upon it eviscerates the ability to proceed on a class-wide basis as a matter of law.[3]

Second, the Breach Claim is futile in that it directly concerns the same facts and allegations necessary to establish any violations pursuant to the FLSA and/or NYLL.  Given this, the Breach Claim is duplicative of the already-pleaded FLSA/NYLL claims, and thus is preempted.  In addition to the foregoing, and assuming <u>arguendo</u> the Breach Claim was otherwise valid, it would be subject to dismissal for failure to allege the requisite elements necessary to assert a breach of contract (namely the terms of the contract and satisfactory performance thereunder), and/or because Plaintiffs ratified the contract by accepting the purportedly improper payments throughout their entire tenure of alleged employment.  Further, Plaintiffs assert the Breach of Contract claim on a class-wide basis, yet such assertion cannot be sustained given the individualized inquiry necessary to determine whether each putative class member can establish the elements necessary for the Breach Claim (as noted above and below).

Finally, Plaintiffs brought their original Compliant on or about May 23, 2016.  <u>See</u> DE 1. Plaintiffs acknowledge they had the information necessary to interpose the foregoing claims at that point, yet did not.  Indeed, Plaintiffs admit that the <u>original named Plaintiffs</u> were victims of (and thus obviously had knowledge of) the alleged grievances which form the predicate basis for the Agreed Upon Wages and Breach Claims.  <u>See</u> Plaintiffs' Memo., p. 2, (noting plaintiffs Lopez and Contrera "were assured of (but did not receive) overtime compensation,"); p. 4 (seeking to add a single paragraph "already implicit in" their Complaint that "Defendants promised to pay superintendents, porters and handymen at an agreed upon hourly rate and failed

---

[3] Notably, the initial individualized inquiry that must be made as it pertains to declarant Mr. Castillo reveals that no breach of contract and/or "agreed upon" wage claim could exist on its face for him.  As will be discussed below, the declaration of Mr. Castillo alleges he was promised a certain pay rate, and the exhibits annexed thereto allegedly support the inference he actually was paid the purportedly promised rate.  <u>See</u> Castillo Decl. ¶ 4; <u>Exhibit A</u> annexed thereto.  Pertinently, such an individualized inquiry would be required for each and every putative class member.

to do so").   As such, their request to interpose these claims, made two years later without sufficient explanation, should be denied due to undue delay.   Failing this, interposition of these claims would greatly expand the scope of discovery and/or otherwise unduly prejudice Defendants, requiring denial of Plaintiffs' request in any event.

## ARGUMENT

### POINT I

### LEGAL STANDARD FOR LEAVE TO AMEND A COMPLAINT

Pursuant to Federal Rule of Civil Procedure 15(a), "a party may amend its pleading only with the opposing party's consent or the court's leave." FED. R. CIV. P. 15(a)(2).[4]   Pertinently, leave must be denied where there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party or futility of amendment."   19 Recordings Ltd. v. Sony Music Entertainment, 165 F.Supp.3d 156, 159-60 (S.D.N.Y. 2016) (Gorenstein, J.).

Futility of amendment is found where "the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12. . . ."   19 Recordings Ltd., 165 F.Supp.3d at 160.   Additionally, to the extent a plaintiff is attempting to certify a class action in connection with their claims, the proposed amendment must be denied as futile where it would prevent certification of such class action.   See, e.g., In re Scientific Control Corp. Sec. Litig., 71 F.R.D. 491, 513 (S.D.N.Y. 1976) (denying leave to amend where plaintiffs indicated their intent to move for class certification and where "[t]he Court has not found that the Count as pleaded fails to state a claim, only that it is not susceptible of class litigation"); Luedke v. Delta Air Lines, Inc., No. 92-CV-1778(RPP), 1993 WL 313577, *4 (S.D.N.Y. Aug. 10, 1993) (considering a

---

[4] As indicated herein, Defendants do not consent to Plaintiffs' request.

motion to amend in the context of whether the proposed amendment would be successful in satisfying class certification requirements).

Undue delay is found where considerable time has elapsed between the filing of the complaint and the motion to amend, and the movant has the burden to provide a satisfactory explanation for the delay.  See Evans v. Syracuse City Sch. Dist., 704 F.2d 44, 46-48 (2d Cir. 1983); see also Parker v. Columbia Pictures Industries, 204 F.3d 326, 340 (2d Cir. 2000) (holding a court may deny leave to amend where the movant fails to amend within the time required and fails to show good cause for such delay).  Please note, however, some courts hold that mere delay may not be sufficient to deny leave to amend a complaint, absent a showing of undue prejudice.  See Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993).  To the extent a showing of undue prejudice may be necessary, factors relevant to determining same include whether the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; or (ii) significantly delay the resolution of the dispute.  See Zubulake v. UBS Warburg LLC, 231 F.R.D. 159, 161 (S.D.N.Y. Feb. 3, 2005). Further, and to the extent necessary, "[t]he longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice."  U.S. ex rel. Raffington v. Bon Secours Health System, Inc., No. 10-CV-9650(RMG)(GWG), 2018 WL 565707, *3 (S.D.N.Y. Jan. 25, 2018) (Gorenstein, J.) (internal quotations and citation omitted).

## POINT II

### PLAINTIFFS' "AGREED UPON" WAGES CLAIM MUST BE DENIED AS FUTILE

### A. There is No Statutory Basis for the Agreed Upon Wages Claim Under the NYLL

Plaintiffs' amendment seeking to interpose their Agreed Upon Wages Claim must be denied as futile for one simple reason: such claim does not exist, and (contrary to Plaintiffs'

arguments otherwise) is not found in the NYLL.  Specifically, Plaintiffs argue that "NYLL §198(3) states: 'All employees shall have the right to recover <u>full wages</u> . . ." and that this one line is the sole predicate necessary to support their position that they can pursue a claim for alleged "agreed upon" wages pursuant to the NYLL generally. <u>See</u> Plaintiffs' Memo., p. 4-5 (emphasis in Plaintiffs' Memo.).  A careful analysis of NYLL Section 198(3) (the only basis asserted for their Claim), however, leads to the inevitable conclusion that the NYLL does not provide for an independent cause of action premised on a failure to pay "agreed upon" wages.

