16-CV-03851 (LTS)(GWG)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USVALDO CONTRERA and FRANCISCO LOPEZ,
individually and on behalf of all others similarly
situated,

Plaintiffs,

-against-

IRVING LANGER, et al.

Defendants.

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR OBJECTIONS TO THE MARCH 5, 2018 REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE GABRIEL W. GORENSTEIN

**MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**
Attorneys for the Defendants
190 Willis Avenue
Mineola, N.Y.  11501
(516) 747-0300

Gerald C. Waters, Jr., Esq.
Larry R. Martinez, Esq.
Christopher P. Hampton, Esq.

## TABLE OF CONTENTS

Page

TABLE OF CONTENTS....................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................... iii

PRELIMINARY STATEMENT ........................................................................................... 1

ARGUMENT......................................................................................................................... 3

POINT I

THE REPORT AND RECOMMENDATION CONTAINS FACTUAL
AND LEGAL ERRORS WHICH WARRANT SUSTAINING
DEFENDANTS' OBJECTIONS AND GRANTING RELIEF OF
THE UNDERLYING PARTIAL MOTION TO DISMISS .............................................. 3

    A. DE NOVO STANDARD OF REVIEW ............................................................ 3

    B. THE REPORT AND RECOMMENDATION INCORRECTLY
       HELD THE JANITORIAL EXEMPTION DID NOT APPLY
       TO PLAINTIFFS CONTRERA AND LOPEZ .................................................. 3

        1. THE JANITORIAL EXEMPTION ......................................................... 3

        2. THE R&R ERRONEOUSLY HELD THE JANITORIAL
           EXEMPTION DOES NOT APPLY TO PLAINTIFFS
           CONTRERA AND LOPEZ................................................................. 4

        3. JUDGE GORENSTEIN'S LEGAL DETERMINATION
           RELATIVE TO THE JANITORIAL EXEMPTION
           IS CLEARLY ERRONEOUS................................................................. 5

        4. JUDGE GORENSTEIN'S FACTUAL DETERMINATION
           TO THE JANITORIAL EXEMPTION IS CLEARLY
           ERRONEOUS.................................................................................... 7

        5. JUDGE GORENSTEIN'S RELIANCE ON *ALMONTE*
           IS IMPROPER .................................................................................. 9

        6. THE R&R HOLDING THAT THE JANITORIAL EXEMPTION
           DOES NOT APPLY TO PLAINTIFFS CONTRERA AND
           LOPEZ, IN PART, BECAUSE THEY WERE NOT PAID
           ON A "PER-UNIT" BASIS IS CLEARLY ERRONEOUS ................. 9

POINT II

PLAINTIFF LOPEZ' FLSA CLAIMS ARE BARRED
BY THE APPLICABLE STATUTE OF LIMITATIONS ................................................ 11

    A.  THE FLSA STATUTE OF LIMITATIONS .................................................... 11

    B.  THE R&R INCORRECTLY HELD PLAINTIFF LOPEZ'
       CLAIM WAS TIMELY .............................................................................. 13

CONCLUSION .......................................................................................................... 17

**TABLE OF AUTHORITIES**

Federal Cases

Almonte v. 437 Morris Park, LLC, 2015 WL 7460019 (S.D.N.Y. Nov. 24, 2015) ....................... 9

Atkins v. General Motors Corp., 701 F.2d 1124 (5th Cir. 1983).................................................. 13

Bonilla v. Las Vegas Cigar Co., 61 F. Supp. 2d 1129 (D.Nev. 1999).......................................... 13

Callari v. Blackman Plumbing Supply, Inc., 988 F. Supp. 2d 261 (E.D.N.Y. 2013) ................... 14

El v. Potter, 2004 WL 2793166 (S.D.N.Y. Dec. 6, 2004) ...................................................... 12, 14

Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 101 (S.D.N.Y. 2003).................. 12

Gonzalez v. El Acajutla Restaurant, Inc., 2007 WL 869583 (E.D.N.Y. Mar. 20, 2007) . 11, 12, 14

Harper v. Government Employees Ins. Co., 980 F. Supp. 2d 378 (E.D.N.Y. 2013)...................... 4

Hasken v. Louisville, 234 F. Supp. 2d 688 (W.D.Ken. 2002)....................................................... 13

Hoffman v. Sbarro, Inc., 982 F.Supp. 249 (S.D.N.Y. 1997) ........................................................ 13

The Academy at Ivy Ridge, et al., 249 F.R.D. 413 (N.D.N.Y. 2008) ............................................ 3

Kern v. Siemens Corp., 393 F.3d 120 (2d Cir. 2004)................................................................... 12

Koljenovic v. Marx, et al., 999 F. Supp. 2d 396 (E.D.N.Y. 2014) ....................................... 3, 4, 17

Mendez v. The Radec Corp., 260 F.R.D. 38 (W.D.N.Y. 2009)..................................................... 14

