UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

USVALDO CONTRERA, et al.,

       Plaintiffs,

  -v-                                                                   No. 16 CV 3851-LTS-GWG

IRVING LANGER, et al.,

       Defendants.

-------------------------------------------------------x

<u>MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION</u>

       Plaintiffs Usvaldo Contrera, Francisco Lopez, Pedro Batista, Fabian Herrera, and Antonio Reyes, bring this collective action against Defendants alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") minimum wage and overtime provisions. The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1367. On September 8, 2017, Defendants filed a partial motion to dismiss the Amended Complaint (docket entry no. 156, the "AC"). (Docket entry no. 192.) On March 5, 2018, Magistrate Judge Gorenstein issued a Report and Recommendation proposing that Defendants' partial motion to dismiss be denied. (Docket entry no. 262, the "Report.") A timely objection to the Report was filed by Defendants. (Docket entry no. 285, the "Objection.") Plaintiffs filed a response to the Objection, without making any objections of their own. (Docket entry no. 302.) The Court has reviewed thoroughly all of these submissions.

       When reviewing a Report and Recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C) (LexisNexis 2017). The Court must make a <u>de novo</u> determination to the extent that a party makes specific objections to a magistrate's findings. <u>United States v. Male</u>

Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). To the extent, however, that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error. Pearson-Fraser v. Bell Atl., 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003). Defendants object primarily to the Report's recommended conclusions that the allegations in the AC do not demonstrate conclusively that the NYLL janitorial exemption applies to Plaintiffs Contrera and Lopez, and that Lopez's FLSA claim was timely filed. Although some of Defendants' arguments were also presented to some extent in connection with Defendants' partial motion to dismiss, the Court will consider de novo Defendants' objections to the Report.

Janitorial Exemption

Under New York regulations for the building service industry, a janitor is exempted from overtime compensation. 12 N.Y.C.R.R. § 141-1.4. A "janitor" is defined as "a person employed to render any physical service in connection with the maintenance, care or operation of a residential building. Where there is only one employee, such employee shall be deemed the janitor. Where there is more than one employee in the building, the employer shall designate an employee who lives in the building as the janitor. No building may have more than one janitor." Id. § 141-3.4. Where, as here, a regulatory exemption is asserted as an affirmative defense in a pre-answer motion to dismiss, the Court may grant the motion if the defense appears on the face of the complaint. Gjoni v. Orsid Realty Corp., 2015 WL 4557037, at *7 (S.D.N.Y. July 22, 2015).

Defendants argue that the allegations in the AC and certain exhibits incorporated by reference therein definitively establish that both Contrera and Lopez are subject to the janitorial exemption because they (1) performed physical service in connection with the

maintenance, care, or operation of a residential building, (2) were the only employees in their respective residential buildings, (3) lived in the residential building where they performed janitorial services, and (4) were designated as superintendents, a common term for janitors. Defendants' arguments are unavailing because, as the Report correctly notes, the AC contains no allegations that indicate that Contrera and Lopez were the only persons employed to render janitorial services in their respective residential buildings, or that they were designated by Defendants as janitors for purposes of the exemption. Indeed, the AC suggests that other individuals, such as Plaintiff Herrera, were employed at both of the buildings where Contrera and Lopez worked. (See AC ¶¶ 390, 391.) The AC also does not conclusively establish that Defendants designated Contrera or Lopez as "employee[s] who lives in the building as the janitor." For example, although the AC alleges that Contrera lived in the building where he worked (AC ¶ 356), the AC contains no similar allegation with respect to Lopez. That Contrera and Lopez refer to themselves as "a superintendent" or "the superintendent" in the AC does not, as a matter of law, establish that they were the only employees in their buildings, or that they were designated by Defendants as janitors for purposes of the exemption, particularly in light of other allegations suggesting that Contrera and Lopez were not compensated in a manner consistent with that designation. (See, e.g., AC ¶¶ 360, 362, 370, 378); see also Gjoni, 2015 WL 4557037, at *7 (rejecting defendants' argument that, by defining himself as a building superintendent, plaintiff admitted to being a janitor under the NYLL). The same is true of employee enrollment forms for Contrera and Lopez which list their respective job titles as "superintendent." (See AC ¶¶ 43, 52; docket entry no. 286-6, Waters Decl. Ex. D.) These forms do not on their own conclusively establish that Defendants designated Contrera and Lopez as

janitors.¹ (See id.) Because the allegations in the AC construed in the light most favorable to Plaintiffs do not establish as a matter of law that Contrera and Lopez are janitors within the scope of the NYLL janitorial exemption, Defendants' objection with respect to this aspect of the Report is overruled and Defendants' motion to dismiss Contrera and Lopez's claims is denied without prejudice to further litigation at a later stage.²

