UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
USVALDO CONTRERA, et al.,                          :

                                                                     :      <u>ORDER</u>
                    Plaintiffs,
                                                  :      16 Civ. 3851 (LTS) (GWG)

   -v.-

                                                  :

LEIBEL LEDERMAN, et al.,
                                                  :

               Defendants.             :
------------------------------------------------------------X

GABRIEL W. GORENSTEIN, United States Magistrate Judge

     Section X.B of the revised settlement agreement should state that an objector has the right "to request" to speak at the fairness hearing.  For example, if there were too many requests, the Court might potentially deny a request to speak.  Otherwise, the Settlement Agreement is acceptable.

     The Court found the notice to be written with too much legalese and difficult vocabulary (starting with the first sentence).  The claim form also seemed unclear.  Attached are proposed revisions.  If any changes are problematic, the Court will be happy to consider counterproposals for any of its changes.  They may be presented by means of a letter filed on ECF.  (The final version of the notice should be formatted to not have any confusing page breaks.)

     If there are no further changes, the parties should submit a complete settlement agreement with exhibits and a proposed order of approval.

     SO ORDERED.

Dated: September 24, 2020
       New York, New York

                                             GABRIEL W. GORENSTEIN
                                             United States Magistrate Judge

[Notice to Class Members who are Not Named Plaintiffs or Opt-Ins]

IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Contrera v. Langer, 16 Civ. 3851 (GWG)

**THIS IS AN OFFICIAL COURT NOTICE**

**If you worked as a Superintendent, Porter, Handyman and/or Rover at apartment buildings owned or managed by E&M Associates, E&M Bronx, E&M Bronx Associates, LLC or Galil Management in New York City between May 23, 2010 and [INSERT PRELIMINARY APPROVAL DATE], you may be entitled to money from a class action lawsuit settlement.**

**This notice is intended for _____ [insert name]. The estimated amount of your payment is $_____**

**YOU CAN GET THIS PAYMENT ONLY IF YOU SEND IN THE CLAIM FORM THAT IS ATTACHED THIS NOTICE.**

**PLEASE READ THIS NOTICE CAREFULLY TO LEARN ABOUT YOUR RIGHTS**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

1022793.12

1

[Notice to Class Members who are Not Named Plaintiffs or Opt-Ins]

This Notice is to tell you about the settlement of a class action lawsuit. This Notice has been authorized by a federal court. It contains important information about how to make a claim for payment or how to choose not to be included in the settlement.

The lawsuit was filed by workers at certain buildings against the owners or manager of the buildings: E&M Associates, E&M Bronx, E&M Bronx Associates, LLC, Galil Management, Irving Langer, Meyer Brecher, Leibel Lederman, and Aryeh Ginsberg. The workers are called the "Plaintiffs." The owners/managers are called the "Defendants"

The workers sued the owners/managers saying that the owners/managers had violated the law by failing to pay overtime, minimum wages and other amounts. The owners/managers denied that they had violated the law and say that they paid their employees correctly.

To avoid the risks of continuing with the lawsuit, the Plaintiffs and Defendants reached an agreement to settle the case, which is called the Settlement. The defendants have agreed to deposit $7,100,000.00 into a fund that will be used to pay current and former workers, as well as to pay attorneys' fees, special awards to certain plaintiffs, expenses to litigate the case, and the expense of administering the settlement.

If the Court approves the settlement, and you do not exclude yourself from the case, you will receive a payment based on the number of weeks you worked for Defendants, which will be reported to taxing authorities. ==Based on initial estimates, which are subject to change, you will receive $[     ]==

Neither the attorneys for Plaintiffs nor Defendants can tell you what the consequences will be for your tax situation if you accept this payment. If you need advice on your taxes, you should seek your own personal tax advice before you respond to this Notice.

You must make certain choices now as explained on the next page:

[Notice to Class Members who are Not Named Plaintiffs or Opt-Ins]

| **YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT OF CLAIMS:** | |
|---|---|
| **SUBMIT A CLAIM FORM** | To get a payment, you **must** fill in the Claim Form that is enclosed with this notice and return it to the Claims Administrator as explained in Question 9 below.  This is the only way for you to receive a payment in this case.  <u>If you want to receive money from this settlement, you must submit the claim form by [90 days from mailing]</u>.<br><br>This is explained in Question 9 below. |
| **DO NOTHING** | If you do nothing, you will not receive any payment and you will give up your right to sue Defendants for wage claims under state law. |
| **EXCLUDE YOURSELF** | If you exclude yourself from the settlement, you will not receive any payment from this settlement.  Also, you will not release the Defendants from any claims under either state or federal law.<br><br>This is further explained in Questions 12-14 below.<br><br>*If you exclude yourself from the settlement, you will not be entitled to receive any payment from the settlement fund.* |
| **OBJECT** | Write to the Court about why you object to the settlement. If you exclude yourself from the settlement, you may not object. If you object in writing, you may also ask to speak in Court about the fairness of the settlement. You may only ask to speak about the fairness of the settlement if you file a timely written objection to the settlement **and** if you do not exclude yourself from the settlement.<br><br>This is further explained in Questions 17 and 18 below. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

1022793.12                                3

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made only if the Court approves the settlement and after any appeals are resolved. Please be patient.

# BASIC INFORMATION

**1. Why did I get this notice?**

Defendants' records state that you worked at one of the residential buildings allegedly owned or managed by Defendants in New York City sometime between May 23, 2010 and **[insert preliminary approval date].** The Court ordered that you be sent this notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves the settlement, payments will be mailed to class members who submit a Claim Form on or by the deadline.

This notice explains the lawsuit, the settlement, your legal rights and what benefits are available.

The Court overseeing this case is the United States District Court for the Southern District of New York. This lawsuit is known as *Contrera, et al. v. Langer, et al.,* No. 16-cv-03851.

The individuals who filed the lawsuit are the "Plaintiffs." Their attorneys are called "Class Counsel."

The "Defendants" are Irving Langer, Meyer Brecher, Leibel Lederman, Aryeh Ginzberg, E&M Bronx Associates, Inc., E&M Bronx, and Galil Management LLC.

**2. What is this lawsuit about?**

In this lawsuit, the Plaintiffs claim that the Defendants violated federal and state wage laws by failing to pay minimum wage, failing to pay overtime and committing other violations of law. The Defendants deny that they did anything wrong and deny they underpaid employees. In fact, Defendants contend that they properly paid all employees correctly at all times, and believe their documentation shows proper payments, notices and wage statements.

**3. What is a class action?**

A class action is a lawsuit where one or more persons sue not only for themselves, but also for other people who have similar claims. These other people are known as Class Members. In a class action, one court resolves the issues for all Class Members, except for those who exclude themselves from the Class. Judge Gabriel W. Gorenstein of the United States District Court for the Southern District of New York is presiding over this class action. Judge Gorenstein has not made any determination about who is right or wrong in this lawsuit.

[Notice to Class Members who are Not Named Plaintiffs or Opt-Ins]

| 4. Why is there a settlement? |
|---|

Based upon Class Counsel's evaluation of records produced by Defendants, their analysis of the law and the substantial risks of continued litigation, including the possibility that the litigation, if not settled now, might not result in any recovery whatsoever, or might result in a recovery that is less favorable and that would not occur for several years, Class Counsel agreed to this proposed settlement. The Court did not decide in favor of Plaintiffs or Defendants. Both sides believe they would have won the case, but the Court did not make a decision or ruling in favor of either side. Instead, both sides agreed to the Settlement. That way, they avoid the costs, delays and uncertainties associated with a trial, and the people affected will get compensation. The original plaintiffs in the suit and the attorneys think the settlement is best for all Class Members. Your estimated portion of the settlement will be based on the number of weeks you worked during the class period, after all service payments, attorneys' fees, costs and administrative charges have been paid out of the Settlement Fund.

You can obtain a copy of the Settlement from the Claims Administrator (as explained in Paragraph 22, below).

## WHO IS IN THE SETTLEMENT?

| 5. How do I know if I am part of the settlement? |
|---|

You are a member of the Class if you were identified as someone who works or worked for Defendants as a Superintendent, Porter, Handyman and/or Rover during the Class Period as defined above. The list of Class Members is Exhibit C to the Settlement Agreement. You can obtain a copy of the Settlement from the Claims Administrator (as explained in Paragraph 22, below).

| 6. I'm still not sure if I am included. |
|---|

If you think you received this notice in error, you can ask for free help. You can contact the Settlement Claims Administrator as follows:

*Contrera v. Langer, et al.* Settlement
Settlement Services Inc.
Claims Administrator
Post Office Drawer 1657
Tallahassee, Florida 32302
[insert phone number]
[insert email]

[Notice to Class Members who are Not Named Plaintiffs or Opt-Ins]

# THE SETTLEMENT BENEFITS – WHAT YOU GET

**7. What does the settlement provide?**

Defendants have agreed to deposit $7,100,000.00 into a fund to be divided among current and former employees who are covered by the settlement. The settlement fund also covers payments to Class Counsel for attorneys' fees and costs (estimated at $2,343,000), payments to the persons who are plaintiffs in the suit for their service to the Class (up to $50,000.00), and the costs of administering the settlement. The remaining amount, after attorneys' fees and costs, service payments and administrative fees have been deducted, will be divided among Class Members based on the number of weeks they worked for Defendants during the relevant liability period.

**8. How much will my payment be?**

Based on the allocation formula that has been preliminarily approved by the Court, you will be entitled to receive an estimated award of $[ **insert amount** ] which will be reported to taxing authorities in part on a W-2 form and in part on a form 1099. The formula for your payment takes into account the number of weeks you worked during the relevant period. The Settlement Agreement contains the exact allocation formula. You may obtain a copy of the Settlement Agreement from the Settlement Administrator (as explained in Paragraph 22, below).

# HOW YOU GET A PAYMENT

**9. How can I get my payment?**

To receive money from the settlement, you <u>must</u> return a properly completed and signed Claim Form to the Claims Administrator which must be received by [90 days after the initial mailing of the Notice to the Class]. The Claims Form is enclosed with this Notice.

You may return your completed Claim Form in the enclosed pre-paid envelope provided with this Notice. If you no longer have the envelope, you can mail the properly completed and signed Claim Form to the following address:

> *Contrera v. Langer, et al. Settlement*
> Settlement Services, Inc.
> Claims Administrator
> Post Office Drawer 1657
> Tallahassee, Florida 32302

You may also e-mail the completed form to the Claims Administrator at: [INSERT email address].

You may also fax the completed form to the Claims Administrator at: [INSERT fax #].

[Notice to Class Members who are Not Named Plaintiffs or Opt-Ins]

If you wish to check that your claim form was received, you can call the Claims Administrator at: _____ or send an email to: _____. <u>It is recommended that you call or email to confirm that your form was received about a week after you mail it.</u> If the Claims administrator does not receive the form, you will not get any payment.

**10. When will I get my payment?**

Before any payments are made, the Court must approve the settlement. The Court will hold a hearing to determine whether to approve the settlement, as described in more detail in Paragraph 19. If the Court approves the settlement, there may be appeals after that. We cannot say when these appeals will be resolved, and resolving them can take time, perhaps more than a year. Please be patient.

**11.  What am I giving up to get a payment or stay in the Class?**

Unless you exclude yourself (as explained in Paragraph 12 below), you will remain in the Class. This means that you cannot sue, continue to sue or be part of any other lawsuit against Defendants about the legal issues in this case and arising under New York wage and hour laws. It also means that all of the Court's orders will apply to you and legally bind you. In addition, if you cash your settlement check, you will no longer have the right to sue or be part of any claims against Defendants arising under the federal wage and hour laws (for example, claims arising under the Fair Labor Standards Act).

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want to be part of the case or the Settlement, then you must take steps to get out. This is called excluding yourself — or is sometimes referred to as "opting out" of the settlement Class. If you opt out, it means you do not release any potential claims against Defendants. It also means you will not receive a payment from this settlement,

**12.  How do I opt out of the settlement?**

To exclude yourself from the settlement, you must send a letter by mail that includes the words, "I opt out of the Contrera wage and hour settlement." You must include your name, job title, address, telephone number and signature. Your exclusion request must be postmarked no later than [90 days after the initial mailing of notice to the class] and must be mailed to:

> *Contrera v. Langer, et al. Settlement*
> Settlement Services, Inc.
> Claims Administrator
> Post Office Drawer 1657
> Tallahassee, Florida 32302

[Notice to Class Members who are Not Named Plaintiffs or Opt-Ins]

If you ask to be excluded, you will not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. If you exclude yourself from the lawsuit, you may not object to it.

**13. If I don't exclude myself, do I have any wage and hour claims against Defendants?**

No. Unless you exclude yourself, you will release all wage and hour claims against Defendants. Remember, the exclusion deadline is **[90 days after the initial mailing of the notice to the class].**

**14. If I exclude myself, can I get money from this settlement?**

No. If you exclude yourself, you will not receive any money from this lawsuit.

**15. Do I have a lawyer in this case?**

The Court has appointed the lawyers at Rapaport Law Firm, PLLC, Miller Law, PLLC and Winebrake & Santillo, LLC to represent you and all Class Members. These lawyers are called "Class Counsel." You will not be charged for these lawyers. You do not need to retain your own lawyer in order to participate as a Class Member. If you do not opt out of the Class and want to be represented by your own lawyer, you may hire one at your own expense.

**16. How will the lawyers be paid?**

Class Counsel will ask the Court to approve payment of up to $2,343,000.00 from the settlement fund as reimbursement for their out-of-packet costs and for attorneys' fees. These fees would compensate Class Counsel for work that they have performed in this case. The cost of the settlement administrator will also come from the settlement fund. Class Counsel will also ask the Court to approve payments amounting to $50,000.00 to the plaintiff who joined the lawsuit in recognition of the risks they took and their service to the Class. The Court may decide to award less than these amounts.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

**17. How do I tell the Court that I don't like the settlement?**

You can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter by mail that includes the words "I object to the settlement in the Contrera v. Langer et al., wage and hour litigation." as well as all reasons for the objection. Be sure to include your name, job title, address, telephone number and your signature. Mail the objection to:

[Notice to Class Members who are Not Named Plaintiffs or Opt-Ins]

*Contrera v. Langer, et al.* Settlement
Settlement Services Inc.
Claims Administrator
Post Office Drawer 1657
Tallahassee, Florida 32302
[insert phone number]
[insert email]

Your letter must be postmarked no later than [**90 days after the initial mailing of the notice to the class**].

| 18. What's the difference between objecting and excluding? |

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you are not allowed to object because the case no longer affects you.

# THE FAIRNESS HEARING

The Court will hold a "Fairness Hearing" to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to. If you wish to bring anything to the Court's attention about the settlement, you should provide it in writing to the Claims Administrator according to paragraph 17 above, who will provide your letter to the Court before the Fairness Hearing.

| 19. When and where will the Court decide whether to approve the settlement? |

The Court will hold the Fairness Hearing on [ insert date ], 2020 at [ insert time ] a.m./p.m., at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York in Courtroom 6-B to decide whether to approve the settlement. Please contact Class Counsel before the hearing if you would like to attend it, as the location and date of the hearing may change.

At this Hearing the Court will consider whether the settlement is fair. If there are objections, the Court will consider them. The Court may also listen to people who have asked to speak at the Hearing prior to the Hearing date. After the Hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

| 20. Do I have to come to the hearing? |

No. Class Counsel will answer questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

[Notice to Class Members who are Not Named Plaintiffs or Opt-Ins]

| **21. May I speak at the hearing?** |
|---|

If you file a timely Objection to the Settlement, you may ask the Court for permission to speak at the Fairness Hearing. To do so, you must include the words "I wish to speak at the Fairness Hearing" in your written objection, which must be filed according to the procedure described in Paragraph 17, above. You will be informed in advance whether you will be permitted to speak. If permitted to speak, your testimony at the Fairness Hearing must be limited to those reasons that are included in your written objection. You cannot speak at the Hearing if you exclude yourself from the settlement.

# GETTING MORE INFORMATION

| **22. Are there more details about the settlement?** |
|---|

This notice summarizes the proposed settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement by sending a request, in writing, to:

*Contrera v. Langer, et al.* Settlement
Settlement Services Inc.
Claims Administrator
Post Office Drawer 1657
Tallahassee, Florida 32302
[insert phone number]
[insert email]

| **23. How do I get more information?** |
|---|

If you have other questions about the settlement, you can contact the Settlement Claims Administrator at

*Contrera v. Langer, et al.* Settlement
Settlement Services Inc.
Claims Administrator
Post Office Drawer 1657
Tallahassee, Florida 32302
[insert phone number]
[insert email]

You can also contact Class Counsel at the addresses and/or telephone numbers below.

Rapaport Law Firm, PLLC
Marc Rapaport, Esq.
One Penn Plaza, Suite 2430

[Notice to Class Members who are Not Named Plaintiffs or Opt-Ins]

New York, New York 10119
(212) 382-1600
mrapaport@rapaportlaw.com

DATED: [               ] , 2020

[Claim Form for Class Members Who are Not Named Plaintiffs or Opt-ins]

*Re: Contrera v. Langer, et al. Settlement*

## CLAIM FORM AND RELEASE

**THIS FORM IS INTENDED FOR** _____ **[INSERT NAME]. IT IS ESTIMATED THAT YOU ARE ENTITLED TO APPROXIMATELY:** $_____

To receive a payment in the case of *Contrera, et al. v. Langer, et al.*, Docket No. 16-cv-03851-GWC (the "Litigation"), you must sign and date this Claim Form and Release on the next page and return it to [CLAIMS ADMINISTRATOR]. It must be postmarked or received by [**90 DAYS FOLLOWING INITIAL MAILING**], and must be sent to the following address:

Settlement Services, Inc.
*Re: Contrera v. Langer, et al. Settlement*
Post Office Drawer 1657
Tallahassee, Florida 32302

This form may also be emailed to _____ or faxed to _____.

We also ask that you fill in the box below with your telephone number and email address so that we may contact you more easily in the future.

| *TO BE FILLED OUT BY ADMINISTRATOR:*<br><br>NAME: _____<br><br>ADDRESS: _____<br><br>CITY, STATE,<br><br>ZIP: _____ | *EMPLOYEE—FILL IN (I) YOUR TELEPHONE NUMBER AND EMAIL ADDRESS: AND (II) NOTE ANY CHANGES OR CORRECTIONS TO YOUR NAME OR ADDRESS AS SHOWN AT LEFT:*<br><br>TEL. ( ) _____<br>    AREA CODE   TELEPHONE NUMBER<br><br>EMAIL: _____<br><br>CHANGES TO NAME OR MAILING ADDRESS (IF ANY):<br><br>_____<br><br>_____<br><br>_____ |
|---|---|

1022656.1

[Claim Form for Class Members Who are Not Named Plaintiffs or Opt-ins]

## **CHANGES OF ADDRESS**

It is **your responsibility** to keep a current address, telephone number and email address on file with the Settlement Claims Administrator and/or Class Counsel. Please make sure to notify [CLAIMS ADMINISTRATOR] and/or Class Counsel of any changes.

---

***THIS FORM MUST BE RECEIVED OR POSTMARKED NO LATER THAN* [DATE – 90 Days after mailing].**

By my signature below I fully, finally, and forever completely settle, compromise, release, and discharge released Defendants from any and all past and present **wage and hour** claims, causes of action, disputes, demands, rights, liabilities, expenses, attorneys' fees and wage-related damages of any kind whatsoever, whether at common law, pursuant to any statute, ordinance, or regulation, in equity or otherwise, and whether arising under federal, state, local or other applicable law (including, but not limited to, the FLSA, 29 U.S.C. § 201, et seq., and the New York Labor Law) arising prior to the Final Approval Date. Such wage and hour claims include, for example: (1) wage claims asserted in or reasonably related to the Litigation; (2) claims for unpaid regular, straight time or overtime wages, minimum wages, late payment of wages, vacation, commissions, bonuses.

I understand that I will be represented by Rapaport Law Firm, PLLC, Miller Law, PLLC and Winebrake & Santillo, LLC (Class Counsel) unless I designate counsel of my choice.

By signing this Claims Form and Release, I hereby consent to become a party in this action and authorize the Claims Administrator or Class Counsel or my designated counsel to file this Form with the Court.

| DATE | NAME |
|------|------|
|      | SIGNATURE |

To obtain payment, you must put your signature and the date in the box above.

1022656.1