UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
USVALDO CONTRERA, FRANCISCO LOPEZ,
PEDRO BATISTA, FABIAN HERRERA and
ANTONIO REYES, individually and on behalf
of all others similarly situated,

                                       Plaintiffs,

   - against -

IRVING LANGER, E&M BRONX ASSOCIATES
LLC, E&M ASSOCIATES, and GALIL
MANAGEMENT, et al.,

                                       Defendants.
------------------------------------------------------------------X

Case No. 16-CV-03851
(LTS) (GWG)

**ORDER CERTIFYING CLASS AND GRANTING MOTION FOR FINAL APPROVAL OF CLASS/COLLECTIVE ACTION SETTLEMENT, SERVICE AWARDS, ATTORNEYS' FEES AND EXPENSES**

This matter having come before the Court for a fairness hearing on July 22, 2021, upon due and adequate notice having been given to the Class Members, as required by the Court's Order Granting the Motion for Approval of Proposed Notice of Settlement and Class Action Settlement Procedure entered November 4, 2020 ("Preliminary Approval Order") (Dkt. No. 431), and the Court having considered all papers filed and proceedings herein, and the parties having consented to adjudication of this motion by a Magistrate Judge pursuant to 28 U.S.C § 636(c) (Docket # 450):

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED, THAT:**

    1.    This Order incorporates by reference the definitions in the parties' amended Settlement Agreement and Release ("Settlement Agreement"), which is attached as Exhibit A to the Declaration of Meredith R. Miller, dated July 8, 2021 (Dkt. No. 443) and was previously filed with the Court (Dkt. No. 428), and amended on June 9, 2021 (Dkts. No. 440, 441). The requirements for certification of a class under Fed. R. Civ. P. 23 are set forth in detail in a prior

1

decision of this Court, *Romero v. La Revise Associates*, 58 F. Supp. 3d 411 (S.D.N.Y. 2014). We apply those same principles in this case.

2.  This Court has subject matter jurisdiction over this litigation and all Class Members.

3.  For Settlement Purposes, the Court finally certifies the following Settlement Class: all individuals listed in Exhibits B, C and C-1 to the Settlement Agreement. The Court finds that the Class meets the requirements for class certification under Fed. R. Civ. P. 23(a) and (b)(3).

4.  After consideration of the evidence, the Court finds that the mailing and distribution of the Notice, together with the Claim Form and Release, constituted the best notice practicable under the circumstances, and that such Notice constituted valid, due, and sufficient notice to all persons entitled thereto, complying with the requirements of Fed. R. Civ. P. 23 and due process; and, that such Notice, including individual notice to Class Members whose mailing addresses and other contact information were identified through reasonable effort, constituted sufficient notice to all persons entitled thereto, complying with the requirements of Fed. R. Civ. P. 23 and due process.

5.  As explained in the motion papers, there were a number of risks in pursuing this litigation and the ultimate terms of settlement reflected a realistic evaluation of the risk by Class Counsel.  Given the disputed issues of fact and law and the risks to the Class Members, and the further delay that would be caused by continued litigation, including potential trial, and the subsequent appeal of any judgment after trial, the Settlement is fair, reasonable, and in the best interests of the Class Members.

6.  All individuals who submitted Claim Forms stated on the form that they were joining this action as plaintiffs.  These forms have now been filed with the Court. Accordingly, the

Court deems these individuals to have joined this action as plaintiffs pursuant to 29 U.S.C. § 216(b).

7. Pursuant to Fed. R. Civ. P. 23(e)(2) and *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), this Court hereby approves the settlement, finds it is, in all respects, fair, reasonable, adequate, and in the best interest of Class Members, and satisfies the requirements of Fed. R. Civ. P. 23(e)(2), the factors described in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), and, with respect to the FLSA claims, is fair and reasonable under *Cheeks*.

8. Attorneys Marc A. Rapaport, Meredith R. Miller, and Peter Winebrake are appointed class counsel pursuant to Fed. R. Civ. P. 23(g)(1).

9. The Settlement provides for a Gross Settlement Amount of $7,447,920.74, of which an estimated $5,104,920.74 has been made available to satisfy the claims of the Class Members. Recovery for each Class Member will be based on the formula stated in the Settlement Agreement. Named Plaintiffs and Opt-In Plaintiffs (listed in Exhibit B to the Settlement Agreement) are entitled to Settlement Payments without submitting a Claim Form. *See* Preliminary Approval Order at ¶ 25. All other Class Members (listed in Exhibits C and C-1 to the Settlement Agreement) were required to submit Claim Forms in order to receive Settlement Payments. *See id.* at ¶ 22. Together, Named Plaintiffs, Opt-in Plaintiffs and Class Members who submitted timely and valid Claim Forms are referred to as "Participating Claimants."

10. The notice and claim procedures endorsed in the Preliminary Approval Order have been diligently carried out and, as a result, 332 of 544 Class Members who are not Named Plaintiffs or Opt-in Plaintiffs have submitted Claim Forms. Participating Claimants claimed an estimated $3,763,405.35 of the estimated available net amount of $5,104,920.74. Furthermore, no Class Members have objected to or sought exclusion from the Settlement.

3

11.     The Court finds reasonable the service awards for the Named Plaintiffs in the following amounts: Usvaldo Contrera ($10,000.00); Francisco Lopez ($10,000.00); Pedro Batista ($10,000.00); Fabian Herrera ($10,000.00) and Antonio Reyes ($10,000.00). These service awards recognize the services the Named Plaintiffs rendered on behalf of the Class Members and fall within the range of service awards in other wage and hour cases. *See Romero*, 58 F. Supp. 3d at 422 (citing cases).

12.     The Court grants Class Counsel's request for attorneys' fees and in the amount of $2,298,820.10, which is 30.86% of the $7,447,920.74 Gross Settlement Amount and costs of $44,179.90. These fee and cost awards are approved pursuant to Fed. R. Civ. P. 23(h). The requested fees are reasonable under the factors described in *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000), notwithstanding the fact that the amount exceeds the lodestar, in light of the work performed and the expected additional work that will be performed by class counsel. In addition, the Court finds Class Counsel's reported litigation costs of $44,179.90 to be reasonable and necessarily incurred.

13.     Settlement Services, Inc., the Claims Administrator ("SSI" or the "Claims Administrator"), is to be paid $65,000.00 for administration fees from the Settlement Amount, to be paid from the Gross Settlement Amount.

14.     Within seven (7) Days of the entry of this Order, the Claims Administrator shall determine each Participating Claimant's Final Settlement Payment based on the actual (rather than estimated) Final Net Settlement Amount as set forth in the Settlement Agreement.

15.     Within ten (10) Days of the entry of this Order, the Claims Administrator shall certify jointly to Class Counsel and Defendants' Counsel: (1) a list of all Participating Claimants

and (2) the total Settlement Payment due to each Participating Claimant, together with the Claims Administrator's calculations of such payments.

16.  "Effective Date" means, if no appeal is filed, fifteen (15) Days after entry of this Order. If an appeal is taken, then the Effective Date shall be the day after the date of final resolution of any appeal from this Order.

17.  The Claims Administrator shall establish a "Qualified Settlement Fund" or "QSF" for payments under the Settlement Agreement. Defendants shall begin to fund the QSF within fifteen (15) days of the Effective Date, as set forth below. The QSF shall consist of all Participating Claimants' Final Settlement Payments, all Court-approved Class Counsel's Fees/Expenses, all Court-Approved Service Awards and the Claims Administrator Fees.

18.  Defendants shall fund the QSF pursuant to the Settlement Agreement as follows:

   a)  Within fifteen (15) Days of the Effective Date, Defendants shall fund an initial payment of Three Million Dollars and Zero Cents ($3,000,000.00) into the Qualified Settlement Fund.

   b)  Within forty-five (45) Days of the Effective Date, Defendants will fund a second payment in the amount of One Million, One Hundred Thousand Dollars and Zero Cents ($1,100,000.00) into the Qualified Settlement Fund.

   c)  Within one hundred sixty-five (165) Days of the Effective Date, Defendants shall fund a third payment in the amount of One Million Dollars and Zero Cents ($1,000,000.00) into the Qualified Settlement Fund. If less than One Million Dollars and Zero Cents ($1,000,000.00) is required to fund the QSF to satisfy such payments, the amount deposited to fund the QSF will only be the amount required to satisfy any payments required pursuant to the provisions of this Agreement

   d)  Within two hundred twenty-five (225) Days of the Effective Date, if previous deposits in the QSF are insufficient to cover all Settlement Payments to Participating Claimants, Class Counsel's Fees/Expenses, Service Awards and Claims Administrators, Defendants shall fund a fourth payment in the amount of One Million Dollars and Zero Cents ($1,000,000.00) into the Qualified Settlement Fund. If less than One Million Dollars and Zero Cents ($1,000,000.00) is required to fund the QSF to satisfy such payments, the amount deposited will only be the amount

        required to satisfy any payments required pursuant to the provisions of this Agreement.

    e)    Within two hundred seventy-five (275) Days of the Effective Date, if previous deposits in the QSF are insufficient to cover all Settlement Payments to Participating Claimants, Class Counsel's Fees/Expenses, Service Awards and Claims Administrators, Defendants shall fund a fifth and final payment in the amount of One Million, Three Hundred Forty-Seven Thousand, Nine Hundred Twenty Dollars and Seventy-Four Cents ($1,347,920.74) into the Qualified Settlement Fund.

19. Within ten (10) Days after the initial funding of the QSF, the Claims Administrator shall begin mailing each Participating Claimant his/her Settlement Payment, including any Service Awards. The Claims Administrator shall mail the Settlement Payment to the primary address that the Claims Administrator has on file for each Participating Claimant. Named Plaintiffs shall be paid first, then Opt-In Plaintiffs, then the remaining Participating Claimants in the order that the Claims Administrator received each of their respective Claim Forms.

20. Following distribution of Final Settlement Payments to all Participating Claimants, the Claims Administrator shall distribute Class Counsel's Fees/Expenses immediately following the date that the QSF becomes adequately funded. If the QSF is funded but not sufficient to make payment in full of Class Counsel's Fees/Expenses, the Claims Administrator shall make payments to Class Counsel to the extent that funding is available until Class Counsel is paid in full.

21. The Named Plaintiffs, Opt-in Plaintiffs, Participating Claimants and all Class Members shall be bound by all of the terms, obligations, and conditions of the Settlement, including but not limited to the release of claims set forth therein, and all determinations and judgments in this action concerning the Settlement.

22. Accordingly, IT IS FURTHER HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

    (a)    The Settlement is hereby approved as fair and reasonable. The allocation and distribution as set forth in the Settlement are final.

(b) The Parties are hereby directed to comply with the terms of the Settlement and this Order and Final Judgment.

(d) All Class Members will release Defendants from New York Labor Law wage and hour claims that were asserted or could have been asserted in this lawsuit.

(e) The Participating Claimants will release Defendants from all Fair Labor Standards Act claims that were asserted or could have been asserted in this lawsuit, regardless of whether or not such person negotiates his/her settlement check.

(f) All claims against Defendants in this action as provided in the Court-approved Claim Form and Release are dismissed with prejudice and the Clerk is directed to close this case, but the Court shall retain exclusive and continuing jurisdiction over the construction, interpretation, implementation, and enforcement over the Parties' Settlement and over the administration and distribution of the Settlement Fund.

(g) SSI is hereby ordered to pay Usvaldo Contrera ($10,000.00); Francisco Lopez ($10,000.00); Pedro Batista ($10,000.00); Fabian Herrera ($10,000.00) and Antonio Reyes ($10,000.00) each from the Settlement Fund.

(h) SSI is hereby ordered to distribute the settlement checks from the Settlement Fund to Participating Claimants pursuant to the Settlement Agreement.

(i) Class Counsel's application for attorneys' fees in the amount of $2,298,820.10 is granted. Having reviewed Class Counsel's request for reimbursement of out-of-pocket expenses and accounting of all expenses, and with no objection by Defendants, Class Counsel's request for expenses to be deducted from the unclaimed funds in the amount of $44,179.90 is also granted.

(j) SSI shall be paid $65,000.00 in Class Administrator fees from the Settlement Amount, to be deducted from the unclaimed funds.

(k) As per Paragraph II.P of the Settlement Agreement, employer-side payroll taxes are to be paid from the Settlement Fund.

This Order constitutes a Final Judgment pursuant to Fed. R. Civ. P. 54 and Fed. R. Civ. P. 58 consistent with the terms of the Settlement Agreement. The Clerk is directed to close this case. Any pending motions are moot.

**SO ORDERED**, this 28th day of July, 2021, New York, New York.

_____
The Honorable Gabriel W. Gorenstein, U.S.M.J.