Indeed, NYLL Section 198 simply elucidates the rights and remedies available to an employee for their employer's purported failure to comply with other obligations found in the NYLL otherwise.  In this regard, Section 198(3) provides all "employees shall have the right to recover full wages, benefits and wage supplements and liquidated damages accrued during the six years previous the commencing of such action," but only "<u>upon a liability imposed by this article</u>". New York Lab. Law § 198(3) (emphasis added).  Conspicuously absent from this Section is any reference to the term "agreed upon" wages.  This is not surprising, as nowhere in the NYLL does the term "agreed upon wages" (or language providing for a similar purported cause of action) appear.  Notably, Section 198 was purposefully titled "Costs, remedies," as it is meant to provide only for same.  Any attempt to convert Section 198 into a "catch-all" basis for a wage-and-hour cause of action is a clear manipulation and perversion of the statute. Indeed, it could not be clearer that Section 198 was drafted and enacted by the New York State Legislature to set forth and provide remedies for violations of "provisions of [Article 6 of the New York Labor Law]."  <u>See</u> New York Lab. Law § 198(1)(a).  Of course, the purpose of Section 198 makes logical sense as well, as the substantive requirements of the NYLL are clearly contained in other sections of NYLL Article 6.

For instance, Plaintiffs' improper-deductions claim[5] is premised upon NYLL Section 193, which explicitly provides that "[n]o employer shall make any deductions from the wages of an employee, except deductions which" comply with Section 193's requirements. New York Lab. Law § 193(1).  Further, Plaintiffs' failure-to-provide-wage-statements claim is predicated upon NYLL Section 195, which explicitly provides that "[e]very employer shall provide his or her employees . . . a notice containing [certain required] information".  New York Lab. Law § 195(1).  Similarly, Plaintiffs' failure-to-provide-wage-notices claim is also predicated upon NYLL Section 195, which explicitly requires "[e]very employer" to "furnish each employee with a statement [listing certain required information] with every payment of wages".  New York Lab. Law § 195(3).  Finally, Plaintiffs' NYLL overtime claim must necessarily arise from the New York State Department of Labor's Wage Order for Miscellaneous Industries and Occupations, codified at 12 N.Y.C.R.R. §§ 142 et seq.; as detailed therein, an "employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate of pay," provided said employee is not exempt from receipt of overtime due to exemptions not relevant herein.  See 12 N.Y.C.R.R. § 142-2.2.

Unlike the prior clear statutory/regulatory authority for the aforementioned claims, Plaintiffs are left with the attempt to force an "agreed upon" wages claim into a remedy-only provision in the NYLL.  Not only is that effort illogical, it disregards the fact Section 198 does not include language supporting same.  Indeed, the New York State Court of Appeals (the highest state court in New York) agrees with Defendants' position and has specifically rejected

---

[5] Defendants maintain they have always remained, and continue to remain, compliant with their obligations pursuant to the NYLL and/or the FLSA, and reserve the right to challenge Plaintiffs' allegations to the contrary in all future proceedings and pleadings in this matter.  Any assumptions made otherwise herein are made solely for the purpose of the instant Defendants' Memorandum in Opposition to Plaintiffs' Motion to Amend the Complaint.

the theory boldly asserted by Plaintiffs. Specifically, upon a thorough analysis of Section 198, the New York Court of Appeals in <u>Gottlieb v. Kenneth D. Laub & Co., Inc.</u> held:

> All of the . . . provisions of [NYLL Section] 198 strongly suggest that the <u>entire section</u> was intended merely to afford procedural rules including costs and cost-related remedies, to apply in actions brought for wage claims created under the [other] substantive provisions of Labor Law article 6.  82 N.Y.2d 457, 463, 605 N.Y.2d 213, 217 (1993) (emphasis added).

Notably, where an interpretation of state law is in question, federal courts must give precedential deference to an interpretation of same provided by the state's highest court.  <u>See</u> <u>West-Fair Elec. Contractors v. Aetna Cas. & Sur. Co.</u>, 872 F.Supp. 1212, 1214 (S.D.N.Y. 1994) ("While rulings of intermediate state appellate courts may be persuasive in [federal courts] based upon their reasoning, a federal court is bound only to follow the precedents of the state's highest court.") In light of this, it must be found <u>Gottlieb</u> provides binding authority concerning the provisions contained within NYLL Section 198.  Given the <u>Gottlieb</u> court's detailed analysis finding that Section 198 (and section 191 as undertaken by other courts noted below) fail to provide a statutory basis for advancement of an "agreed upon" wages claim, this Court should hold the NYLL does not support, much less establish, a claim for "agreed upon" wages.[6]

Moreover, the cases cited by Plaintiffs for their dubious proposition that the Court re-write the NYLL should also be rejected.  Notably, Plaintiffs' cited cases (unsurprisingly) involve default judgments, <u>pro se</u> defendants, and/or nothing but a cursory analysis of whether the right to an "agreed upon" wages claim can be found in the NYLL. <u>See</u> Plaintiffs' Memo., p. 4-5.[7]

---

[6] Plaintiffs predicate their Agreed Upon Wages Claim only upon Section 198(3).  To the extent Plaintiffs attempt to argue that such claim may be brought under Article 19 of the NYLL, concerning payment of "minimum wage," such argument was specifically rejected by <u>McGlone v. Contract Callers, Inc.</u>, and thus must be denied as well.  <u>See</u> 114 F.Supp.3d 172, 173 (S.D.N.Y. 2015) (declining to allow an "agreed upon" wages claim to proceed under Article 19 because "[t]he provisions of Article 19 do not specify any relief that is greater than the minimum wage").

[7] <u>Citing</u> Villar v. Prana Hospitality, Inc., No.14-CV-8211(RA)(JCF), 2017 WL 1333582 (S.D.N.Y. Apr. 11, 2017); <u>Calle v. Yoneles Enters.</u>, No. 16-CV-1008(NGG), 2017 WL 6942652 (E.D.N.Y. Oct. 25, 2017); <u>Ortega v. JR Primos 2 Rest. Corp.</u>, No. 15-CV-9183(JCF), 2017 WL 2634172 (S.D.N.Y. June 16, 2017); <u>Denoyer v. PMI Sec.</u>

Indeed, even the Villar court acknowledged that other federal courts in the Second Circuit have questioned and rejected the viability of an "agreed upon" wage claim.  See 2017 WL 1333582, *4. Further, while Villar posits that the NYLL allows for recovery of wages at a higher rate than minimum wage under certain sections of Article 6, none of the precedent cited by Villar in support of this proposition presents a non-conclusory basis for such claim's validity.  Instead, the precedent cited merely allowed an "agreed upon" wages claim to proceed without addressing the fact that the NYLL does not contain an explicit, dedicated provision concerning (much less allowing) it. Rather, the courts cited by Villar attempted to use NYLL Section 198(3) for the mistaken theory that, since its language contains the two-word phrase "full wages," it somehow provides the entire predicate basis for pursuing an "agreed upon" wages claim. See Santillan v. Hanao, 822 F. Supp. 2d 284, 292 (E.D.N.Y. 2011).  Such finding, however, was performed with absolutely no analysis concerning Section 198(3), and/or of the rights provided for therein.

By way of example, the courts cited by Villar (along with Villar itself, and Plaintiffs) failed to analyze the NYLL's definition of the term "wage," defined as "the earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis." New York Lab. Law § 190.  When analyzed in conjunction with same, it is evident that Section 198(3)'s reference to an employee's "right to recover full wages, benefits and wage supplements" is simply to ensure employees are entitled to all earnings, regardless of how they are classified (e.g., salary, time, piece, commission, etc.).  Of course, it would be ineffective and bizarre if the statute were written as "right to recover some wages" or "certain wages."  Drafting the statute to include the term "full

---

Prot., Inc., No. 15-CV-4834(KMK)(JCM), 2018 U.S. Dist. LEXIS 11700 (S.D.N.Y. Jan. 23, 2018); Ho v. Target Constr. of NY, Corp., No. 11-CV-4750 (KAM)(RER), 2011 U.S. Dist. LEXIS 33365 (E.D.N.Y. Mar. 28, 2011); Kernes v. Global Structures, LLC, No. 15-CV-00659(CM)(DF), 2016 WL 880199 (S.D.N.Y. Mar. 1, 2016).

wages" was thus necessary to ensure wages <u>otherwise owed under different actionable provisions</u> pursuant to Article 6 were recoverable, regardless of whether such wages were deemed salary, commissions, or otherwise. <u>See</u> New York Lab. § 198(3).  However, to use the two words "full wages" as a "catch all" provision for wage claims not otherwise included in the NYLL is an extreme example of overreaching and should be rejected.

Further, the flaws present in <u>Villar</u> are found in all other relevant precedent cited by Plaintiffs.  For instance, <u>Calle</u> was decided upon <u>default judgment</u> only, and, in a single line without further analysis, based a plaintiffs' right to recover "agreed upon" wages upon NYLL Section 191.  <u>See</u> 2017 WL 6942652, *7.  Additionally, <u>Ho</u> involved a <u>pro se</u> defendant, and similarly erroneously premised the right to recover the full amount of "agreed upon" wages on NYLL Section 191.  <u>See</u> 2011 U.S. Dist. LEXIS 33365, * 43-44.

A full reading of NYLL Section 191, however, explicitly provides that such section does not provide for payment of "agreed upon" wages but instead merely requires that, to the extent parties "agree" to <u>terms</u> of employment <u>generally</u>, the employer must pay wages thereunder in a <u>timely manner</u>.  <u>See</u> New York Lab. Law § 191 (limiting discussion of wages to <u>when</u> they must be paid); <u>see also</u>, <u>e.g.</u>, <u>Myers v. Hertz Corp.</u>, 624 F.3d 537, 545 n.1 (2d Cir. 2010) ("[P]laintiffs may not use Labor Law § 191 to seek unpaid wages to which they claim to be entitled under a statute; rather § 191 guarantees only that the wages the employer and employee have agreed upon be paid in a timely manner again according to the terms of the employee's employment."); <u>Kone v. Joy Constr. Corp.</u>, No. 15-CV-1328(LTS), 2016 WL 866349, *4 (S.D.N.Y. Mar. 3, 2016) ("Courts have held that [Section 191] is an inappropriate vehicle for recovery where the gravamen of plaintiffs' complaint is that the sums paid were not equal to what plaintiffs claim they were entitled to receive, and that plaintiff has not otherwise pleaded that payments were

untimely."); <u>Sampson v. MediSys Hlth. Network, Inc.</u>, No. 10-CV-1342(SJF)(ARL), 2012 WL 3027838, *8 (E.D.N.Y. July 24, 2012) ("Labor Law § 191 by its terms only involves the timeliness of wage payments, and does not appear to afford to plaintiffs any substantive entitlement to a <u>particular</u> wage." (emphasis in original)).

Next, <u>Ortega</u> involved a matter whereby defendants proceeded <u>pro se</u>, and did not in any way analyze the availability of an "agreed upon" wages claim.  <u>See</u> 2017 WL 2634172, *4. More importantly, the <u>Ortega</u> decision utterly failed to provide a statutory basis for said claim. <u>See id.</u>  Indeed, the single case <u>Ortega</u> cites for the right to an "agreed upon" wages claim is itself flawed, as it too was based upon default judgment and, failed to provide any analysis of said claim, opting instead to simply cite to exact precedent recited by <u>Villar</u>.  <u>See id.</u> at *4, n.9 (<u>citing</u> <u>Soto v. Armstrong Mgmt. Realty Corp.</u>, No. 15-CV-9283, 2016 WL 7396687 (S.D.N.Y. Dec. 21, 2016)).  <u>Denoyer</u> also concerned adjudication upon default judgment and noted NYLL Section 198(3) allowed for recovery under an "agreed upon" wages claim without any analysis therein.  2018 U.S. Dist. Lexis 11700, *8.  This is exactly the case with <u>Kernes</u>, which also was decided upon default judgment, and similarly noted without any substantive analysis that the right to "agreed upon" wages was premised on NYLL Section 198(3), and no other provision. <u>See</u> 2016 WL 880199 at *1, 3, 8.

In light of the foregoing, Defendants respectfully request this Court interpret Plaintiffs' request for what it actually is: an improper attempt to create a cause of action under the NYLL where one does not exist.  This improper request should be rejected, as should the flawed precedent cited by Plaintiffs contending otherwise, and Plaintiffs' request to add their NYLL Agreed Upon Wages Claim should therefore be denied.

**B.  Plaintiffs' Factual Claims Alleged in Support Are Immaterial to the Claim.**

In what has become a troubling recurring issue with Plaintiffs, they attempt to introduce several irrelevant, immaterial facts outside their pleadings in order to obfuscate a straight-forward determination to be made by this Court – to wit, whether the NYLL provides for an "agreed upon" wages claim.  See, e.g., Plaintiffs' Memo., p. 1-3, 5; the Castillo Decl. and the Exhibits annexed thereto; and, Exhibits 2-7 annexed to the Rapaport Decl.[8]  As provided for therein, Plaintiffs attempt to assert the documents and factual allegations introduced establish that Defendants purportedly "agreed to" pay Plaintiffs at an hourly rate, and pay them overtime equal to one and one-half times their regular hourly rate of pay.  See, e.g., id.

All such documents concern only one single issue: whether, and to what extent, Plaintiffs and Defendants "agreed upon" a certain wage.  See, e.g., id.  Despite this, these materials are irrelevant because they do not concern the actual conflict at issue herein: namely, whether the NYLL provides for an "agreed upon" wages claim as a matter of law.  Given this is a purely legal determination, any documents concerning a factual dispute in connection therewith are of no moment.  Nevertheless, to the extent this Court believes a review of said materials may be pertinent irrespective of their irrelevance to the issue in dispute, the materials actually lead to the inevitable conclusion that no Agreed Upon Wages Claim could exist on its face for declarant Mr. Castillo.  Indeed, the Castillo Decl. alleges he and Defendants "agreed upon" a pay rate of $11.25 per hour when Mr. Castillo was first hired in November 2013, and that at some point

---

[8] Defendants respectfully submit the majority of these materials are not alleged in Plaintiffs' proposed Second Amended Complaint, and thus to the extent they are necessary for Plaintiffs to proceed with the Agreed Upon Wages Claim, they must be disregarded in any event.  See Saunders v. NYC Dept. of Educ., No. 07-CV-2725(SJF)(LB), 2010 WL 2985031, *5 n.3 (E.D.N.Y. July 20, 2010) (holding a court "cannot consider extrinsic material on a motion to dismiss on the pleadings").  In light of this, Plaintiffs cannot support an "agreed upon" wages claim with the bald allegations introduced in Plaintiffs' proposed Second Amended Complaint (see DE 274-1, ¶¶ 1, 4, 19, 437-39), requiring the Claim's dismissal nonetheless.  See Amusement Industry Inc., v. Stern, 2014 WL 4460393 (S.D.N.Y. 2014) (Gorenstein, J.) (denying motion to amend where allegations were insufficient to survive futility, and where said additional allegations did nothing but muddle a complicated case even further).

thereafter, Defendants "promised" to pay him at a pay rate of $12.50 per hour for his first 40 hours of work per week, and $18.75 per overtime hour thereafter. See Castillo Decl. ¶ 4. Notably, the documentation provided by Mr. Castillo actually shows he has no claim for failure to pay "agreed upon" wages, in that the paystubs allegedly show he was paid at the rates purportedly "promised"/"agreed upon." [9]  See Exhibit A annexed to the Castillo Decl. (allegedly showing payment of $12.50 per hour/$18.75 per hour, and $11.25 per hour respectively).

### C. Plaintiffs' Factual Claims Further Establish the Agreed Upon Wages Claim is Futile Due to It Preventing Class Action Certification.

Additionally, to the extent this Court believes consideration of factual allegations in connection with a purely legal dispute is necessary, these materials/allegations further show the futility of Plaintiffs' Agreed Upon Wages Claim.  In this regard, Plaintiffs intend to pursue their Claim upon a class-wide basis.  See Plaintiffs' Proposed Amended Complaint (DE 274-1), p. 91 (noting the Agreed Upon Wages Claim is brought "[o]n Behalf of All Plaintiffs and the New York Class").  As such, in order to establish that such claim is not futile, Plaintiffs must additionally establish that the claim itself may be adjudicated on a class-wide basis.  See, e.g., In re Scientific Control Corp. Sec. Litig., 71 F.R.D. at 513 (S.D.N.Y. 1976); Luedke, 1993 WL 313577 at *4.  Plaintiffs cannot do so here.

Relevantly, in order to determine whether Defendants and Plaintiffs "agreed upon" a certain wage, and to determine exactly what such "agreed upon" wage was, Plaintiffs would be required to introduce the exact same individualized information they have provided on behalf of declarant Mr. Castillo herein, including: (i) individualized pay stubs; (ii) individualized NYLL §

---

[9] Defendants vehemently deny Mr. Castillo's allegations that he was "promised" any hourly and/or overtime rate as alleged.  However, as noted above, Mr. Castillo's factual allegations (and any disputes in connection therewith) are immaterial to the instant dispute, in that futility of amendment is decided upon a motion to dismiss standard, and more importantly, whether the NYLL provides for an "agreed upon" wages claim as a matter of law is a purely legal determination.  See supra.  In light of this, Defendants are willing to forego their dispute of the alleged factual accuracy of Mr. Castillo's allegations solely for the purpose of the instant Motion. Defendants expressly reserve the right to challenge Plaintiffs' allegations otherwise in all future proceedings and pleadings herein.

195.1 wage notices; and (iii) individualized employment enrollee application forms for each Plaintiff.  Following same, Defendants would necessarily be required to depose each and every single putative Plaintiff so as to determine whether each and every single Plaintiff had received "representations [from Defendants] that they were entitled to hourly pay," as categorically overstated by Plaintiffs.  See Rapaport Decl. ¶ 12.  Thus, although a "common question" may exist – "Did Plaintiffs receive their 'agreed upon' wages?" – a "common answer" does not. Instead, the answer would be individualized in that whether a putative plaintiff and Defendants "agreed upon" a certain wage, the amount "agreed upon," and the date and duration of such "agreement," would have to be decided on a case-by-case basis.

Courts routinely hold that such need to provide answers on an individualized basis eviscerates the ability to proceed on a class-wide basis.  See, e.g., Wal-Mart v. Dukes, 564 U.S. 338, 350 (2011) (noting class actions must be susceptible to common answers); Ruiz v. Citibank N.A., No. 10-CV-5950(KPF)(RLE), 2015 WL 4629444, at *5 (S.D.N.Y. Aug. 4, 2015); Keller v. AXA Equitable Life Ins. Co., No. 12-CV-4565(LTS)(RLE), 2013 WL 6506259, at *3 (S.D.N.Y. Dec. 12, 2013) (denying certification of an NYLL class action because "whether and to what extent the alleged policy resulted in violations of the [NYLL] is one as to which individualized questions predominate"). In light of this evisceration, the proposed amendment seeking to interpose the Agreed Upon Wages Claim must be denied as futile. See, e.g., In re Scientific Control Corp. Sec. Litig., 71 F.R.D. at 513 (S.D.N.Y. 1976); Luedke, 1993 WL 313577 at *4.

Thus, given the foregoing – particularly the fact that the NYLL does not provide for an "agreed upon" wages claim as a matter of law, and the Agreed Upon Wages Claim is futile in any event – Plaintiffs' request to amend their Amended Complaint a second time to interpose same should be categorically denied.

### POINT III

### PLAINTIFFS' BREACH OF CONTRACT CLAIM MUST BE DENIED AS FUTILE

#### A. Plaintiffs' Breach of Contract is Futile as Duplicative of Plaintiffs' Pleaded FLSA and NYLL Statutory Claims.

Plaintiffs' request to amend their Amended Complaint to add the Breach Claim similarly must be denied as futile. This is because courts in the Second Circuit disallow plaintiffs to proceed on a breach of contract claim where it is duplicative of (and thus preempted by) statutory claims under the FLSA/NYLL.  See, e.g., Sampson, 2012 WL 3027838 at *8-9 (dismissing, inter alia, a breach of contract claim because "where a state common law claim is based upon the same facts as a FLSA cause of action, the duplicative state-law claim is preempted by the FLSA and must be dismissed"); Acevedo v. WorkFit Med. LLC, No. 14-CV-06221(EAW), 2014 WL 4659366, *14 (W.D.N.Y. Sept. 17, 2014) (finding state common law claims preempted with respect to claim for wages covered by the FLSA); Ethelberth v. Choice Sec. Co., 91 F.Supp.3d 339, 361-62, (E.D.N.Y. 2015) (dismissing breach of contract claim as duplicative of FLSA and/or NYLL claims).  In determining whether common law claims are duplicative of statutory claims, courts analyze whether the statutory and "common law claims are grounded in the same facts." Chen v. Street Beat Sportswear, Inc., 364 F. Supp. 2d 269, 292–293 (E.D.N.Y. 2005).

Indeed, Chen is instructive.  There, plaintiffs alleged defendants were liable for a subcontractors' failure to pay overtime under a common-law negligence-per-se theory of liability, for purportedly failing to monitor the pay practices of said subcontractors to ensure compliance with the FLSA. 364 F. Supp. 2d 269 at 292.  The court dismissed plaintiffs' common-law claims of tort liability, because such claims were "founded upon the same facts as and therefore duplicative of the FLSA claims," and because such claims were "based on violations of the FLSA."  Id.  Similarly here, the gravamen of Plaintiffs' Breach Claim is that

Defendants failed to pay Plaintiffs "on an hourly basis and overtime compensation at 1 ½ times their regularly hourly pay rates" as "explicitly and repeatedly promised" by Defendants.  <u>See</u> Plaintiffs' Memo. p. 5 (noting "the failure to pay wages [as] promised constitutes a breach of contract").  In light of Plaintiffs' explicit representations, it cannot be disputed that the same facts which would be necessary to prove a violation of the FLSA/NYLL, <u>i.e.</u> hours purportedly worked, as measured against amounts purportedly paid in connection with same, would be necessary to establish Plaintiffs' requested Breach Claim.  As such, the request to interpose the Breach Claim must be denied as futile due to FLSA/NYLL preemption.

The single case cited by Plaintiffs to contend otherwise also contains issues which mandate this court disregard it.  Notably, <u>Chuchuca v. Creative Customs Cabinets, Inc.</u> (again) involved a matter decided upon default judgment, and (again) contained no analysis on whether plaintiffs' breach of contract claim therein should have been dismissed as duplicative.  <u>See</u> No. 13-CV-2506(RLM), 2014 WL 6674583, *1, 10-11 (E.D.N.Y. Nov. 25, 2014).[10]  Thus the <u>Chuchuca</u> court, unlike the <u>Chen</u> court, did not substantively analyze whether plaintiffs could proceed with a breach of contract claim predicated upon facts which would support a violation of the FLSA/NYLL.  Given same, its bald conclusion should be disregarded as inapposite.

Plaintiffs also assert their breach of contract claim should be allowed to proceed "in the alternative" pursuant to Federal Rule of Civil Procedure 8(d)(2).  <u>See</u> Plaintiffs' Memo., p. 6. However, it is axiomatic leave to plead in the alternative is only allowed where such alternative pleading could be sustained independently, <u>i.e.</u> where such claim is not preempted by other adequately-pleaded claims.  <u>See Moses v. Apple Hospitality Reit, Inc.,</u> No. 14–CV–3131

---

[10] Defendants note Plaintiffs cite <u>Kernes</u> in support of their breach of contract claim.  <u>See</u> Plaintiffs' Memo., p. 5-6. However, <u>Kernes</u> does not involve a breach of contract claim, and instead concerns awarding of "agreed upon wages" pursuant to a default judgment.  As such, Defendants have discussed <u>Kernes</u> in this context only.  <u>See</u> Section II(A), <u>supra</u>.

(DLI)(SMG), 2015 WL 101437 (E.D.N.Y. Mar. 9, 2015) (denying leave to amend complaint to add unjust enrichment claim where such claim was completely duplicative of, and thus preempted by, plaintiffs' breach of contract claim). Given that plaintiffs' Breach Claim cannot be sustained independently, it cannot be pleaded in the alternative.

Moreover (and to the extent this Court believes a review of factual materials may be pertinent irrespective of the fact that the Breach Claim should be disallowed on purely legal grounds), the materials actually lead to the inevitable conclusion that no Breach Claim could exist for Mr. Castillo. As previously noted, to the extent Mr. Castillo and Defendants allegedly entered into some sort of contract to pay certain wages, the evidenced adduced in the Castillo Decl. shows he was paid the amount required pursuant to said alleged contract. Compare Castillo Decl. ¶ 4; with Exhibit A annexed thereto.[11]

Finally, Plaintiffs yet again attempt to introduce other irrelevant information into determination of this legal argument, namely the fact that Defendants are attempting to dismiss the NYLL overtime claims of superintendents based upon the NYLL Janitorial Exemption. See Plaintiffs' Memo., p. 6. In the first instance, Defendants' attempts to defeat a wholly separate claim (NYLL overtime) predicated upon a wholly separate legal defense (Janitorial Exemption) has no bearing on the legal viability of the instant Breach Claim, and Plaintiffs' attempt to conflate the two should be disregarded. Notably, Plaintiffs acknowledge that Defendants' aforementioned attempt is limited to superintendents, and does not concern other putative/Named Plaintiffs in the titles of "porter" and/or "handyman." As such, it is disingenuous for Plaintiffs to argue the Breach Claim should be allowed because (all) Plaintiffs might otherwise be denied

---

[11] Defendants further deny Mr. Castillo's allegations that he was "promised" any hourly and/or overtime rate sufficient to form any contractual obligation thereupon. However, given the irrelevance of factual allegations with determination of a legal dispute, as well as the motion to dismiss standard present otherwise, Defendants do not dispute the alleged factual accuracy of Mr. Castillo's allegations solely for the purpose of the instant Motion, and otherwise expressly reserve the right to challenge same in all future proceedings and pleadings herein.

relief for their NYLL overtime claim should Defendants' motion based on the Janitorial Exemption be granted.   Given the foregoing, Plaintiffs' request to amend their Amended Complaint a second time to assert the Breach Claim should be denied.

### B. Plaintiffs' Breach of Contract Claim is Futile Even Where Not Duplicative of Other Claims Asserted.

Notwithstanding the foregoing, Plaintiffs' proposed breach of contract claim is futile in any event.   Relevantly, New York law requires four elements to establish a breach of contract claim: "'(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages.'" Katz v. Travelers, 241 F. Supp. 3d 397, 405 (E.D.N.Y. 2017), reconsideration denied, 2017 WL 4180012 (E.D.N.Y. Sept. 20, 2017) (quoting Harsco Corp. v. Segui, 91 F.3d 337, 348 (2d Cir. 1996)).   Plaintiffs fail to provide this Court or Defendants with any facts establishing that their proposed amendment satisfies their prima facie burden for establishing a breach of contract.   In this regard, Plaintiffs fail to assert the exact terms of the contract which they seek to enforce, and also fail to assert they "adequately performed" their obligations thereunder. See Plaintiffs' proposed Second Amended Complaint (DE 274-1), ¶¶ 1, 4, 19, 437-39 and generally.   It is axiomatic that a failure to allege these requisite elements mandates dismissal of any breach of contract claim. See, e.g., Sony Fin. Servs., LLC v. Multi Video Grp., Ltd., No. 3-CV-1730(LAK), 2003 WL 21396690, *2 (S.D.N.Y. June 17, 2003) (dismissing breach of contract claim for failure to allege terms of contract and for failure to allege satisfactory performance by claiming party thereunder); Swan Media Grp., Inc. v. Staub, 841 F.Supp.2d 804, 808 (S.D.N.Y. 2012) (dismissing breach of contract claim where plaintiff "failed to sufficiently allege its adequate performance under the [contract], a required element under New York law").

Additionally, the instant matter concerns wages allegedly improperly (and continuously) paid to, <u>and accepted by</u>, Plaintiffs, for a period of six years. Accordingly, any claim for breach of contract is subject to dismissal pursuant to the doctrines of waiver/laches, accord and satisfaction, and/or ratification. <u>See</u> <u>Horn v. PTJP Partners, L.P.</u>, 16 A.D.3d 103, 791 N.Y.S. 2d 21 (1st Dep't 2005) (holding employee who retained payment of amount allegedly owed to him by employer supported finding of accord and satisfaction, though payment did not bear a legend indicating that it was in settlement of any outstanding dispute). As such, to the extent Plaintiffs argue they may proceed under a breach of contract theory regardless, such request must be still denied in light of the fact it is subject to dismissal pursuant to the doctrines of waiver/laches, accord and satisfaction, and/or ratification. <u>See</u> <u>id.</u>

### C. Plaintiffs' Breach of Contract Claim Must Be Denied as Futile as It Prevents and Is Otherwise Not Amenable to Class Action Certification.

Finally, Plaintiffs assert their Breach of Contract Claim on "Behalf of All Plaintiffs and the New York Class." <u>See</u> Plaintiffs' Proposed Amended Complaint (DE 274-1), p. 92. As such, and prior to allowing Plaintiffs' leave to amend to assert same, the Court must determine whether the proposed amendment is itself amenable to adjudication on a class-wide basis, and/or would otherwise prevent certification of the requested class action in any event. <u>See, e.g.</u>, <u>In re Scientific Control Corp. Sec. Litig.</u>, 71 F.R.D. at 513; <u>Luedke</u>, 1993 WL 313577 at *4. Thus, even if the breach of contract claim could proceed on an individual basis, the request to interpose same must still be denied as it is not amenable to class-wide resolution. This is because the Court would need to do an individualized inquiry into each individual putative plaintiffs' claim to determine: (i) if an actual express or implied contract as between said putative plaintiff and Defendants existed; (ii) to the extent it did, what the specific terms of said contract were; (iii) whether Defendants satisfied their obligations to each individual plaintiff under the contract; and

(iv) whether the individual putative plaintiff satisfied the terms of their end of the agreement sufficient to establish their "adequate performance" under said putative contract.

Such analysis would require the Court to conduct separate "mini-trials" in connection with these determinations to ascertain when the contract was formed, with whom the contract was formed, and what each party (putative plaintiff and representative Defendant) believed the terms of any such contract to be.  Courts routinely find such individualized inquiries as to a breach of contract claim prevent class certification as a matter of law.  See, e.g., Spencer v. Hartford Fin. Servs. Grp., Inc., 256 F.R.D. 284, 304 (D.Conn.2009) (denying class certification where contracts defined cost and value differently such that the language of each contract "would need to be carefully considered to determine whether defendants breached each contract at issue"); Broussard v. Meineke Discount Muffler Shops, Inc., 155 F.3d 331, 344 (4th Cir. 1998) (decertifying class because "[t]aken as whole the class claims were based on widely divergent facts"); Sprague v. Gen. Motors Corp., 133 F. 3d 388, 398 (6th Cir. 1998) (decertifying class of retirees in an ERISA action where  "side deals" contained numerous variations as to what each individual retiree was promised).  Plaintiffs' breach of contract claim is futile for a multitude of reasons, and thus Plaintiffs' request to interpose same herein should be categorically denied.

## POINT IV

### THE PROPOSED AMENDMENT MUST BE DENIED DUE TO UNDUE DELAY AND/OR UNDUE PREJUDICE

In addition to the above, Plaintiffs' request for leave to amend was made after undue delay, in that Plaintiffs' original complaint was filed on or about May 23, 2016, and Plaintiffs' request for leave to amend was not made until two years later.  See DE 1; DE 259.  Courts routinely find that such a period of time constitutes an undue delay.  See, e.g., Dowcraft Corp. v. Smith, No. 1-CV-0186E(SR), 2004 WL 626801 (W.D.N.Y. Feb. 17, 2004) (delay of two years

undue); <u>U.S. v. Incorporated Village of Island Park</u>, No. 90-CV-0992(ILG), 1995 WL 669936 (E.D.N.Y. Nov. 6, 1995) (delay of three years undue).

The only explanation Plaintiffs provide as to their undue delay is that the need to amend arose following the "decisions of dozens of Defendants' employees to participate in the case in the past three months."  Plaintiffs' Memo., p. 8.[12]  The falsity of such statement is revealed by Plaintiffs' concessions they had the information necessary to interpose the requested claims at the time they filed their Original Complaint on or about May 23, 2016 (DE 1).  In this regard, Plaintiffs tellingly admit they knew original plaintiffs Contrera and Lopez allegedly "were assured of (but did not receive) overtime compensation."  <u>See</u> Plaintiffs' Memo. p. 2.  Further, Plaintiffs also had in their possession relevant "NYLL § 195.1 wage notices to plaintiffs [Contrera] and [Lopez]" which allegedly showed how "Defendants explicitly represented that they were hourly employees entitled to overtime compensation."  <u>See id.</u> at p. 5.[13]

Indeed, the necessary knowledge relevant to the Agreed Upon Wages and/or Breach Claims is evident in Plaintiffs' Original Complaint, as detailed by the representations which concern same replete therein.  <u>See, e.g.</u>, Original Complaint (DE 1), ¶¶ 5, 17-18, 34, 42, 263, 288-89, 294, 300-01, 303, 307 (alleging, <u>inter alia</u>: Defendants did not pay Plaintiffs wages earned for each hour worked; Plaintiffs worked in excess of forty hours per week without full compensation therefor; Defendants only paid Plaintiff Lopez $10.00 for the first 40 hours of work per week, a rate of $400.00 per week, despite the fact he worked more; Defendants only

---

[12] Ostensibly owing to same, Plaintiffs propose to add one allegation: "Defendants promised to pay superintendents, porters and handymen at an agreed upon hourly rate and failed to do so."  Plaintiffs' Memo., p. 4.

[13] Indeed, Plaintiffs acknowledge they had these materials in their possession despite the fact no documents have been produced. <u>See</u> Plaintiffs' Memo. p. 3, 7. It is thus likely they had these materials in their possession from the onset of this litigation, but in any event by no later than September 23, 2016, when such statements were filed in support of Defendants' original motion to dismiss.  <u>See</u> DE 42-10.  Thus, and at the very least, it cannot be disputed Plaintiffs had this information in their possession well in advance of their first filing of their Amended Complaint on or about July 11, 2017.  <u>See</u> DE 131.

paid Plaintiff Lopez $6.87 per hour for the first 40 hours of work per week, a rate of $275.00 per week, despite the fact he worked more; and Defendants took unlawful deductions from Plaintiffs which lowered the amount Plaintiffs were paid).

Additionally, Plaintiffs have asserted this litigation on a class-wide basis from the onset, and thus their Original Complaint abounds with allegations that the violations which purportedly occurred as against Contrera and Lopez – including the alleged failure to compensate for all "regular"/overtime hours worked – also occurred to all other "similarly situated" putative plaintiffs. See, e.g., Original Complaint (DE 1), ¶¶ 2, 5, 14, 17-19, 252-55, 261, 263. As such, Plaintiffs are either being disingenuous now when they assert that they were not aware of the viability of the Agreed Upon Wages and/or Breach Claims until after "[t]he decisions of dozens of Defendants' employees to participate in the case in the past three months" (see Plaintiffs' Memo. p. 8), or they were being disingenuous – and potentially violating Federal Rule of Civil Procedure Rule 11 – when they asserted that the underlying alleged violations relevant to the Agreed Upon Wages and/or Breach Claims were suitably uniform across all putative plaintiffs to support a class action in this matter in their Original Complaint.[14]  Moreover, it must be noted other individuals (from whom Plaintiffs could have discerned the necessary information) began joining this litigation as "opt-in Plaintiffs" as early as August 31, 2016.  See Consent to Become Party Plaintiff of Pedro Batista, dated August 31, 2016 (DE 37).

As such, it is evident Plaintiffs had sufficient information to allege these causes of action significantly earlier than now, and thus the need to wait until other individuals "opted in" over

---

[14] Notwithstanding the foregoing, it is also evident that Plaintiffs had the requisite knowledge to assert the Agreed Upon Wages and/or Breach Claims at the time they submitted their First Amended Complaint (DE 131).  Indeed, as Plaintiffs readily admit, "the First Amended Complaint . . . already contains factual allegations" relevant to the Agreed Upon Wages and/or Breach Claims; Plaintiffs further acknowledge they discussed (and thus were aware of) "the significance of Defendants' [alleged] treatment of Usvaldo Contrera and Francisco Lopez as non-exempt, hourly employees" in their opposition to Defendants' motion to dismiss dated October 12, 2017.  See Plaintiffs' Memo., p. 7 (citing DE 156 and DE 196).

the past three months in order to discern substantively similar information from them is insufficient to provide a satisfactory explanation for Plaintiffs' undue delay.   In light of the foregoing, Plaintiffs' request to amend should be denied on the basis of their unexplainable, undue delay alone.   See Parker, 204 F.3d at 341 (finding no good cause for amendment where moving party possessed all the information necessary when the action was commenced and failed to explain the inordinate delay in seeking same).

However, to the extent necessary, Plaintiffs' request for leave to amend creates undue prejudice on Defendants.   Notably, Plaintiffs assert that the mere "expenditure of additional time, effort or money do not themselves constitute undue prejudice."   See Plaintiffs' Memo., p. 7 (citing Christians of Cal., Inc. v. Clive Christian N.Y., LLP, No. 13-CV-0275(KBF)(JCF), 2014 WL 3605525 (S.D.N.Y. July 18, 2014)). However, this Court has taken particular issue with this line of reasoning, and has noted that prejudice may still be found even solely where "the addition of allegations . . . would significantly expand discovery." Raffington, 2018 WL 565707 at *7. In this regard, and despite Plaintiffs' bald allegations to the contrary, the addition of these claims would require a significant expansion of discovery in this matter. Indeed, in order to litigate the aforementioned claims, Defendants would likely be required to present evidence of the alleged formation (or lack thereof) of an agreement/contract to pay specific wages.   In order to do so, Defendants would be required to present additional (previously non-material) witnesses to the alleged conversations which formed the bases of the agreement/contract.

Further (and as noted above), Defendants would then be required to depose each and every individual putative plaintiff to determine whether they were privy to an actual express or implied contract, what the specific terms of said contract were, and whether they/Defendants satisfied their obligations under the contract.   Defendants would have to conduct a similarly

expansive undertaking to depose all putative plaintiffs in order to determine other key elements essential to the Agreed Upon Wages Claim.  Of course, the alleged contracts may have been made up to six years prior to the initial filing in this matter (which in "real time" is more than eight years ago).  As a result, witness accounts of such contract formation may have dwindled over time.  Had Defendants been aware of this claim at the outset of litigation, they may have been able to attempt preservation of those memories by asking witnesses to memorialize same in writing.  That opportunity is now lost.  At the very least, Defendants will now be forced to expend significantly greater resources to refresh the recollections of those who may have simply forgotten the specific facts of any alleged contract formation.  Further, given the passage of time, Defendants may not be able to locate or identify witnesses who have clear recollections of the terms of any purported agreements made with Plaintiffs concerning payment of wages.

As such, the addition of the aforementioned claims could exponentially expand the amount of discovery necessary, making such amendment prejudicial in light of same.  See Raffington, 2018 WL 565707 at *7 (denying amendment where the proposed amendments "represent[ed] dramatic and substantive amendments that would significantly delay this case, drastically change the course of this litigation and require the devotion of enormous additional resources to complete discovery and take the case to trial" (internal quotations and citation omitted)).  Thus, Plaintiffs' request for leave to amend should be denied, due to Plaintiffs' undue delay in seeking same, and/or due to the prejudice such amendment would enact on Defendants in any event.  See, e.g., Parker, 204 F.3d at 341; Raffington, 2018 WL 565707 at *7.

## CONCLUSION

**WHEREFORE**, Defendants respectfully request: (i) Plaintiffs' Motion to Seeking to Amend their Amended Complaint to interpose an Agreed Upon Wages Claim and/or a Breach of

Contract Claim be categorically denied; and (ii) Defendants be granted costs, fees, and disbursements, together with such other and further relief as the Court deems just and proper.

Dated:      Mineola, New York
            April 9, 2018

                                      **MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**
                                      Attorney for Defendants
                                      190 Willis Avenue
                                      Mineola, New York 11751
                                      (516)747-0300
                                      champton@meltzerlippe.com
                                      lmartinez@meltzerlippe.com
                                      gwaters@meltzerlippe.com


                              By: _____**ECF**_____ /s/ _____
                                        Christopher P. Hampton, Esq.

**LARRY R. MARTINEZ, ESQ.**
**GERALD C. WATERS, JR., ESQ.**