Patton v. Thompson Corp., 364 F. Supp. 2d 263 (E.D.N.Y. 2005)......................................... 12, 13

Schmidt v. Emigrant Indus. Sav. Bank, 148 F.2d 294 (2d Cir. 1945)............................................ 4

Songu-Mbriwa v. Davis Memorial Goodwill Indus., 144 F.R.D. 1 (D.D.C. 1992) .................... 13

Utility Audit Group v. Capital One, N.A., 2015 WL 1439622 (E.D.N.Y. Mar. 26, 2015) ............ 3

State Cases

Leich v. Borchard Affiliations, 256 A.D. 1019 (3d Dep't 1939) ................................................... 4

Federal Statutes

28 U.S.C. §256(a) ................................................................................................................... passim

28 U.S.C. §636(b) .................................................................................................................. 3

28 U.S.C. §636(c) .................................................................................................................. 3

29 U.S.C. §216(b) ...................................................................................................... 12, 13, 16

29 U.S.C. §255(a) ...................................................................................................... 11, 12, 13

29 U.S.C. §256(a) ............................................................................................................ 12, 14

28 U.S.C. §256(b) ........................................................................................................... passim

93 Cong. Rec. Part 2 ........................................................................................................... 15

## Federal Rules of Civil Procedure

Federal Rule of Civil Procedure 23 ...................................................................................... 12

## State Regulations

12 NYCRR § 141-1.2. ...................................................................................................... 9, 10

12 NYCRR § 141-1.4. ...................................................................................................... 4, 17

12 NYCRR §141-2.8. ............................................................................................................ 10

12 NYCRR §141-2.9. ...................................................................................................... 4, 10

12 NYCRR §141-3.1 .............................................................................................................. 3

12 NYCRR Section 141-3.4. ......................................................................................... 4, 5, 17

## PRELIMINARY STATEMENT[1]

This matter comes before the Court upon objection to the Honorable Magistrate Judge Gabriel W. Gorenstein's ("Judge Gorenstein") March 5, 2018 Report and Recommendation ("R&R")[2] in which the Court denied Defendants'[3] partial motion to dismiss Plaintiffs Contrera and Lopez' New York Labor Law ("NYLL") overtime claims based on the applicability of the Janitorial exemption, and Plaintiff Lopez' Fair Labor Standards Act ("FLSA") claims (the "Motion") as barred by the applicable based on the Statute of Limitations.  ECF Doc. 262.

As detailed below, Judge Gorenstein's R&R was premised in part upon the holdings that: (1) Plaintiffs Usvaldo Contrera ("Contrera") and Francisco Lopez ("Lopez") were not the designated janitor in their respective building; and, (2) Plaintiff Lopez' FLSA written "opt-in" consent requirement was satisfied by a declaration.  Both holdings are contrary to statutory authority, case law and  the factual allegations contained in the Second Amended Complaint (the "Complaint") (ECF Doc. 129)[4].  Accordingly, Defendants respectfully submit the R&R should be rejected and the relief requested in Defendants' Motion (ECF Doc. 192) be granted in its entirety.

Plaintiffs Contrera and Lopez readily admit in the Complaint that they performed work services as janitors during times relevant to this matter, and were designated as such.  As such, and pursuant to the New York State Department of Labor Minimum Wage Order for the Building Service Industry (the "Wage Order") Plaintiffs Contrera and Lopez are not entitled to

---

[1] Defendants respectfully request the Court to Defendants' Memorandum of Law In Support Of Their Partial Motion To Dismiss, pages 3-5, for relevant procedural posture and facts of this matter.  See April 12, 2018 Declaration of Gerald C. Waters, Jr. ("Waters Dec."), Ex. A.

[2] See, Waters Dec. Ex. B.

[3] Our office represents all Defendants' as noted in ECF Doc. 175.

[4] See, Waters Dec. Ex C.

overtime premium pay for hours worked over forty in one work week. Although the Complaint makes these admissions clear, Magistrate Gorenstein denied Defendants' Motion based on a finding that the Complaint "does not allege that each plaintiff was the sole resident janitor in their buildings." R&R at p.9. Defendants submit a determination as to whether Plaintiffs were the "sole" resident janitor is irrelevant as a matter of law where, as here, Plaintiffs admit they were the designated janitor at the building. As such, Defendants' motion to dismiss Plaintiffs Contrera and Lopez' NYLL claims based on the Janitorial Exemption, should have been granted and Defendants' objections to the R&R should be granted consistent with same.

Additionally, Judge Gorenstein's determination that a declaration satisfies the "opt-in" requirement of the FLSA was improper. Section 256 of the FLSA requires all plaintiffs – even named plaintiffs – file a consent form with the court. Barring such filing the statute of limitations will continue until, like in the case of Plaintiff Lopez, it expires. Judge Gorenstein's R&R agrees with certain courts (outside the United States District Court for the Southern District of New York) which have permitted a writing, other than a "standard" opt-in form to serve as consent to join. Defendants aver this decision is inconsistent with the purpose of the opt-in provision requirement. Rather than providing notice to defendants of the number, scope and nature of plaintiffs against whom they must defend a claim, the R&R's holding would require defendants sift through plaintiff filings to guess those of whom seek to join the action. This confusion, created solely by the non-filing plaintiff, can be avoided by simply holding plaintiffs must file a short and plan opt-in statement. Defendants therefore respectfully request their objection to the R&R be granted, the R&R be rejected in its entirety, and the relief requested in the Motion be granted in its entirety.

**ARGUMENT**

**POINT I**

**THE REPORT AND RECOMMENDATION CONTAINS
FACTUAL AND LEGAL ERRORS WHICH WARRANT
SUSTAINING DEFENDANTS' OBJECTIONS AND GRANTING
RELIEF OF THE UNDERLYING PARTIAL MOTION TO DISMISS**

## A. De Novo Standard Of Review

Any party may serve and file written objections to the proposed findings and recommendations of a Magistrate Judge.  28 U.S.C. §636 (b)(1)(B); see also, Dungan, et al. v. The Academy at Ivy Ridge, et al., 249 F.R.D. 413, 414 (N.D.N.Y. 2008).  "In such situations, where objections are filed to the proposed findings and recommendations, the court must make a 'de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  Dungan, 249 F.R.D. at 414, quoting 28 U.S.C. §636(c).  Regardless of whether objections are filed "the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations."  Utility Audit Group v. Capital One, N.A., 2015 WL 1439622, *2 (E.D.N.Y. Mar. 26, 2015).

## B. The Report And Recommendation Incorrectly Held The Janitorial Exemption Did Not Apply To Plaintiffs Contrera And Lopez

### 1. The Janitorial Exemption

The New York State Department of Labor ("NYDOL") "promulgated specific minimum wage regulations for the 'Building Service Industry.'"  Koljenovic v. Marx, et al., 999 F. Supp. 2d 396, 399 (E.D.N.Y. 2014).  The Wage Order defines "Building Services Industry" to include:

> any person, corporation or establishment engaged in whole or in part in renting, servicing, cleaning, maintaining, selling, or managing buildings or building space, and all occupations, operations and services in connection therewith or incidental thereto.  The industry includes, but is not limited to, real estate owners, building owners, operators, lessors, managing agents and independent contractors.

12 NYCRR §141-3.1

Pursuant to the Wage Order, "[a]n employer shall pay an employee, ***except a janitor*** in a residential building, for overtime at a wage rate of 1 ½ times the employee's regular rate for hours worked in excess of 40 hours in a workweek." 12 NYCRR §141-1.4 (emphasis added). The Wage Order defines "janitor" as:

> a person employed to render any physical service in connection with the maintenance, care or operation of a residential building. Where there is only one employee, such employee shall be deemed the janitor. Where there is more than one employee in the building, the employer shall designate an employee who lives in the building as the janitor. No building may have more than one janitor.

12 NYCRR §141-3.4.

Thus, an individual covered by the Wage Order is not entitled to payment of overtime for hours worked over forty (40) in a workweek if the covered individual: (1) works in a residential building; (2) is employed to perform any physical service in connection with the maintenance, care or operation of the building; and (3) is the only such individual performing such services in the building, **or** (4) ***lives in the building as the janitor***. 12 NYCRR §141-3.4. Given their Amended Complaint admissions, Plaintiffs Contrera and Lopez satisfy the definition of "janitor"[5] and are therefore not entitled to overtime premium for hours worked over forty (40) in a workweek.

## 2. The R&R Erroneously Held The Janitorial Exemption Does Not Apply To Plaintiffs Contrera and Lopez

In their Motion, Defendants submitted the clear admissions made by Plaintiffs Contrera and Lopez brought their NYLL overtime claims squarely within the provisions of the Janitorial Exemption. Indeed, both Plaintiffs admit the following in the Complaint: (1) both performed

---

[5] Although Plaintiffs Contrera and Lopez are identified in the Amended Complaint as "Superintendents" this term "in the common parlance of New York City refers to a resident janitor." Marx, 999 F. Supp. 2d at 400, citing Leich v. Borchard Affiliations, 256 A.D. 1019, 1019 (3d Dep't 1939); Schmidt v. Emigrant Indus. Sav. Bank, 148 F.2d 294, 295-96 (2d Cir. 1945); Harper v. Government Employees Ins. Co., 980 F. Supp. 2d 378, 385 (E.D.N.Y. 2013).

physical service in connection with the maintenance, care or operation of a residential building (Complaint ¶¶350, 364); and (2) both admit they were required, as a condition of their employment, to reside in the residential building at which they performed janitorial services (Complaint ¶¶356, 365).[6]  In other words, Defendants argued in their Motion that the Complaint admissions of these Plaintiffs were sufficient to establish they (1) were covered by the Wage Order; (2) worked at a residential building; (3) performed janitorial duties; and, (4) resided at the building.

However, the R&R rejects Defendants' Janitorial Exemption argument because "the allegations in the complaint do not conclusively demonstrate that only one employee performed janitorial services in the plaintiffs' buildings, that each plaintiff was the only employee performing janitorial services who lived in his building, or that defendants actually designated either employee as janitor." R&R at p. 8.  This finding fundamentally misapplies both the facts and law that govern this matter and dangerously reads requirements into the Wage Order that the legislature has itself not provided for therein.

### 3.  **Judge Gorenstein's Legal Determination Relative To The Janitorial Exemption is Clearly Erroneous.**

Judge Gorenstein's reading of the Wage Order fundamentally misunderstands the applicability of the Janitorial Exemption by suggesting that the exemption does not apply where more than one employee performs janitorial services in the building.  Indeed, the Wage Order provides for the *contrary* conclusion by stating "[w]here there is more than one employee in the building, the employer shall designate an employee who lives in the building as the janitor."  12 NYCRR Section 141-3.4.  As such, the fact that more than one individual may perform work

---

[6] The R&R (p.7) acknowledges Plaintiffs Contrera and Lopez admitted they are covered by the Wage Order and they worked at residential buildings.

services in a building, does not mandate a finding that the Janitorial Exemption does not apply.

Similarly, the Wage Order does not extinguish the applicability of the Janitorial Exemption simply because more than one employee *who lives in the building* performs janitorial services. Again, the Wage Order anticipated this scenario, and in such circumstance, only requires the employer "designate an employee who lives in the building as the janitor. " Judge Gorenstein denied Defendants Motion, in part, by holding Defendants did not "designate[] either employee as janitor." R&R at p. 8.

As further discussed in Point I(B)(4) below, the Court's holding regarding the lack of "designation" of the Plaintiffs as the Superintendents is squarely contradicted by Plaintiffs themselves as per their admissions in the Complaint and by documents Plaintiffs relied on in support of their claims in this case. Specifically, Plaintiffs Contrera and Lopez both refer to themselves as the "Superintendent" of the buildings at which they worked in the Complaint. In furtherance of their designation as "the" Superintendent of their respective buildings, Plaintiffs Contrera and Lopez specifically cite and rely upon ECF Docs. 42-5 and 42-7 in the Complaint. See ¶¶43, 52; and see Waters Dec., Ex. D. These documents are Employee Enrollment Applications for Plaintiffs Contrera and Lopez which identify Plaintiffs Contrera and Lopez as the "Superintendent." See, Waters Decl. Ex. D. Defendants submit their Motion conclusively established both the factual and legal predicates for the applicability of the Janitorial Exemption by focusing the Court's attention to Plaintiff Contrera and Lopez' own Complaint admissions relative to their status as resident janitors. Defendants respectfully submit Judge Gorenstein's holding to the contrary is clearly erroneous and fatally flawed.

### 4. <u>Judge Gorenstein's Factual Determination Relative To The Janitorial Exemption is Clearly Erroneous</u>

A further analysis of Judge Gorenstein's finding shows it simply misinterprets the admissions in this case. Specifically, the R&R contends the Janitorial Exemption does not apply because Plaintiffs Contrera and Lopez do not <u>explicitly</u> state they were the <u>only</u> residential janitor at their building. However, even if this fact were true (which it is not) this would not prevent the application of the Janitorial Exemption as the Wage Order makes clear that the exemption applies to **the** designated janitor – which as noted above, they were. Plaintiffs make this admission in at least two ways. (See, ECF Doc. 42-5, 42-7, Waters Dec. Ex. D; and portions of the Complaint in which they self-identify as Superintendent, e.g., ¶¶ 36, 45, 350, 364).

First, as noted above and dispositive to this issue, Defendants designated Plaintiffs as the Superintendent of their respective buildings, in writing. Specifically, on or about November 18, 2013 (the time when Defendants allegedly became Plaintiff Contrera's employer), Contrera was designated, in writing, as the Superintendent of 655 West 160th Street. Complaint ¶¶36, 37, 43; ECF Doc. 42-5, Waters Dec., Ex. D. Similarly, on or about November 18, 2013 (the time when Defendants allegedly became Plaintiff Lopez' employer), Lopez was designated, in writing, as the Superintendent of 638 West 160th Street. Complaint ¶¶45, 46, 52; ECF Doc. 42-7, Waters Dec., Ex. D. As such, and by relying on the aforementioned Employee Enrollment Application documents as cited in the Complaint, Plaintiffs Contrera and Lopez admit they were designated, at or about time of hire, as the Superintendent of their respective residential buildings.[7]

In addition, Plaintiffs Contrera and Lopez make numerous additional admissions in the Complaint, consistent with this designation. For example, paragraph 36 of the Complaint states

---

[7] The R&R fails to address Defendants' citation to these dispositive facts (see Defendants' Reply Memorandum Of Law In Further Support Of Their Partial Motion To Dismiss, Waters Dec., Ex. E, ECF Doc 203, p. 9, stating "Further, Plaintiffs' opposition actually cites documents which further identify Plaintiffs Contrera and Lopez as superintendents" (citing ECF Docs 42-5 and 42-7)).

"Contrera worked <u>as Superintendent of 655 West 160th Street</u> . . .."; and, paragraph 350 of the Complaint states "Contrera's responsibilities <u>as Superintendent of 655 West 160th Street</u> . . .." (emphasis added).   Similarly, paragraph 45 of the Complaint states "Lopez worked <u>as Superintendent at the E&M Enterprise's Building, 638 West 160th Street</u> . . .." ; and, paragraph 364 of the Complaint states "[d]uring [Lopez'] employment . . . <u>as Superintendent of 638 West 160th Street</u> . . .."  (emphasis added).   Further, paragraph 390 of the Complaint states: Contrera was "the building's Superintendent."

The aforementioned allegations do not state Plaintiffs Contrera and Lopez worked as "a" Superintendent, or "one of the Superintendents."   To the contrary, the allegations are that Plaintiffs Contrera and Lopez worked as the "Superintendent" of their respective building – meaning the only one.   These are clear-cut admissions which require no further analysis. Tellingly, Plaintiffs' opposition to Defendants' Motion never contested the fact Plaintiffs' Contrera and Lopez were the only janitor at their building.[8]

As such, given the above written designations, allegations in the Complaint, and Plaintiffs failure to ever refute same (despite the opportunity) Plaintiffs Contrera and Lopez most certainly were designated the Superintendent of their respective residential buildings and satisfy the Janitorial Exemption.   Judge Gorenstein's refusal to hold same is in clear contravention of the undeniable allegations and should be rejected.

---

[8] As a brief aside, Plaintiffs did not initially present a NYLL overtime claim based on the Janitorial Exemption (see oral argument transcript). June 14, 2017 Transcript, pp. 29-30, Waters Dec., Ex. F.   Indeed, even after Plaintiffs sought to add a NYLL overtime violation, it was purportedly based on newly obtained information related to a porter – not a janitor.   In any event, when Plaintiffs amended the Complaint, they attempted to directly address the Janitorial Exemption (given their obvious concern of the application of same).   However, in doing so, Plaintiffs <u>only</u> contested the (irrelevant) manner in which Plaintiffs were compensated (method of compensation is not a factor in the Janitorial Exemption).   See Complaint para. 362.   Glaringly absent from this paragraph – and the Complaint as a whole – is any claim or allegation Plaintiffs Contrera or Lopez were not the sole, live in janitors at their respective building.   As such, given Plaintiff Contrera and Lopez' admissions they were the Superintendent of their buildings, their written designation as same, and the undeniable lack of any allegation to the contrary, Judge Gorenstein should have accepted that admission as true.

### 5. Judge Gorenstein's Reliance On Almonte Is Improper

Additionally, Judge Gorenstein's citation to Almonte v. 437 Morris Park, LLC is misplaced and should be rejected. 2015 WL 7460019 (S.D.N.Y. Nov. 24, 2015). The Almonte court considered and developed factors in an effort to determine whether the plaintiff was, indeed, the "janitor." The Almonte court was required to undertake this exercise because plaintiff and his son both simultaneously performed janitorial duties for the defendants and resided at the building at which they performed those services. Almonte, 2015 WL 7460019, *2, *6. As such, and in that unique circumstance, there was an issue of fact concerning who truly was the superintendent. Id. at *9. The instant case could not be more opposite as Plaintiffs Contrera and Lopez readily admit they were the janitors at their respective residential buildings, and were designated in writing as such. Accordingly, the factors cited in Almonte are simply inapplicable to the instant matter and should not have been applied in analyzing, and denying, Defendants' Motion.

### 6. The R&R Holding That The Janitorial Exemption Does Not Apply To Plaintiffs Contrera And Lopez, In Part, Because They Were Not Paid On A "Per-Unit" Basis Is Clearly Erroneous.

Finally, and as noted briefly above, the manner of Plaintiff Contrera and Lopez' compensation is wholly irrelevant to the application of the Janitorial Exemption. Again, the R&R fundamentally misinterpreted the Wage Order and, in this regard, effectively rewrites the statute by reading into it a compensation requirement that the legislature and New York State Department of Labor itself did not provide. Notably, Judge Gorenstein ruled "[a]n employee receiving hourly compensation is also inconsistent with that employee's designation as a janitor, as the Building Services Industry regulations provide that janitors are to be compensated on a per-unit per-week basis." R&R p. 10 citing 12 NYCRR § 141-1.2. This holding is

fundamentally and palpably erroneous as the Wage Order simply does <u>not</u> require janitors be paid on a per-unit basis.

Defendants submit the R&R erroneously confounded a separate and distinct provision of the Wage Order with the Janitorial Exemption. It is in this regard that the R&R rewrites the law. 12 NYCRR Section 141-1.2, titled "Unit rate for janitors in residential buildings" outlines the unit rate for janitors based on employer size and the area of New York in which the employer/building is located. However, this section merely provides employers the <u>option</u> of compensating janitors on a per-unit basis. Indeed, 12 NYCRR Section 141-2.8, titled "Limitations as to minimum weekly wage of janitors" states "[t]he unit rates prescribed herein shall not be applicable to janitors who are paid at least the following amounts . . .." The section continues to identify <u>weekly pay rates</u> and does not require such weekly rates be met via salary or hourly compensation. As such, and by way of example, the Wage Order would permit an employer to compensate a janitor, on a salary or hourly basis, without consideration of the number of units in the building at issue, provided the employee was paid at least the weekly figure noted in 12 NYCRR Section 141-1.2.

Further, the Wage Order also provides "[t]he minimum wage provided by this Part shall be required for each week of work regardless of the frequency of payment, whether the wage is a commission, bonus, piece rate or unit rate, <u>or any other basis</u>." 12 NYCRR § 141-2.9 (emphasis added). Simply stated, absolutely nothing in the Wage Order requires janitors be paid on a per-unit (or any other) basis. As noted above, janitors can even be paid on a commission, piece rate or "any other basis." Furthermore, there is absolutely no authority in the R&R to support the Court's revision to the statute, to wit: the finding that application of the Janitorial Exemption requires that janitors be paid on a per-unit basis.

Judge Gorenstein's holdings concerning compensation are simply irrelevant as the method of compensation is not a predicate element to the application of the Janitorial Exemption. As noted above, to satisfy the Janitorial Exemption, an individual must simply meet the definition of "janitor." The term janitor, of course, does not include any reference to the manner in which janitors are compensated. Adding such a requirement is left to the purview of the legislature, and New York State Department of Labor not the judiciary and must be rejected by this Court. While Defendants are cognizant of the fact that statutory exemptions are to be construed narrowly, this standard simply cannot countenance a complete revision to the statute that is being "construed." The R&R holding that the Janitorial Exemption does not apply to Plaintiffs Contrera and Lopez, in part, because they were not paid on a "per-unit" basis is clearly erroneous. For the reasons noted above, Defendants' objections to the R&R should be sustained and the R&R should be rejected.

**POINT II**

**PLAINTIFF LOPEZ' FLSA CLAIMS ARE BARRED
BY THE APPLICABLE STATUTE OF LIMITATIONS**

**A.**     **The FLSA Statute of Limitations**

Pursuant to the FLSA, an employee "must raise a claim within two years of an employer's non-willful violation of the FLSA, or within three years of a willful violation." Gonzalez v. El Acajutla Restaurant, Inc., 2007 WL 869583, *4 (E.D.N.Y. Mar. 20, 2007), citing 29 U.S.C. §255(a). Plaintiff Lopez asserts, individually and on behalf of the purported FLSA collective, a willful failure to pay minimum wage, and overtime. Complaint ¶¶1, 402, 405, 411,

412. As such, Plaintiff Lopez' FLSA minimum wage and overtime claims are, arguably, subject to a three year statute of limitations.[9] See, Gonzalez, 2007 WL 869583 at *4; 29 U.S.C. §255(a).

As noted above, Plaintiffs are proceeding in this matter as a putative collective action. The FLSA collective action is "unique" as "[s]uch a lawsuit is not like a class action under Federal Rule of Civil Procedure 23, in which all potential plaintiffs are included as class members unless they take affirmative steps to 'opt out.'" Gonzalez, 2007 WL 869583 at *4, quoting Kern v. Siemens Corp., 393 F.3d 120, 128 (2d Cir. 2004), additional citations omitted. Instead, putative members of an FLSA collective action "must expressly 'opt-in' to the suit by filing a written consent to join the action." Gonzalez, 2007 WL 869583 at *4 citing 29 U.S.C. §216(b); Patton v. Thompson Corp., 364 F. Supp. 2d 263, 266 (E.D.N.Y. 2005).

Critically, "[a]n individual who fails to 'opt-in' to a fellow employee's FLSA collective action is thus not bound by the outcome of the litigation." Gonzalez, 2007 WL 869583 at *4, citing El v. Potter, 2004 WL 2793166, *8 (S.D.N.Y. Dec. 6, 2004). The statute of limitations for an individual who seeks to join in an FLSA collective action continues to run, until and unless s/he files an opt-in form. Indeed, an FLSA collective action suit begins for an individual plaintiff:

> (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint **and** his written consent to become a party is filed on such date in the court in which the action is brought; or,
> (b) if such written consent was not so filed or if his name did not so appear – on the subsequent date on which such written consent is filed in the court in which the action was commenced.

29 U.S.C. §256(a),(b) (emphasis added).

---

[9] Although Defendants deny any alleged wage and hour violation was "willful" or intentional, for purposes of these objections and Motion only, Defendants accept, as it must, the allegation as true.

The case law in this area, "like the statute itself, requires named plaintiffs as well as others to submit a written consent to join in a collective action under the FLSA, and is not satisfied by the filing of the complaint itself." El, 2004 WL 2793166 at *8. See also, Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 101, 104 (S.D.N.Y.2003) (noting "only by 'opting in' will the statute of limitations on potential plaintiffs' claims be tolled"); Hoffman v. Sbarro, Inc., 982 F.Supp. 249, 260 (S.D.N.Y.1997) (same);  Patton v. Thomson Corp., 364 F. Supp. 2d 263, 266 (E.D.N.Y. 2005) (same);  Hasken v. Louisville, 234 F. Supp. 2d 688, 691 (W.D.Ken. 2002) (stating "the statute of limitations [in an FLSA collective action case] continues to run as to each individual plaintiff until he or she files a written consent to become part of the action.");  Bonilla v. Las Vegas Cigar Co., 61 F. Supp. 2d 1129, 1132-33 (D.Nev. 1999)(noting "when plaintiffs have filed a 'collective action' under §216(b), all plaintiffs, must file a consent to suit with the court in which the action is brought.  Although the consents may be filed after the complaint, the action is not deemed commenced with respect to each individual plaintiff until his or her consent has been filed"), citing Atkins v. General Motors Corp., 701 F.2d 1124, 1130 n.5 (5th Cir. 1983);  Songu-Mbriwa v. Davis Memorial Goodwill Indus., 144 F.R.D. 1, 2 (D.D.C. 1992) ("Until a plaintiff, even a named plaintiff, has filed a written consent, she has not joined in the class action, at least for statute of limitations purposes"), citing 29 U.S.C. §255.

**B.   The R&R Incorrectly Held Plaintiff Lopez' Claim Was Timely**

Plaintiff Lopez alleges his employment with any Defendant ended on or about April 30, 2014.  Complaint ¶45.  Plaintiff Lopez is a named Plaintiff in this matter.  See Complaint, Waters Dec. Ex. C (ECF Doc. 129).  However, Plaintiff Lopez did not file any written consent to join form when the Complaint or Amended Complaint was filed on May 23, 2016 and July 7,

2017 respectively. <u>See</u> ECF Docs 1, 129. Instead, Plaintiff Lopez filed a consent to join (or "opt-in") form on July 25, 2017 – approximately three years, three months <u>after</u> his alleged employment with any Defendant ended. <u>See</u> ECF Doc. 153. As noted above, the statute of limitations for alleged willful violations of the FLSA is three years. As Plaintiff Lopez' consent to join form was filed three months after the longest statute of limitations period expired, Plaintiff Lopez' minimum wage and overtime claims pursuant to the FLSA must be dismissed. <u>See</u> <u>Gonzalez</u>, 2007 WL 869583 at *4 (dismissing FLSA claims of a named plaintiff as time-barred, based on his failure to timely file a consent to join form); and see 29 U.S.C. §256(a),(b).

In sum, it cannot be disputed that named Plaintiff Lopez failed to file a consent to join form within the three year period following the last date of his alleged employment with any Defendant. As such, pursuant to 28 U.S.C. §256(a), (b), and the case law cited above, Plaintiff Lopez' individual FLSA claims (the First and Second Cause of Action) are time-barred and must be dismissed.

The R&R acknowledges and agrees even a named Plaintiff must file a written consent in order to begin their FLSA lawsuit. R&R at p. 13, citing 29 U.S.C. §256; <u>El v. Potter</u>, 2004 WL 2793166, *9 (S.D.N.Y. Dec. 6, 2004); <u>Mendez v. The Radec Corp.</u>, 260 F.R.D. 38, 52 (W.D.N.Y. 2009). The R&R, however, holds "courts have routinely found that §256's requirement is satisfied where a named plaintiff files a sworn declaration with the court stating that he or she is the named plaintiff in a collective action." citing <u>Callari v. Blackman Plumbing Supply, Inc.</u>, 988 F. Supp. 2d 261, 281 (E.D.N.Y. 2013). By relying on this <u>non-</u>binding case law, the Court determined that the entirety of Lopez' FLSA claims were deemed timely when Lopez filed a declaration filed in support of Plaintiffs' motion for conditional certification on March 7, 2017.

The R&R fails to cite any binding precedent in the Southern District of the Second Circuit supporting the premise that named Plaintiffs can elect to ignore filing an opt-in form during the limitations period, but rather can satisfy this statutory requirement by filing a declaration of choice.  Defendants respectfully submit the Court should require plaintiffs in FLSA putative collective action matters file an "opt-in" form – not a form of their choosing. Holding otherwise would greatly alter the purpose of Section 256(b) and convert a beneficial notice provision for the defendant, into an unnecessarily costly, time consuming and risky mandatory exercise for defendants.  Specifically, if a declaration were sufficient to satisfy Section 256(b)'s written consent requirement, plaintiffs may opt to do just that: only file declarations rather than file the simple and understandable "opt-in" form which has been ubiquitously filed in the Southern District for years.

Again, the purpose of Section 256(b)'s written consent was to allow defendants to understand the number and nature of the plaintiffs who are suing them.  Indeed, when discussing the need for and purpose of Section 256(b) United States Senator Forrest C. Donnell explained "it is certainly unwholesome to allow an individual to come into court alleging that he is suing on behalf of 10,000 persons and actually not have a solitary person behind him . . .." 93 Cong. Rec. Part 2, Mar. 18, 1947, p. 2182.  The purpose of Section 256(b) was to provide notice to an employer of who was actually suing her.  That goal is easily met by requiring plaintiffs continue to file what they have historically filed – a simple, one page, "opt-in" form which outlines the plaintiff's name, provides consent to join the matter and any related language a plaintiff's counsel sees fit.  These customary opt-in forms easily provide a defendant employer with all necessary information concerning the number of individuals making a claim against them.

Permitting declarations, interrogatories, depositions, a filed appearance in court or the like, to meet the burden imposed by Section 256(b) perverts the intention of the statute and takes from defendants one of the express benefits provided for by the FLSA. The Court need not stray far to discover an example of the confusion this would cause. Indeed, in this very case, in connection with Plaintiffs' motion to conditionally certify a collective action pursuant to the FLSA, Plaintiffs filed the Declaration of Antonio Reyes ("Reyes Declaration"). The Reyes Declaration identified Mr. Reyes as "a non-party" who filed the declaration "in support of Plaintiffs' Motion to Circulate a Notice of Pendency under the Fair Labor Standards Act 29 U.S.C. §216(b)." See, ECF Doc. 109. The Reyes Declaration continues to allege certain facts he alleges are relevant to the aforementioned motion.

This type of declaration will cause unnecessary confusion concerning the simplest question in a FLSA matter: the number of opt-in plaintiffs present. If courts in the Southern District of New York begin to hold a declaration, or some other form of writing is sufficient to meet the written consent requirement, defendants will be forced to expend resources researching whether declarations like Mr. Reyes' satisfies the written consent requirement of Section 256(b). Although Defendants certainly aver the Reyes Declaration does not satisfy the written consent requirement (notably, Mr. Reyes identifies himself as a non-party) that does not take away the fact defendants would be additionally burdened with addressing these types of issues, in nearly every case.

Of course, if defendants are addressing these issues, so is the court system. Again, it does not take great imagination to consider the additional motion practice that will abound if courts permit plaintiffs to make "any" written filing – rather than guiding parties to simply file one page "opt-in" forms. Indeed, if filing an opt-in was such an irrelevancy in this case, it begs the

question why Lopez filed one on July 23, 2017, three months after the expiration of the statute of limitations. The FLSA has consistently, and continues to be, interpreted by all courts to effectuate its spirit and broad remedial purposes. However, the R&R decision with respect to Lopez erodes one of the few statutory requirements applicable to plaintiffs. Defendants respectfully submit, the statutory requirement that Plaintiffs timely file an opt-in should not be eviscerated and the R&R should not lay the ground work for same. Accordingly, and given Plaintiff Lopez' failure to timely file an opt-in form, his FLSA claims must be dismissed with prejudice.

## CONCLUSION

As set forth above, the undisputed facts establish Plaintiffs Contrera and Lopez qualified as exempt janitors in a residential building. Specifically, they provided "physical service[s] in connection with the maintenance, care or operation of a residential building"; they live[d] in the building[s] in which they worked; and they were the designated janitor in their respective building. 12 NYCRR §141-3.4, see also, Marx, 999 F. Supp. 2d at 400. As such, they were not entitled to payment of an overtime premium for hours worked over forty (40) in a workweek. 12 NYCRR §141-1.4; see also, Marx, 999 F. Supp. 2d at 402 (dismissing NYLL overtime claims of two janitors pursuant to §141-1.4; §141-3.4). Accordingly, the Court should dismiss Plaintiffs Contrera and Lopez' NYLL claims for overtime (the Seventh Cause of Action) pursuant to the Janitorial Exemption (e.g., 12 NYCRR §141-1.4). Further, and pursuant to the above, the Court should dismiss any FLSA claims Plaintiff Lopez has presented as time barred.

As such, and pursuant to the above factual and legal analysis, Defendants respectfully request their objections to the Report and Recommendation be sustained, and the Report and Recommendation be rejected.

Dated: April 12, 2018
      Mineola, NY 11501

                    Respectfully submitted,

                    Meltzer, Lippe, Goldstein & Breitstone, LLP

By:   */s/ Gerald C. Waters, Jr.*
       Gerald C. Waters, Jr.
       Larry R. Martinez
       Christopher P. Hampton
       190 Willis Avenue
       Mineola, New York 11501
       (516) 747-0300
       *Attorneys for Defendants*