FLSA Statute of Limitations

A FLSA action arising out of a willful violation must be commenced within three years after the cause of action accrues. 29 U.S.C. § 255(a). An action is commenced for the purposes of section 255 "(a) on the date when the complaint is filed, if [the claimant] is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or (b) if such written consent was not so filed or if his name did not so appear—on the subsequent date on which such written consent is filed in the court in which the action was commenced." 29 U.S.C. § 256 (LexisNexis 2010).

---

1   To the extent that the Report suggests that the expression of the pay rate on the forms was inconsistent with the application of the janitorial exception, the Court finds it unnecessary to draw any inference from the pay rate and declines to adopt that aspect of the Report's analysis.

2   Defendants also argue that Judge Gorenstein erred by "suggesting that the [janitorial] exemption does not apply where more than one employee performs janitorial services in the building," and by relying on Almonte v. 437 Morris Park, LLC, 2015 WL 7460019 (S.D.N.Y. Nov. 24, 2015), which is factually distinguishable. (See Objection at 5, 9.) Defendants' argument mischaracterizes the Report, which correctly recognizes that the janitorial exemption applies even when there is more than one employee in the building, but only if the employer has "designate[d] an employee who lives in the building as the janitor." 12 N.Y.C.R.R. § 141-3.4. Similarly, Judge Gorenstein's reliance on Almonte was not misplaced, as the multi-factor analysis in Almonte was not limited to a particular factual scenario and indeed has been adopted by other courts in this Circuit in other factual contexts. See, e.g., Quintero v. Anjudiromi Construction Corp., 2018 WL 1027716 (S.D.N.Y. Feb. 21, 2018).

Here, Lopez allegedly left his employment with Defendants on April 30, 2014 (AC ¶ 45), but failed to file a written consent form until July 25, 2017 (docket entry no. 153). However, on March 7, 2017, Lopez filed a sworn declaration in connection with Plaintiffs' motion to conditionally approve this case as a FLSA collective action, in which he stated that he was "a Plaintiff in this action," and that he submitted his declaration "in support of Plaintiffs' Motion to Circulate a Notice of Pendency under the [FLSA]." (Docket entry no. 106, the "Lopez Declaration.") Judge Gorenstein concluded that the Lopez Declaration qualified as written consent within the meaning of section 256's written consent requirement. (Report at 13-16.) The Court agrees.

Defendants argue that any form other than a "customary opt-in form" would "greatly alter the purpose of [s]ection 256(b) and convert a beneficial notice provision for the defendant, into an unnecessarily costly, time consuming and risky mandatory exercise for defendants." (Objection at 15.) Defendants offer no authority for their formalistic interpretation of the written consent requirement, nor can the Court conclude that a review of the public docket imposes on Defendants additional burdens inconsistent with the purpose of the written consent requirement. Because the Lopez Declaration was sufficient to put Defendants on notice, and ensure that Lopez intended to participate in the case rather than serve as a "procedural figurehead for an enterprising class action lawyer," the Court finds that the Declaration meets the written consent requirement. Callari v. Blackman Plumbing Supply, Inc., 988 F. Supp. 2d. 261, 281 (E.D.N.Y. 2013) (internal quotations omitted).

For the foregoing reasons and for substantially the reasons set forth in Judge Gorenstein's thorough and well-reasoned Report, the Court overrules Defendants' Objection in its entirety and adopts Judge Gorenstein's Report (except to the extent specified in note one

above) and its recommended conclusion that Defendants' partial motion to dismiss the Amended Complaint be denied. In light of the parties' July 12, 2018, stipulation (docket entry no. 325) that Defendants' partial motion to dismiss, the Report, Defendants' Objections, and Plaintiffs' response shall all be deemed to apply as if originally made against Plaintiffs' Second Amended Complaint (docket entry no. 312), Defendants' partial motion to dismiss the Second Amended Complaint is accordingly also denied. This Memorandum Order resolves docket entry no. 192. This case remains referred to Judge Gorenstein for general pretrial management.

SO ORDERED.

Dated: New York, New York
August 16, 2018

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge